**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA,** | | CA 05 348 L |
| **Plaintiffs,** | : | |
| | : | |
| **V.** | : | **C.A. NO:** |
| | : | |
| **TEAMSTERS LOCAL UNION NO. 430,** | : | |
| **TEAMSTERS LOCAL UNION NO. 776,** | : | |
| **DANIEL A. VIRTUE** ***in his capacity as*** | : | |
| ***President of Teamsters Local Union No. 776*** | : | |
| **AND JOHN L. FOGLE** ***in his capacity as*** | : | |
| ***Secretary of Teamsters Local Union No. 776,*** | : | |
| **Defendants.** | : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**PARTIES AND JURISDICTION**

1. Plaintiff, North Atlantic Distribution, Inc. ("NORAD"), is a Rhode Island corporation with its principal place of business in Rhode Island. It is engaged in the business of preparing imported foreign automobiles prior to delivery to American automotive dealerships.

2. Plaintiff, Michael Miranda ("Miranda"), is a resident and citizen of the Commonwealth of Massachusetts and is the sole shareholder of NORAD.

3. Defendant, Teamsters Local Union No. 430 ("Local 430"), was a labor organization and unincorporated association which was located at 1780 6th Avenue, York, Pennsylvania. Local 430 was merged into or otherwise became part of Teamsters Local Union No. 776 ("Local 776") on or about July 1, 2004.

4. Defendant, Local 776, is a labor organization and unincorporated association with offices located at 2552 Jefferson Street, Harrisburg, Pennsylvania and 1780 6th Avenue, York, Pennsylvania.

5. Defendant, Daniel A. Virtue ("Virtue"), is the Principal Officer, President and Business Agent of Local 776 and is a resident and citizen of the Commonwealth of Pennsylvania.

6. Defendant, John L. Fogle, II ("Fogle"), is the Secretary, Treasurer and Business Agent of Local 776 and is a resident and citizen of the Commonwealth of Pennsylvania.

7. Plaintiffs bring this action pursuant to 29 U.S.C. §2201, the Federal Declaratory Judgment Act.

8. Jurisdiction in this matter exists pursuant to 28 U.S.C. §1332. In addition, jurisdiction is proper inasmuch as Local 430 obtained a judgment in the United States District Court for the Middle District of Pennsylvania (CV 02-1461) relying upon §301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185 *et. seq.*, and 28 U.S.C. §§1331 and 1337.

9. The judgment entered in CV 02-1461 has been registered in the United States District Court for the District of Rhode Island and Local 430 is currently claiming that NORAD and/or Miranda are liable to satisfy such judgment even though such judgment was entered against North Atlantic Transport Company of Rhode Island ("NATCO"), a Rhode Island Corporation. NATCO is a Rhode Island Corporation which delivered automobiles to

dealerships following delivery by domestic manufacturers and importation into the United States. Miranda is the sole shareholder of NATCO.

**FACTS**

10. Plaintiffs hereby re-state and re-allege Paragraphs 1 through 9 as if fully set forth herein.

11. At all times relevant hereto, NATCO and Local 430 were parties to a Collective Bargaining Agreement ("CBA") covering truck drivers who operated out of NATCO's York, Pennsylvania terminal.

12. On or about October 26, 2001, NATCO largely ceased operations at its York, Pennsylvania terminal due to lack of business.

13. Thereafter, Local 430 and several of its members filed grievances against NATCO. See attached Exhibit "A".

14. The grievances were submitted to an arbitration panel. The arbitration took place on or about May 22, 2002 at which time NATCO was defaulted for its failure to appear and Local 430 and its members' grievances were upheld without any reference to any specific dollar amount of damages. See attached Exhibit "B".

15. On August 21, 2002, Local 430 filed an action against NATCO in the United States District Court for the Middle District of Pennsylvania (CV 02-1461) to enforce the arbitration award. The action sought, among other things, an order directing NATCO to pay the grievants' unused/earned vacation pay, sick time, personal days, down time, etc. See attached Exhibit "C".

16. On February 24, 2003 Local 430 filed a request for default judgment in CV 02-1461. The request for default judgment sought $27,513.28 related to two grievances (Nos. 56468 and 58622), $441,446.40 for so-called "liquidated damages" related to the two grievances, $46,606.96 related to pension and health benefits, attorneys' fees, costs, plus "liquidated damages" in the amount of $1,529.28 per day for each day subsequent to February 14, 2003 until "the claim is paid pursuant to Article 15 of the National Automobile Transporters Agreement." See attached Exhibit "D".

17. On February 28, 2003 a judgment was entered in CV 02-1461 in favor of Local 430 and against NATCO in the amount of $516,815.59 as of February 14, 2003 plus the amount of $1,529.28 per day for "liquidated damages" until Local 430's "claim is paid pursuant to Article 15 of the National Automobile Transporters Agreement." See attached Exhibit "E".

18. The portion of the judgment which related to the pension and health benefits ($46,606.96) was subsequently satisfied in full.

19. On or about January 7, 2005, the judgment entered in CV 02-1461 was registered in the United States District Court for the District of Rhode Island (Misc. 05-006L) and counsel for Local 430 has since served subpoenas which seek to obtain financial information regarding NORAD and other entities affiliated with Miranda.

20. On June 9, 2005, Local 430 advised NORAD that it will seek to hold NORAD responsible for the satisfaction of the judgment entered in CV 02-1461 and that it may also seek to hold Miranda responsible to satisfy the

judgment. In addition, Local 430 indicated that the grievances which originally amounted to $27,513.28 had grown to $1,810,586.30 exclusive of interest as a result of the $1,529.28 per day "liquidated damages" assessment which Local 430 claims continues to accrue.

21. Local 430 has advised NORAD that it is going to bring an action against NORAD which alleges that NORAD is responsible to satisfy the judgment in favor of NATCO pursuant to the Single Employer Doctrine so called. In addition, Local 430 has indicated that "Mr. Miranda, himself, may well be named in this action."

22. Because of such threats, on Monday, August 15, 2005, NORAD mailed a check to Local 430 in the amount of $30,000.00 (representing the $27,513.28 and costs, attorneys' fees and post-judgment interest) while at the same time denying any liability regarding this matter. NORAD made such payment in an attempt to stop the $1,529.28 daily "liquidated damages" from accruing any further. Said $30,000.00 represents less than three weeks of such further alleged accruals.

**COUNT I**

23. Plaintiffs hereby re-state and re-allege Paragraphs 1 through 22 as if fully set forth herein.

24. An actual controversy exists between NORAD and Miranda on the one hand and Local 430 and Local 776 on the other which controversy is within this Honorable Court's jurisdiction.

WHEREFORE, Plaintiffs request that this Honorable Court declare the rights and other legal relations of NORAD, Miranda, Local 430 and Local 776 including but not limited to whether NORAD and Miranda are responsible to satisfy, in whole or in part, the judgment entered in CV 02-1461, now registered in this Court.

**COUNT II**

25. Plaintiffs hereby re-state and re-allege Paragraphs 1 through 22 as if fully set forth herein.

26. The judgment entered against NATCO in CV 02-1461, now registered in this Court, is void and unenforceable at least as to NORAD and Miranda because the so-called "liquidated damages" is in fact and in law an unenforceable penalty. The original claim of $27,513.28 has purportedly metamorphosed to nearly 70 times the original amount. Local 430 is currently claiming that the judgment has increased to approximately $1,900,000.00 exclusive of interest.

27. Even if NORAD and/or Miranda were to be held liable for any underlying contractual obligation of NATCO (by reason of the Single Employer Doctrine, or otherwise) that liability would not include unenforceable penal sums and in any event such underlying liability has now been paid in full.

Wherefore, Plaintiffs request that this Honorable Court declare that NORAD and Miranda have no liability to defendants or either of them.

**COUNT III**

28. Plaintiffs hereby re-state and re-allege Paragraphs 1 through 22 as if fully set forth herein.

29. The judgment entered against NATCO in CV 02-1461, now registered in this court, is void and unenforceable at least as to NORAD and Miranda because the judgment is indefinite and ambiguous.

WHEREFORE, Plaintiffs request that this Honorable Court declare that NORAD and Miranda have no liability to defendants or either of them.

Plaintiffs,
North Atlantic Distribution, Inc.
And Michael Miranda,
By their Attorneys,

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350
(401) 455-0882 (fax)