Case 1:02-cv-0… YK Document 1 Filed 08/21/0… Page 1 of 21

Summons issued w/ NC atty

Rec. 137061 York Co

NC to atty

ORIGINAL

J. Kane

1:CV 02-1461

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 430, Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. |
| NORTH ATLANTIC TRANSPORT, Defendant. | : | |

FILED
HARRISBURG, PA
AUG 21 2002
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

**COMPLAINT**

AND NOW, the Plaintiff, Teamsters Local Union No. 430 (hereinafter Local 430), by and through its attorneys, IRA H. WEINSTOCK, P.C., submits this action to enforce an Award of the Eastern Area Automobile Transporters Joint Committee under Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 *et seq.*, and under 28 U.S.C. §§ 1331 and 1337 and, in support thereof, avers the following:

1. Plaintiff, Local 430, is a labor organization and unincorporated association with an office located at 1780 6th Avenue, York, Pennsylvania, 17403-2673.

2. Plaintiff, Local 430, is now, and has at all times relevant to this proceeding, been a "labor organization" within the meaning of § 2(5) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(5) and 301 of the Labor-Management Relations Act.

3. Plaintiff, by and through its officers, agents, and employees, have represented for purposes of collective bargaining, certain employees at North Atlantic Transport which employees are engaged in an "industry affecting commerce" within the meaning of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, *et seq.*

4. Defendant, North Atlantic Transport, is a corporation with its headquarters located at 100 Tidal Drive, North Kingstown, Rhode Island, 02852.

5. A dispute arose under the terms of the collective bargaining agreement grievances were filed, which grievances are attached hereto as Exhibit "A."

6. The grievances were filed between July 12, 2001 and November 9, 2001.

Case 1:02-cv-... -YK Document 1-4 Filed 08/21/... Page 3 of 21

7. Local 430 and North Atlantic Transport were unable to reach a settlement of the grievances in question, and the matter was duly submitted to the Eastern Area Automobile Transporters Joint Committee pursuant to the collective bargaining agreement.

8. The matter was heard before the Eastern Area Automobile Transporters Joint Committee on May 22, 2002 in Myrtle Beach, South Carolina.

9. The Eastern Area Automobile Transporters Joint Committee heard the grievances and rendered decisions. A true and accurate copy of the decisions are attached hereto as Exhibit "B."

10. At all times thereafter, the Company has failed to abide by the terms of the Eastern Area Automobile Transporters Joint Committee's decisions.

11. Pursuant to the collective bargaining agreement, the Eastern Area Automobile Transporters Joint Committee's decisions are final and binding on all parties.

12. North Atlantic Transport's refusal to abide by the decisions is without justification, in violation of the terms of the collective bargaining agreement, and is done in bad faith.

13. As a result of North Atlantic Transport's violation of the terms of the collective bargaining agreement and refusal to abide by the decisions, the grievants

Case 1:02-cv-... Document 1-4 Filed 08/21/... Page 4 of 21

have not received unused/earned vacation pay, sick time, personal days, down time, etc.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a) Enter a decree ordering and directing Defendant to specifically perform and comply with the decisions of the Eastern Area Automobile Transporters Joint Committee.

(b) Enter an Order directing Defendant to pay grievants' unused/earned vacation pay, sick time, personal days, down time, etc.

(c) Enter an Order directing Defendant to pay Plaintiff's counsel fees incurred in forcing Defendant to comply with the decisions of the Eastern Area Automobile Transporters Joint Committee and to comply with the terms of the collective bargaining agreement;

(d) Enter an Order directing Defendant to pay the costs, disbursements, and expenses of this action; and

(e) Award to Plaintiff such additional relief as this Honorable Court deems appropriate.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone: 717-238-1657

By: Ira H. Weinstock
IRA H. WEINSTOCK
Attorney I.D. No. 01602