UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC.
AND MICHAEL MIRANDA,
Plaintiffs,

v. C.A. No. 05-348L

TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776*
AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*
Defendants.

**ANSWER AND COUNTERCLAIMS**

Defendants, Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776, and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776, (hereinafter collectively "Defendants" or "Teamsters"), by their attorneys, Little Medeiros Kinder Bulman & Whitney, PC, as and for their answer to the Complaint for Declaratory Judgment of North Atlantic Distribution, Inc. ("NORAD")and Michael Miranda ("MIRANDA")(hereinafter collectively "Plaintiffs"), state as follows:

1. Admit that NORAD is a Rhode Island corporation with its principal place of business in Rhode Island, but otherwise deny knowledge or information sufficient to

form a belief as to the allegations contained in Paragraph 1 of the complaint.

2. Admit that Plaintiff, Michael Miranda ("Miranda"), is the sole shareholder of NORAD, but otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the complaint.

3. Admit the allegations contained in Paragraph 3 of the complaint.

4. Admit the allegations contained in Paragraph 4 of the complaint.

5. Admit the allegations contained in Paragraph 5 of the complaint.

6. Admit the allegations contained in Paragraph 6 of the complaint.

7. Admit the allegations contained in Paragraph 7 of the complaint.

8. Admit that Teamsters Local No. 430 obtained a judgment in the United States District Court for the Middle District of Pennsylvania (CV 02-1461) relying upon §301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185 et. seq., and admit that this court has jurisdiction to enforce the

judgment of its sister court, but otherwise deny the allegations contained in Paragraph 8 of the complaint.

9. Admit that the judgment entered in CV 02-1461 has been registered in the United States District Court for the District of Rhode Island and that North Atlantic Transport Company of Rhode Island ("NATCO") is a Rhode Island corporation of which Michael Miranda is the sole shareholder. Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of the complaint, except insofar as Defendants have reviewed financial records of NATCO and determined that NORAD, Miranda and/or other related entities are liable to satisfy the judgment entered against NATCO.

10. Repeat and reallege each and every answer contained in Paragraphs 1 -9 above as if fully set forth herein.

11. Admit the allegations contained in Paragraph 11 of the complaint.

12. Admit that NATCO ceased paying its Teamster employees at its York, Pennsylvania terminal in October of 2001, but otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the complaint.

13. Admit the allegations contained in Paragraph 13 of the complaint.

14. Admit the allegations contained in Paragraph 14 of the complaint.

15. Admit the allegations contained in Paragraph 15 of the complaint.

16. Admit the allegations contained in Paragraph 16 of the complaint.

17. Admit the allegations contained in Paragraph 17 of the complaint.

18. Deny the allegations contained in Paragraph 18 of the complaint.

19. Admit the allegations contained in Paragraph 19 of the complaint.

20. Admit that Miranda and NORAD are liable for the judgment against NATCO and admit that Defendants so advised NATCO's counsel in a June 9, 2005 letter. The letter was written in response to NATCO's counsel's request for a settlement demand. Rule 408 of the Federal Rules of Evidence applies to the contents of the letter. To the extent paragraph 20 of the complaint makes further allegations, Defendants deny knowledge or information sufficient to form a belief

as to the remaining allegations contained in Paragraph 20 of the complaint.

21. The letter quoted in Paragraph 21 of the complaint was written in response to NATCO's counsel's request for a settlement demand. Rule 408 of the Federal Rules of Evidence applies to the contents of the letter. Defendants admit the allegations contained in Paragraph 21 of the complaint.

22. Admit that on or about August 15, 2005, NORAD mailed a check to Defendants in the amount of $30,000, but otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the complaint.

**AS AND FOR AN ANSWER TO COUNT I OF THE COMPLAINT**

23. Repeat and reallege each and every answer contained in Paragraphs 1 - 22 of the complaint.

24. Admit that an actual controversy exists between the parties as to the rights and legal relations of NORAD, Miranda, and the Teamsters with respect to whether NORAD, Miranda or others are responsible for satisfaction of the judgment entered in CV02-1461, which controversy is within this court's jurisdiction, but otherwise deny knowledge or information sufficient

to form a belief as to the allegations contained in Paragraph 24 of the complaint.

**AS AND FOR AN ANSWER TO COUNT II OF THE COMPLAINT**

25. Repeat and reallege each and every answer contained in Paragraphs 1 - 24 above as if fully set forth herein.

26. Deny the allegations contained in Paragraph 26 of the complaint.

27. Deny the allegations contained in Paragraph 27 of the complaint.

**AS AND FOR AN ANSWER TO COUNT III OF THE COMPLAINT**

28. Repeat and reallege each and every answer contained in Paragraphs 1 - 27 above as if fully set forth herein.

29. Deny the allegations contained in Paragraph 29 of the complaint.

**AFFIRMATIVE DEFENSES**

1. Counts II and III of Plaintiffs' action must be dismissed because this Court lacks jurisdiction.

2. Counts II and III of Plaintiffs' action seek to amend a judgment of the United States District Court for the Middle District of Pennsylvania and as such those Counts are properly governed by Rule 59 of the Federal Rules of Civil Procedure. Rule 59(e) provides that motions to amend a judgment must be filed no later than ten days after entry of the judgment. The

judgment Plaintiffs' seek to amend was entered more than two years ago and Counts II and III of Plaintiffs' action must, therefore, be dismissed.

3. Counts II and III of Plaintiffs' action must be dismissed as they have been brought in an improper venue. Insofar as Counts II and III of Plaintiffs' action can be read as a motion for relief from a judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, such a motion must be brought in the rendering court, the United States District Court for the Middle District of Pennsylvania.

4. Counts II and III of Plaintiffs' action must be dismissed as they fail to state a claim for which relief can be granted.

5. Counts II and III of Plaintiffs' action must be dismissed as they fail to join a party necessary for adjudication.

Wherefore, Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue *in his capacity as President of Teamsters Local Union No. 776* and John L. Fogle *in his capacity as Secretary of Teamsters Local Union No. 776* demand judgment in their favor and dismissal of Counts II and III of the Complaint for

Declaratory Judgment, plus costs, attorneys' fees and such other and further relief as may be appropriate.

**COUNTERCLAIMS**

1. Miranda is the president and sole shareholder of a number of S Corporations including NATCO, NORAD, Vehicle Services Group Inc., Mid-Atlantic Processing Inc., and, upon information and belief, is the sole member of North Atlantic Dealer Services, LLC. All of these entities are engaged in the enterprise of preparing, distributing, and transporting automobiles for sale at individual dealerships. At all relevant times Miranda managed the operations of all of these entities.

2. NORAD is a Rhode Island corporation with its principal place of business in Rhode Island. Miranda is the sole shareholder of NORAD.

3. NATCO is a Rhode Island Corporation. Miranda is the sole shareholder of NATCO.

4. NATCO, NORAD, and Miranda are all employers under the Labor-Management Relations Act.

5. Some of NATCO's employees were members of and were represented by Teamsters Local No. 430. NATCO and Teamsters Local No. 430 were parties to a Collective Bargaining Agreement ("CBA") which governed the terms

and conditions of employment of NATCO's Teamster employees.

6. In or about August of 2001, NATCO failed to pay certain of its Teamster employees wages and benefits due under the CBA.

7. The unpaid wage and benefits claims were submited to arbitration pursuant to the CBA and a default award was issued in favor of the employees.

8. The arbitration award was subsequently confirmed by a judgment entered in the United States District Court for the Middle District of Pennsylvania.

9. On or about January 7, 2005 the judgment entered in the Middle District of Pennsylvania was registered in the United States District Court for the District of Rhode Island (Misc. 05-006L). The judgment against NATCO remains unsatisfied.

10. Section 301 of the Labor-Mangagement Relations Act, 29 U.S.C. §185, invests the Federal Courts with jurisdiction to enforce labor arbitration awards.

**COUNT I**

**LMRA SINGLE EMPLOYER CLAIM AGAINST NORAD AND MIRANDA**

11. This claim is brought against NORAD and Miranda pursuant to the Labor-Management Relations Act to

enforce the judgment of the Middle District of Pennsylvania and the underlying arbitration award.

12. The single employer doctrine as it has developed in the federal labor law context provides that nominally separate entities may constitute a single employer for purposes of collective bargaining agreements.

13. NATCO, NORAD, and Miranda constitute a single employer for purposes of the CBA here at issue.

14. The operations of NATCO, NORAD and Miranda were completely integrated. Business expenses, physical plant, customer relationships, equipment leases, and liability for corporate financing were all shared among the various entities.

15. Miranda is the sole shareholder and President of both NATCO and NORAD.

16. Miranda exercised centralized control over all operations of NATCO and NORAD, including but not limited to control of labor relations.

Wherefore, Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue *in his capacity as President of Teamsters Local Union No. 776* and John L. Fogle *in his capacity as Secretary of Teamsters Local Union No. 776* request that this Court declare that NATCO, NORAD, and Miranda constitute a single employer and

that, therefore, Miranda and NORAD are both liable for the judgment entered against NATCO in the United States District Court for the Middle District of Pennsylvania and subsequently registered in this Court.

**COUNT II**

**LMRA ALTER EGO CLAIM AGAINST NORAD AND MIRANDA**

17. The alter ego doctrine as it has developed in the federal labor law context involves a more lenient standard for disregarding the corporate form than that employed in corporate law. As the doctrine has developed under the federal labor law, Miranda, NATCO, and NORAD are all alter egos of one another for purposes of the CBA and arbitration award here at issue. As alter egos, Miranda and Norad are liable for the judgment against NATCO.

18. NATCO was wrongfully rendered insolvent without regard to outstanding obligations to its employees under the CBA. Management and other expenses properly charged to other entities were allocated to NATCO, thereby rendering it insolvent.

19. NATCO and NORAD have identical management. According to corporate tax returns, loan documents, and other records, Miranda was at all relevant times President and sole shareholder of both NATCO and NORAD.

20. NATCO and NORAD have substantially identical business purposes. Both entities prepare, distribute, or transport automobiles.

21. NATCO and NORAD have substantially identical operations. Both entities have the same address and were managed by the same staff from the same offices. Expenses such as payroll, trucking supplies, truck maintenance, diesel fuel, health insurance, dental insurance, shop supplies, classified ads, legal fees, consulting and professional services, telephone bills, freight costs, and office expenses were at all relevant times paid jointly by all employer entities without regard to which nominally separate entity actually incurred the expense.

22. NATCO and NORAD share substantially identical equipment. In addition to using the same office space and office equipment, NATCO and NORAD have shared expenses for other equipment. Lease agreements for equipment establish that NATCO and NORAD, among other Miranda-owned entities, jointly entered into lease obligations and shared liability for leased heavy equipment, regardless of which nominally different entity actually used the equipment.

23. NATCO and NORAD shared substantially identical customers. The vast majority of NATCO and NORAD's income came from the shared customers Volkswagen and Subaru. Additionally, substantial NATCO revenue came directly from NORAD and other Miranda-owned entities.

24. NATCO and NORAD share identical supervision and ownership as Miranda is President and sole shareholder of both NATCO and NORAD.

Wherefore, Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue *in his capacity as President of Teamsters Local Union No. 776* and John L. Fogle *in his capacity as Secretary of Teamsters Local Union No. 776* request that this Court declare that NATCO, NORAD, and Miranda are alter egos of one another and that therefore Miranda and NORAD are both liable for the judgment entered against NATCO in the United States District Court for the Middle District of Pennsylvania and subsequently registered in this Court.

**COUNT III**

**CORPORATE ALTER EGO CLAIM AGAINST MIRANDA**

25. In addition to his status as an employer and an alter ego as those doctrines have developed under the federal labor law, Miranda is also an alter ego of

NATCO as that doctrine has developed under corporate law.

26. Miranda controlled the operation of NATCO. Miranda was at all relevant times both the President and sole shareholder of NATCO.

27. NATCO was at all relevant times insufficiently capatalized for the business purposes it undertook, not least paying the wages of its employees. NATCO operated on capital provided by Miranda or other Miranda-owned entities, or capital provided by loans secured by other entities, including NORAD. NATCO did not pay coporate dividends or observe other corporate formalities.

28. NATCO's funds were siphoned off by Miranda and other Miranda-owned entities through excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO.

Wherefore, Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue *in his capacity as President of Teamsters Local Union No. 776* and John L. Fogle *in his capacity as Secretary of Teamsters Local Union No. 776* request that this Court declare that Miranda is an alter ego of NATCO and that therefore Miranda is liable for the judgment entered against NATCO in the

United States District Court for the Middle District of Pennsylvania and subsequently registered in this Court.

**COUNTERCLAIM JURY DEMAND**

Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue *in his capacity as President of Teamsters Local Union No. 776* and John L. Fogle *in his capacity as Secretary of Teamsters Local Union No. 776* demand a trial by jury on all issues so triable.

Defendants,

TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE *in his capacity as*
*President of Teamsters Local Union No. 776*
AND JOHN L. FOGLE *in his capacity as*
*Secretary of Teamsters Local Union No. 776,*

By their attorneys

Christopher H. Little (#1789)
Little Medeiros Kinder
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 521-3555 (Facsimile)

## Certification

I certify that a true copy of this Answer and Counterclaim was hand delivered on the 30th day of September, 2005 to:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place
Suite. 205
Providence, RI 02903

Wendy R Novak

F:\MMR\Teamsters-NAT\North Atlantic v Teamsters\Answer 091305.doc