UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,* Defendants. | : | |

**PLAINTIFFS' FIRST AMENDED REPLY TO DEFENDANTS' COUNTERCLAIMS**

North Atlantic Distribution, Inc. and Michael Miranda file the within First Amended Reply to Defendants' Counterclaims pursuant to Rule 15 of the Federal Rules of Civil Procedure as follows:

1. Plaintiffs admit the allegations of the first sentence and deny the allegations of the second sentence and deny that Miranda was the sole management of the entities.

2. Admitted.

3. Admitted.

4. Denied.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted, except that it is denied that the judgment against NATCO remains unsatisfied in its entirety.

10. Admitted.

**COUNT I**

11. Denied that the claim is properly brought pursuant to the Labor-Management Relations Act.

12. Plaintiffs neither admit nor deny the allegations of paragraph 12 the same being a generalized statement as to what defendants characterize the law to be. In any event, the defendants deny that such characterization has any application to this case.

13. Denied.

14. Denied.

15. Admitted.

16. Plaintiffs deny that Miranda's control was "centralized" as alleged.

WHEREFORE, Plaintiffs/counterclaim defendants North Atlantic Distribution, Inc. and Michael Miranda demand judgment in their favor and against the defendants/counterclaim plaintiffs for costs, attorney's fees and such other and further relief as may be appropriate.

**COUNT II**

17. Plaintiffs neither admit nor deny the allegations of paragraph 17 the same being a generalized statement as to what defendants characterize the

law to be. In any event, the defendants deny that such characterization has any application to this case.

18. Denied.

19. Admitted that Miranda was at all relevant times President and sole shareholder of both NATCO and NORAD. Otherwise, denied.

20. Denied.

21. Plaintiffs admit that both entities had the same corporate address. Otherwise, the allegations are denied.

22. Plaintiffs admit that NATCO and NORAD from time to time guaranteed some obligations of the other. Otherwise, the allegations are denied.

23. Denied.

24. Denied that the sole supervision of NATCO and NORAD was by Miranda.

WHEREFORE, Plaintiffs/counterclaim defendants North Atlantic Distribution, Inc. and Michael Miranda demand judgment in their favor and against the defendants/counterclaim plaintiffs for costs, attorney's fees and such other and further relief as may be appropriate.

**COUNT III**

25. Denied.

26. Admitted that Miranda was at all relevant times the President and sole shareholder of NATCO. Otherwise, denied.

27. Denied.

28. Denied.

WHEREFORE, Plaintiffs/counterclaim defendants North Atlantic Distribution, Inc. and Michael Miranda demand judgment in their favor and against the defendants/counterclaim plaintiffs for costs, attorney's fees and such other and further relief as may be appropriate.

**Affirmative Defenses**

1. Plaintiffs plead the affirmative defense of accord and satisfaction regarding all monies related to the pension and health and welfare benefits allegedly due as referenced in paragraph Nos. 16 and 18 of Plaintiffs' Complaint for Declaratory Judgment.

2. Plaintiffs plead the affirmative defense of payment regarding all monies related to the pension and health and welfare benefits allegedly due as referenced in paragraph Nos. 16 and 18 of Plaintiffs' Complaint for Declaratory Judgment.

3. Plaintiffs plead the affirmative defense of release regarding all monies related to the pension and health and welfare benefits allegedly due as referenced in paragraph Nos. 16 and 18 of Plaintiffs' Complaint for Declaratory Judgment.

4. Plaintiffs plead the affirmative defense of accord and satisfaction regarding all monies related to wages, vacation, sick and personal days allegedly due as referenced in paragraph Nos. 16 and 22 of Plaintiffs' Complaint for Declaratory Judgment.

5. Plaintiffs plead the affirmative defense of payment regarding all monies related to wages, vacation, sick and personal days allegedly due as referenced in paragraph Nos. 16 and 22 of Plaintiffs' Complaint for Declaratory Judgment.

6. Plaintiffs plead the affirmative defense of release regarding all monies related to wages, vacation, sick and personal days allegedly due as referenced in paragraph Nos. 16 and 22 of Plaintiffs' Complaint for Declaratory Judgment.

7. Plaintiffs plead the affirmative defense of illegality. Even if the contract between North Atlantic Transport Company of Rhode Island and Teamsters Local Union No. 430 is enforceable against North Atlantic Distribution, Inc. and/or Michael Miranda under any theory of law, all portions thereof have been satisfied with the exception of the so-called "liquidated damages," which are in fact illegal punitive damages.

Plaintiffs,

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 2nd day of November, 2005, to the following:

Christopher H. Little, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Plaintiffs first amended reply to defendants counterclaims.doc