UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC.
AND MICHAEL MIRANDA,
Plaintiffs,

v. C.A. No. 05-348L

TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776*
AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*
Defendants.

**OBJECTION TO MOTION TO STRIKE JURY DEMAND**

Defendants object to Plaintiffs' Motion to Strike Defendants' Jury Demand for the reasons stated in their memorandum of law submitted herewith.

Respectfully submitted,

Defendants,
TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE AND
JOHN L. FOGLE,

By their attorneys

Christopher H. Little (#1789)
Matthew M. Riordan (#7205)
Little Medeiros Kinder
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 521-3555 (Facsimile)

Dated: November 15, 2005

9

Certification

I certify that a true copy of the within Objection to Motion to Strike Jury Demand was sent postage-prepaid on the 15th day of November, 2005 to:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place
Suite. 205
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC.
AND MICHAEL MIRANDA,
Plaintiffs,

v. C.A. No. 05-348L

TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE *in his capacity as*
*President of Teamsters Local Union No. 776*
AND JOHN L. FOGLE *in his capacity as*
*Secretary of Teamsters Local Union No. 776,*
Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' JURY DEMAND**

Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776 and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776,(hereinafter the "Teamsters") submit this memorandum of law in opposition to the motion of North Atlantic Distribution and Michael Miranda to strike the Teamsters' jury demand.

## I. PRELIMINARY STATEMENT

This case stems from a judgment for unpaid wages granted by the United States District Court for the Middle District of Pennsylvania against North Atlantic Transportation Company of Rhode Island. That judgment has

since been registered in this Court. The Plaintiffs, North Atlantic Distribution Inc. and Michael Miranda (hereinafter the "Miranda Entities"), are, respectively, a corporate stablemate of the Judgment Debtor and the sole shareholder of both entities. The Miranda Entities brought this declaratory judgment action seeking to avoid any liability for the judgment granted by the Middle District of Pennsylvania.

In their answer and counterclaims, the Teamsters brought certain claims seeking to enforce the Middle District of Pennsylvania judgment against the Miranda Entities by invoking the alter ego doctrine[1]. The counterclaims included a jury demand for all issues so triable. The Miranda Entities filed the instant motion seeking to strike that jury demand.

The issue before the Court is whether a judgment creditor seeking to recover a money judgment by way of the alter ego doctrine is entitled to a trial by jury. Rather than squarely addressing that question, the Miranda Entities stitch together two generalities and conclude that the Teamsters are not entitled to a jury trial on their

---

[1] The Plaintiffs assert without citation in their memorandum of law that the alter ego doctrine is also known as "piercing the corporate veil". Plaintiffs' Memorandum of Law p. 4. Insofar as both terms describe vehicles for disregarding a corporation's separate and independent existence, the Teamsters submit that any distinction between the two doctrines is not relevant to the issue now before the Court.

action for unpaid wages. Specifically, the Miranda Entities argue that: 1) alter ego claims are often characterized by courts as equitable in nature; and 2) parties requesting equitable relief have no right of trial by jury. Based on these two generalities, the Miranda Entities conclude that the Teamsters have no right to a trial by jury on their alter ego claims for unpaid wages.

This argument is radically at odds with the pertinent precedent that establishes that the Teamsters are entitled to a jury on their alter ego claims for unpaid wages.

## II. ARGUMENT

As a preliminary matter, the Miranda Entities assert that, despite the various names for the doctrines in question, (i.e. the "single employer doctine" the "labor law alter ego doctrine" and the "corporate alter ego doctrine"), the relief sought by the Teamsters in their three counterclaims amounts to an application of various species of the alter ego doctrine. Plaintiffs' Memorandum of Law, p.3.

Insofar as the alter ego doctrine is defined as "disregarding the corporate entity in furtherance of the ends of justice and treating the corporation and the individual or individuals owning all the stock and assets

of the corporation as identical" (Ballantines Law Dictionary 65 (3d ed. 1969)),the characterization by the Miranda Entities is appropriate for consideration of the motion before the Court.

Rather than cite specific authority for the specific argument they make to the Court, the Miranda Entities rely on generalization. First they assert that some courts have characterized the alter ego or veil-piercing doctrine as a tool of equity. Specifically, the Miranda Entities argue that "[t]he cases which speak of the alter ego doctrine as an equitable remedy are legion." Plaintiffs' Memorandum of Law, p.4. The next step in their reasoning is to argue that parties seeking equitable relief are not entitled to a jury trial. Plaintiffs' Memorandum of Law pp. 7-8. These two premises ostensibly lead to the conclusion that since the Teamsters seek remedies which have been described by some courts as equitable, and since parties seeking equitable relief are not entitled to a jury trial, the Teamsters unpaid wage claims "are not amenable to a trial-by-jury and can only be resolved by the trial justice assigned to the case." Plaintiff's Memorandum of Law p. 8.

This conclusion is wrong. To begin with, as opposed to the general observations cited by the Miranda Entities, courts examining the specific question before this Court,

i.e. whether an alter ego claim is entitled to a jury, have found that the alter ego doctrine is **not** solely an equitable remedy. For example, in International Financial Services v. Chromas Technologies, 356 F.3d 731, 736 (7th Cir. 2004), the Seventh Circuit observed that "the doctrine of piercing the corporate veil has roots in both courts of law and equity." Similarly, in Wm. Passalacqua Builders v. Reick Developers, 933 F.2d 131, 136 (2d Cir. 1991), the Second Circuit examined the historic origins of the doctrine at length and explained that "the action for piercing the corporate veil appears to have its roots in both law and equity." In other words, while many cases may "speak of", the veil piercing or alter ego doctrine as generally equitable, those courts examining the precise question at issue in this case have found otherwise.

Indeed, the most applicable precedent provides precisely the opposite of the Miranda Entities' assertions. The Second Circuit has held that where, as here, "a judgment-creditor seeks to pierce the corporate veil and enforce a judgment", the nature of the relief sought is legal, not equitable, and a party bringing such an alter ego action is therefore entitled to a trial by jury. Wm. Passalacqua Builders v. Reick Developers, 933 F.2d 131, 135 (2d Cir. 1991). The court explained that:

> [T]he nature of the relief sought in the instant case is relief typically achieved in an action at law. Plaintiffs seek to establish defendants' liability for the judgment already obtained against Developers. . .
> * * *
> Because the action for piercing the corporate veil appears to have its roots in both law and equity, and the nature of the relief sought here supports the conclusion that plaintiff's cause of action is legal in nature, **it was entirely proper for the district court to submit the corporate disregard issue to the jury.**
>
> Id. at 136.(Emphasis added.)

The First Circuit has cited the Passalacqua decision, among other precedent, in holding that a jury should determine whether veil-piercing standards were met in an ERISA case.

> **[I]t is principally the jury's function, and not the court's, to decide whether or not the *Alman* veil-piercing standards were met.**
> * * *
> In reaching the above conclusion, we are influenced by the fact that federal courts, outside the ERISA context, have held that veil-piercing "is the sort of determination usually made by a jury because it is so fact specific." *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.,* 933 F.2d 131, 137 (2d Cir.1991)
>
> Crane v. Green & Freedman Baking Co., Inc. 134 F.3d 17, 22 (1st Cir. 1998).

In other cases the First Circuit has noted without comment a jury's determination of the alter ego issue. For

example, in Pepsi-Cola Metropolitan Bottling Co., Inc. v. Checkers, Inc. 754 F.2d 10, 15 (1st Cir. 1985), the court observed that "[t]hese and various other facts were sufficient for the jury to disregard the corporate personalities." The First Circuit has even discussed in passing veil piercing jury instructions:

> While neither party claims error in the judge's omission from his charge of an instruction regarding individual liability of the corporate officers (there was a piercing the corporate veil instruction which is not at issue here because of the exoneration of Pot O'Gold), this omission made the jury's task more difficult. Nevertheless, it was entirely reasonable, based on the evidence submitted, for the jury to find that the tortuous conduct of Kratze and Germain should not be charged to the corporation.
>
> Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc. 329 F.3d 216, 224 n. 5 (1st Cir. 2003).

Even absent the explicit authority contradicting the Miranda Entities' assertions, it is simply impossible to reconcile their statement that alter ego issues "are for the sole determination of the trial justice" (Plaintiffs' Memorandum of Law, p. 7) with the appellate courts scrutinizing piercing the veil jury instructions.

In a very recent case examining this issue, the Federal District Court for the District of New Jersey

surveyed the current law and succinctly contradicted the Miranda Entities' assertions when it held that "**the doctrine of piercing the corporate veil is a legal remedy entitling Defendants to a jury trial.**" G-1 Holdings v. Bennet, 380 F.Supp.2d 469, 478(D.N.J. 2005) (Emphasis added.)

Other courts considering the issue have reached the same conclusion. See American Protein Corp. v. AB Volvo, 844 F.2d 56, 59 (2d Cir. 1988) ("the issue of corporate disregard is generally submitted to the jury"); FMC Finance Corp. v. Murphree , 632 F.2d 413, 421 (5th Cir. 1980) ("This Court holds that the issue of corporate entity disregard is one for the jury."); In re Bonds Distributing Co., Inc. 2000 WL 33682815, *8 (Bkrtcy.M.D.N.C.,2000) ("The weight of authority appears to recognize a right to jury trial with respect to claims seeking to pierce the corporate veil based upon the theories of alter ego or mere instrumentality.")

The notable authority supporting the contrary position is International Financial Services Corp. v. Chromas Technologies Canada, Inc., 356 F.3d 731, 737 (7th Cir. 2004), in which the Seventh Circuit held that Illinois law dictated that the alter ego issue must be decided by the court: "Although we conclude that, under Illinois law,

piercing the corporate veil is an equitable remedy to be determined by the court, this conclusion might not be reached under the law of another state." Here, of course, the Court is not faced with a question of Illinois law.

The applicable law in this case is Federal Labor law as it has developed under the Labor Management Relations Act ("LMRA") in the case of Counts I & II of the Teamsters' counterclaims, and Rhode Island Law with respect to Count III of the Teamsters' counterclaims. With respect to Counts I & II, it is clear that the LMRA provides for a jury trial on such actions. The Second Circuit has ruled that a jury should determine single employer and alter ego liability in an LMRA case with issues almost identical to those at bar:

> [O]n remand, the **jury will determine** all issues bearing on plaintiffs' breach of contract claim, including but not limited to: (1) whether Sandimo adopted by its conduct the unsigned 1990-1993 and 1993-1996 Ready-Mix CBAs; (2) **whether any or all of the defendant companies constituted a single employer** with employees constituting a single appropriate bargaining unit, which would require a finding of liability on the part of the companies that did not sign or adopt the relevant CBAs; and (3) **whether any or all of the defendant companies were alter egos of one another,** requiring a similar finding of liability.
>
> Brown v. Sandimo Materials, 250 F.3d 120, 128 (2d Cir. 2001)(Emphasis added.).

Similarly, Rhode Island law presents no bar to a jury determination of alter ego status. "[T]he trial justice sufficiently laid out the totality of circumstances that a jury must consider in order to disregard the corporate entity." Vucci v. Meyers Brothers Parking System, 494 A.2d 530, 536 (R.I. 1985).

Finally, the Miranda Entities claim that the United States District Court for the Southern District of Ohio "considered this very issue" (Plaintiffs' Memorandum of Law, p. 8) in United Elec., Radio and Mach. Workers of America v. Amcast Indus. Corp. 634 F.Supp. 1135, 1144 (S.D.Ohio, 1986). In fact, that case did not involve the issue of alter ego liability in any way, but rather dealt with an injunctive relief issue. In their memorandum of law the Miranda Entities omitted the word "injunctive" from the following quote and replaced it with the word "equitable" in brackets. "It is undisputed that there is no entitlement to a jury when purely injunctive relief is sought." Id. As the Amcast court did not deal with the issue of whether alter ego claims are entitled to a jury trial, the case is unrelated to the issue before the court.

In sum, the Miranda Entities' assertion that the alter ego remedy is purely equitable and therefore not amenable

to a trial by jury is simply wrong. The weight of authority holds that the alter ego doctrine is not purely equitable, and that parties bringing an alter ego claim are entitled to a jury. Moreover, it is abundantly clear that the specific Rhode Island and federal labor law applicable here recognizes the right to a jury trial with respect to alter ego claims.

## III. CONCLUSION

For all of the foregoing reasons the court should deny in its entirety the Miranda Entities' motion to strike the Teamsters' demand for a jury trial.

Respectfully submitted,

Defendants,

TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE AND
JOHN L. FOGLE,

By their attorneys

Christopher H. Little (#1789)
Matthew M. Riordan (#7205)
Little Medeiros Kinder
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 521-3555 (Facsimile)

Dated: November 15, 2005

Certification

I certify that a true copy of the within Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Strike Defendants' Jury Demand was sent postage-prepaid on the 15th day Of November, 2005 to:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place
Suite. 205
Providence, RI 02903

F:\MMR\Teamsters-NAT\North Atlantic v Teamsters\Mem Oppos Mot Strike Jury Trial - chl.doc