**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs,** | : | |
| **V.** | : | **C.A. NO:05-348L** |
| **TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE** ***in his capacity as President of Teamsters Local Union No. 776*** **AND JOHN L. FOGLE** ***in his capacity as Secretary of Teamsters Local Union No. 776,*** **Defendants.** | : | |

**PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' JURY DEMAND**

It has been said that there is "complete dominance of federal law in the area of jury trial rights." 9 Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure, § 2303 at 63 (1995). The analysis required to determine the right to a jury trial consists of two prongs:

> "**First**, [courts] compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity. **Second**, [is an examination of] the remedy sought and [a determination of] whether it is legal or equitable in nature."[1] Tull v. U.S., 481 U.S. 412, 417, 107 S.Ct. 1831, 1835 (1987) (emphasis added).

As discussed herein, while there is a split among the Circuits on the precise issue addressed, the First Circuit has never decided whether a party seeking to impose liability by virtue of federal or state alter ego doctrines or the federal single employer doctrine (hereinafter collectively as, "alter ego") is entitled to a jury trial.[2] However, the United States Supreme Court, as well as numerous

---

[1] Of course, in ruling upon this issue where the substantive law of a state will be at issue in the underlying case "a federal court must look first to state law to determine the elements of the cause of action and the propriety of the remedies sought." Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co., Inc., 215 F.3d 182, 186 (1st Cir. 2000) (citation omitted).

[2] It is clear that the three doctrines are so closely aligned that they should receive equal treatment as they relate to Plaintiffs' Motion To Strike Jury Demand. For instance, the First Circuit Court of Appeals has held that in evaluating whether a company is a "single employer", "most of the alter ego criteria remain relevant." NLRB v. Hospital San Rafael, Inc., 42 F.3d 45 (1st Cir. 1994). In addition, the federal alter ego doctrine is closely aligned with Rhode Island common law as evidenced by Brotherhood of Locomotive Engineers v. Springfield Terminal

other federal and state courts, have ruled that these doctrines are equitable and consequently, that no Seventh Amendment right to a trial by jury exists.

**A. Actions Alleging Alter Ego were Historically Heard by Courts of Equity Therefore Defendants are not Entitled to a Jury Trial**

The United States Supreme Court has held that "[a]lthough a corporation and its shareholders are deemed separate entities for most purposes, the corporate form may be disregarded in the interests of justice where it is used to defeat an overriding public policy." Bangor Punta Operations, Inc. v. Bangor & Aroostook Railroad Co., 417 U.S. 703, 713, 94 S.Ct. 2578, 2584 (1974). Historically, as the high court explained, "**courts of equity**, piercing all fictions and disguises, [would] deal with the substance of the action and not blindly adhere to the corporate form." Id. (Emphasis added).

A number of federal courts have expanded upon this general principle, holding that, in cases virtually identical to the instant matter, plaintiffs do not have a constitutional right to a jury trial when pursuing alter ego liability. For example, in Luper v. Banner Industries, Inc. (In re Lee Way Holding), 118 B.R. 544, 548 (Bankr. S.D. Oh. 1990), the court granted a bankruptcy trustee's motion to strike a party's jury demand in connection with the latter's alter-ego claim. In so ruling, the court reasoned that, "[b]ased on the historical nature of the alter-ego doctrine, and the nature of the remedy sought by the Trustee, the **alter-ego claims** . . . are **equitable, and thus, are not afforded a right to a jury trial**." (Emphasis added). More recently, the Seventh Circuit, in Int'l Financial Services Corp. v. Chromas Tech. Canada, Inc., 356 F.3d 731, 736-38 (7th Cir. 2004), held that "federal procedural law controls the question of whether there is a right to a jury trial . . . . Thus, contrary to the Second Circuit's tacit assumption, a district court could both safeguard a plaintiff's Seventh Amendment right to a jury trial on legal claims for money

---

Railway Co., 210 F.3d 18, 26 (1st Cir.2000) which ruled that federal alter ego cases are founded upon the principle that "a corporate entity may be disregarded in the interests of public convenience, fairness and equity." (citation omitted).

damages and separately decide, in the exercise of its **equitable powers**, whether to pierce the corporate veil." (Emphasis added).[3] Numerous other federal courts are in accord.[4]

Several state courts have reached identical conclusions. In Atlas Construction Co. v. Slater, 746 P.2d 352, 359 (Wyo. 1987) the Supreme Court of Wyoming, held "[w]e conclude that **there exists no right to a jury trial on the issue of piercing the corporate veil.**" (Emphasis added). Similarly, in Dow Jones Co., Inc. v. Avenel, 151 Cal.App.3d 144, 147, 198 Cal.Rptr. 457, 460 (1984), the California Court of Appeals for the First District, First Division held that "[the] **alter ego doctrine is essentially an equitable one** and . . . is **particularly within the province of the trial court**.") (Emphasis added). Not surprisingly, other states concur.[5]

By contrast, a careful review of defendants' cited authority reveals that the precise issue involved in this case (i.e. whether a constitutional right to a jury trial attaches to defendants'

---

[3] Specifically, the Int'l Financial Svcs., Corp., court was referring to Wm. Passalaqua Buildings, Inc., v. Resnick, 933 F.2d 131 (2nd Cir. 1991), upon which defendants heavily rely. In addressing the split between the Seventh and Second Circuits concerning whether a jury trial attaches to attempts to pierce the corporate veil, the Int'l Financial Svcs., court remarked, "we take issue with the [Second Circuit's] conclusion that, because a plaintiff pursues a legal remedy (a money judgment), he is entitled to a jury trial not only on the merits but also on whether the corporate entity should [be] disregarded. A jury trial does not have to include all or nothing." Int'l Financial Svcs., 356 F.3d at 757.

[4] See U.S. v. Golden Acres, Inc., 684 F.Supp. 96, 103 (D.DE. 1988) ("Piercing the corporate veil is an **action that sounds in equity** . . . . Accordingly, we grant the government's motion to strike the defendants' jury demand.") (Emphasis added); Johnson v. Continental Airlines, Inc., 720 F.Supp. 1467, 1484 (D. Colo. 1989) ("[T]he ultimate decision of whether to disregard the corporate form, and the underlying public policy on which it is based, lies in **equity** . . . . To this end, the issue of whether adherence to the corporate form promotes injustice may be a matter for the court.") (Emphasis added); Wheeling-Pittsburgh Steel Corp. v. Intersteel, Inc., 758 F.Supp. 1054, 1057 (W.D. Pa. 1990) ("In deciding whether to pierce the corporate veil, courts are basically concerned with determining if **equity** requires that the shareholders' traditional insulation from personal liability be disregarded . . . . Thus, the court must inquire whether corporate formalities have been observed . . . .") (Emphasis added); and, Richmond, Fredericksburg & Potomac Railroad Co. v. Clarke, No. 90-00336, 1991 WL 321033, at *4 (E.D. Va. Jan 22, 1991) ("Clarke asserts that he should be granted a jury to contest RF & P's federal common law theory of damages arising from a claim that Clarke was an **alter ego** for L.A. Clarke . . . this claim too is essentially **equitable in nature** . . . . Because this, as well as RF & P's other claims against Clarke, are equitable in nature, this Court should and will grant RF & P's Motion to Strike Clarke's jury demand.") (Emphasis added).

[5] See W & H Machine & Tool Co. v. National Distillers and Chemical Corp., 283 So.2d 173 (Ala. 1973) (holding that "[i]n nearly all Alabama cases . . . which have employed the 'instrumentality rule' or 'pierce the corporate veil' theory, it is indicated that the court does so sitting as a **court in equity**." (Emphasis added); McCain Foods, Inc. v. St. Pierre, 463 A.2d 785, 787 (Me. 1983) ("The issue of **whether the corporate form should be disregarded . . . is an issue involving the courts' equitable powers**.") (Emphasis added); Oklahoma Oil & Gas Exploration Drilling Program v. W.M.A. Corp., 877 P.2d 605, 612 (Okla. App. Ct. 1994) ("Appellants sought judgment against W. Mike Adams personally . . . equitable issues are paramount in this action and Appellants have not been denied a right to a jury trial."); and, Thorn v. Thorn's Diesel Service, Inc., 788 So.2d 140, 145 (Ala. 2000) ("the **piercing-the-corporate-veil doctrine is an equitable doctrine** . . . . Therefore to the extent that [plaintiff's] claims raise equitable issues, the trial court must dispose of those issues without a jury.") (Emphasis added).

counter-claims concerning the alter ego doctrine) was never addressed. For instance, Crane v. Green & Freedman Baking Co., Inc., 134 F.3d 17, 22 (1st Cir. 1998), involved a **consensual** jury trial – a situation totally distinguishable from the matter sub judice. There, the First Circuit observed that "the jury trial here, not being of right, was undertaken by the judge with the consent of both parties. Federal Rule of Civil Procedure 39(c), allows a judge to order a consensual jury trial in actions not triable as of right by a jury." Id. Defendants' reliance upon FMC Finance Corp. v. Murphree, 632 F.2d 413 (5th Cir. 1980)[6]; Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216 (1st Cir. 2003); Pepsi-Cola Metropolitan Bottling Co., Inc. v. Checkers, Inc., 754 F.2d 10 (1st Cir. 1985); and Vucci v. Meyers Brothers Parking System, Inc., 494 A.2d 530 (R.I. 1985) is equally misplaced, since none directly address whether a party is entitled to a jury trial when seeking to pierce the corporate veil; instead these cases mention only in passing, and without any analysis of the attendant circumstances, that jury trials took place. Indeed, it appears that the respective plaintiffs' or defendants' jury trial demands were unopposed or, alternatively, that the parties consented to a jury trial pursuant to Fed. R. Civ. P. 39(c) and/or R.I. Super. R. Civ. P. 39(c).

Finally, in Heflin v. Koszela, 774 A.2d 25, 30 (R.I. 2001), the Rhode Island Supreme Court clearly declared that alter ego liability is for the court, not jury, to decide in its ruling that the "second prong of the alter ego test [i.e. observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow] **is addressed to the conscience of the court**." (Emphasis added).[7]

[6] In Int'l Financial Services Corp., the Seventh Circuit ruled that FMC Finance's dicta holding that "the issue of corporate disregard is one for the jury," FMC Finance, 632 F.2d at 421, "is not supported by analysis or appropriate authority." Int'l Financial Services Corp., 356 F.3d at 739. In addition, that same footnote was held to be "without analysis" by another court. iPCS, Inc. v. Sprint Corp., 303 B.R. 527, 531 (Bankr. N.D.Ga. 2003).

[7] A review of all Rhode Island cases dealing with alter ego reveals that the vast majority of trials were non-jury.

**B. The Remedy Sought By Defendants is Equitable**

The second prong of the Tull analysis[8] requires an examination of whether the remedy sought by defendants is legal or equitable in nature. In this case, none of the counts asserted by defendants seek compensatory damages, a regularly utilized litmus test in legal actions. Instead, defendants request that this court:

> **Count I** - "declare that NATCO, NORAD, and Miranda constitute a single employer and that, therefore, Miranda and NORAD are both liable for the judgment entered against NATCO . . .";
> **Count II** – "declare that NATCO, NORAD, and Miranda are alter egos or one another and that therefore Miranda and NORAD are both liable for the judgment entered against NATCO . . ."; and
> **Count III** – "declare that Miranda is an alter ego of NATCO and that therefore Miranda is liable for the judgment entered against NATCO . . . ."

The case at bar is indistinguishable in comparison with Ed Peters Jewelry Co., Inc., *supra*, where the First Circuit Court of Appeals upheld the district court's denial of a jury trial request in a successor liability action. Significantly, the Court ruled, "We point out that this case does not involve the computation of damages, which is often considered a determination to be made by a jury." Ed Peters Jewelry Co., Inc., 215 F.3d at 186. The Court went on to state that "this is an action to recover on debts, the amounts of which have been reduced to judgments . . . ," Id. at 186, (which is exactly the situation before this Court). To the contrary, defendants' authority, In re Bonds Distributing Co., Inc., No.'s 97-52130C-7W, 98-6044, 2000 WL 33682815, at *11 (Bankr. M.D.N.C.) ruled that "the present case *does* involve the computation of damages and is distinguishable from the *Ed Peters Jewelry* case. (Emphasis added). Finally, defendants' reliance upon G-I Holdings, Inc. v. Bennet, 380 F.Supp.2d 469, 476-77 (D.N.J. 2005) is similarly misplaced because the court in that case significantly relied upon In re Bonds Distributing Co., Inc., *supra*.

Plaintiffs request that all defendants' jury demands be stricken.

[8] See supra at 1.

Plaintiffs,

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

_______________________________
Max Wistow (#0330)

_______________________________
Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

_______________________________
Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within on the 23rd day of November, 2005 to the following:

Christopher H. Little, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

_______________________________