**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED
FEB 01 2006
U.S. District Court
District of Rhode Island

**NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA,**
**Plaintiffs,**

**V.** **C.A. NO: 05-348L**

**TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,***
**Defendants.**

**STIPULATION AND PROTECTIVE ORDER**

The plaintiffs, North Atlantic Distribution, Inc. and Michael Miranda, (hereinafter collectively referred to as "NORAD and Miranda") and the defendants, Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776 and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776, (hereinafter collectively referred to as "the Union") inasmuch as discovery of documents and things in this action may involve the disclosure of confidential trade secret, proprietary, technical, commercial, business and financial information of a party (described collectively as "Confidential Information"), which is entitled to protection under R.Civ.P. 26(c), hereby stipulate and agree that the following provisions of this Stipulation and Protective Order ("Protective Order") shall govern discovery in this action.

1. All Confidential Information disclosed or received in this case in

whatever form shall be used solely for purposes of the above-captioned litigation and for no other purpose whatsoever and shall not be used or disclosed other than as provided herein. This Protective Order shall be applicable to all Confidential Information provided, produced or obtained in the course of discovery in this action, including, without limitation, Confidential Information provided, produced or obtained in or through any deposition, interrogatory response, response to a request for admission, and any document, thing, or premise provided or made available for inspection and/or copying and other protected information eligible for Confidential treatment under R.Civ.P. 26(c)(7) .

2. The word "document" shall have the full meaning ascribed to it in R.Civ.P. 34 and shall include, without limitation, all original written, recorded or graphic matters and all copies thereof, including non-identical copies, and tangible things.

3. The term Confidential Information refers to all documents, portions of deposition transcripts, testimony and other information eligible for Confidential treatment under R.Civ.P. 26(c)(7) that have been designated as Confidential in accordance with the provisions of this Protective Order, and all copies, excerpts, summaries, court papers or other materials that, in whole or in part, reveal the substance or content of such Confidential Information. Any party may designate as Confidential Information any information that was created by or communicated to or from that party or an employee or agent of that party.

4. Any person desiring to subject the information contained or disclosed in any document (including, without limitation, any document responsive to a Rule 34 request or to a Rule 45 subpoena, answers to interrogatories and responses to requests for admission) delivered to or served on any party subject to the Confidentiality provisions of this Protective Order must designate such document Confidential in the manner provided herein, unless the parties agree in writing to an alternative procedure. Any document delivered to or served on any party may be designated Confidential by affixing the legend "Confidential" to every page of the document. All copies, excerpts, summaries, court papers or other materials that, in whole or in part, reveal the substance or content of such Confidential Information, shall also be treated as Confidential.

5. The production of documents and things for the purposes of inspection shall not constitute a waiver of Confidentiality. If documents and things produced for purposes of inspection have not been marked prior to inspection, such inspection shall be for the eyes of counsel of record, their support staff, and other individuals in accordance with Paragraph No. 10, and all documents and things so inspected shall be treated as Confidential Information until copies are provided. The party producing documents and things shall mark such documents and things as are selected for copying and which are deemed Confidential with the legend set forth above.

6. A physical specimen or thing containing Confidential Information shall be designated as such by marking or tagging such physical specimen or

thing with a legend including the word "Confidential" as set forth in paragraph 4 above.

7. All Confidential Information not reduced to tangible or physical form, or which cannot be conveniently designated in the manner set forth in paragraph 4 hereof, other than testimony at deposition, as to which the provisions of paragraph 11 of this Protective Order apply, shall be designated by the producing party by informing the receiving party in writing no later than the time at which such Confidential Information is furnished to the receiving party.

8. If a party, through inadvertence, produces or discloses any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. The receiving party must treat such documents and things as Confidential Information from the date such notice is received.

9. In connection with any deposition in this action, any person may designate the deposition, portion thereof, or exhibit as Confidential by (1) stating on the record of the deposition that such deposition, portion thereof, or exhibit is Confidential or by (2) stating in a writing served on counsel for the other party, up to fifteen (15) days after receipt of such deposition transcript by the designating person, that such deposition, portion thereof, or exhibit is

Confidential.

10. Any information which has been designated as Confidential Information in accordance with this Protective Order may be disclosed to the parties named in the within action, officials and/or employees of Local 430 or its successor Local 776, and attorneys for the parties in this action as listed below, including, for example, supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretary, legal clerk and shorthand reporter, or an independent shorthand reporter retained to record and transcribe testimony in connection with this action:

a. For plaintiff: Wistow and Barylick Inc.; and

b. For defendant: Little, Medeiros, Kinder, Bulman & Whitney, PC.

Confidential Information may also be disclosed to:

c. any outside independent expert or consultant for each party provided, however, that each such outside independent expert or consultant shall first have executed an undertaking in the form of Exhibit A attached hereto, and that a copy of such undertaking, so executed, with the typed name and full address of such expert or consultant thereon, be delivered to opposing counsel no less than seven (7) days prior to disclosure thereto except for Lorraine Horton, CPA, who shall execute Exhibit A prior to reviewing any confidential information but without providing plaintiffs' counsel seven (7) days advance notice. With regard to Lorraine Horton, CPA, defendants shall provide plaintiffs' counsel with a fully-executed undertaking form within seven (7) days of the execution of said form.

11. Any person may be examined as a witness at depositions and trial concerning Confidential information of which such person has prior

knowledge. Without in any way restricting the foregoing:

a. a present director, officer, agent and/or employee of a producing party may be examined concerning all Confidential Information which has been produced by that party;

b. a former director, officer, agent and/or employee of a producing party may be examined concerning Confidential Information produced by that party which pertains to the period or periods of his employment and prior thereto;

c. non-parties may be examined concerning Confidential Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of such producing party; and

d. a person who has signed Exhibit A hereto as provided by paragraph 10(c) may be examined concerning Confidential Information provided to such person.

12. In connection with the examination of any witness, if the witness or an attorney representing the witness is not designated herein to receive Confidential Information, then prior to the examination, the witness and/or attorney will be requested to sign a written document, in the form of Exhibit "A" hereto, that he will comply with the terms of this Protective Order and maintain the Confidentiality of the Confidential Information disclosed during the course of the examination. In the event that such witness or attorney declines to give such written acknowledgment prior to the examination, the parties, by their attorneys, may jointly seek a further protective order from the Court prohibiting such witness or attorney from disclosing such Confidential Information. The examination of such witness will await the ruling of the

Court.

13. Any paper, document, exhibit, or thing that contains or discloses Confidential Information which is to be filed or submitted with the Court, submitted to the Court for in camera inspection, or submitted to the Court in such other manner as the parties and Court may agree upon, shall be filed or in a sealed envelope or other appropriate sealed container, prominently marked with the caption of the case and notation:

Confidential,

Subject to Protective Order in:
Civil Action No. 05-348L
North Atlantic Distribution, Inc. and Michael Miranda

vs.

Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union 776 and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776

TO BE OPENED ONLY BY OR
AS DIRECTED BY THE COURT

Such sealed envelope shall be opened and reviewed only by personnel authorized by this Court.

14. Unless otherwise ordered by the Court, Confidential Information may be disclosed in testimony at the trial of this action or offered in evidence at the trial of this action, subject to this Protective Order and all other applicable statutes, laws, rules and orders.

15. The designation of any document, thing or testimony as Confidential shall not be construed as an admission or an agreement that

the designated document, thing or testimony contains or discloses any trade secret or Confidential Information. No person shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any Confidential designation.

16. Nothing herein shall prevent disclosure of information within the scope of this Protective Order if the party designating the information as Confidential Information consents to such disclosure, or if the Court, after notice to the parties, orders such disclosure.

17. In the event of a dispute with respect to the designation of any information as Confidential Information, counsel shall endeavor in good faith to resolve their dispute on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the party asserting non-Confidentiality shall have the burden of proving same. Any party hereto may seek relief from, or modification of, this Protective Order, and may challenge the designation of any document, thing or testimony as Confidential.

18. Within sixty (60) days of the final determination of this action, including all appeals, and unless otherwise agreed to in writing by counsel, each party shall (1) return any original documents and things constituting Confidential Information produced to a receiving party by the designating party, and (2) either certify in writing that the remaining copies of such documents and things have been destroyed or return them *to* the designating party, such election to be made by the designating party.

Notwithstanding the foregoing, the attorneys of record for each party may retain all pleadings, briefs, memoranda, motions, and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Protective Order with respect to all such retained information.

19. It is not the intention of this Protective Order to deal with any objections to discovery on the grounds of attorney-client privilege or work product immunity. Moreover, nothing in this Protective Order shall preclude a party from seeking either its modification or such further relief from the Court as may be appropriate under the Federal Rules of Civil Procedure. The Court retains jurisdiction, even after termination of this action, to enforce this Protective Order, and to make such amendments, modifications, deletions and additions thereto as the Court may from time to time deem appropriate.

20. This Stipulated Order does not prohibit the use or disclosure of information which was not designated as "Confidential" and is lawfully obtained by a party from a source other than the opposing party, provided that such source can lawfully disclose such information, even if such information is additionally contained in materials provided by the opposing party and marked as Confidential Information under this Order. However, the materials provided by the opposing party and marked according to this order shall be maintained as Confidential, although the particular information contained therein which was independently obtained from such other source may be disclosed or used. The restrictions on use and disclosure set forth herein shall not apply to

information that, prior to being obtained pursuant to pretrial discovery in this action, either was in the possession or knowledge of the party obtaining such information, as a result of the disclosure of such information by a source which could lawfully disclose such information, or was demonstrably public knowledge. The restrictions on use and disclosure set forth herein shall not apply to information that after being obtained, becomes demonstrably public knowledge other than by the act or omission of the party obtaining such information.

21. Notwithstanding any other provision of this Protective Order, it is understood and agreed by all parties that this Protective Order does not govern or otherwise apply to any documents, deposition testimony, or other information obtained by the Union by subpoena or other lawful method in the related matter of Teamsters Local No. 430 v. North Atlantic Transport Co., C.A. No. MC 05-006L.

22. Documents and things designated as containing Confidential Information and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this action, except as reasonably necessary to provide access to persons authorized under the provisions of this Protective Order.

23. Nothing in this Protective Order shall prohibit the transmission or communication of Confidential Information by hand delivery; face-to-face conference; in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or by telephone, telegram, facsimile or

other electronic transmission system if under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused.

24. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this lawsuit and in the course thereof, referring to or relying upon his examination of Confidential Information.

Plaintiffs,
North Atlantic Distribution, Inc.
And Michael Miranda,
By their Attorneys,

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

Defendants,
Teamsters Local Union No. 430,
Teamsters Local Union No. 776,
Daniel A. Virtue in his Capacity as
President of Teamsters Local Union
No. 776 and John L. Fogle in his
Capacity as Secretary of Teamsters
Local Union No. 776
By Their Attorneys,

Christopher H. Little, Esq. (1789)
Little, Medeiros, Kinder, Bulman
72 Pine Street
Providence, RI 02903
401/272-8080 (Telephone)
401/521-3555 (Facsimile)

ORDER

The terms of the foregoing Confidentiality Stipulation are approved and hereby are entered as an ORDER of this Court on this_____ day of

_______________________________2006.

Per Order:

Enter:

Sr. USDJ 2/7/06

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Stipulation and Protective Order.doc