# NATIONAL MASTER AUTOMOBILE TRANSPORTERS AGREEMENT

Covering

TRUCKAWAY, DRIVEAWAY

and

LOCAL AGREEMENTS

For the Period of
JUNE 1, 1999
through
MAY 31, 2003

benefits within the contribution amount provided hereunder, the Joint Committee shall have the responsibility of making recommendations to the affected employees and their Local Unions concerning alternative methods, if possible, of securing comparable health benefits.

The Employer and the Union will establish procedures for the operation of this Committee. The Committee will make periodic reports and recommendations to the National Negotiating Committee concerning the payment for health services by the jointly administered Health and Welfare Funds receiving contributions under the terms of this Agreement.

## ARTICLE 14.

## UNION ACTIVITIES

Any employee member of the Union, acting in any official capacity whatsoever, shall not be discriminated against for acts as such officer of the Union so long as such acts do not interfere with the conduct of the Employer's business, nor shall there be any discrimination against any employee because of Union membership or activities.

Authorized agents of the Union shall have access to the Employer's establishments during work hours for the purpose of adjusting disputes, investigating working conditions, collection of dues, and ascertaining that the agreement is being adhered to; provided, however, there is no interruption of the conduct of the Employer's business.





## ARTICLE 15.

## SEPARATION OF EMPLOYMENT

(a) Upon discharge or upon permanent terminal closing, the Employer shall pay all wages, including vacation pay, in no more than seventy-two (72) hours, excluding Saturdays, Sundays and holidays, due to the employee at the time of discharge or permanent terminal closing. Failure to pay within seventy-two (72) hours of discharge shall subject the Employer to pay liquidated damages in the amount of eight (8) hours pay for each day of delay. Upon quitting, the Employer shall pay all wages, including vacation pay, due to the employee on the payday on which such monies are normally due.

The obligations of the Employer as outlined above are expressly conditioned upon the employee's return of all Employer's property in the employee's custody. Property is to include, without limitation, logs, trip sheets, credit cards, safety equipment, identification cards and all monies advanced to the employee in person and/or by wire.

(b) Any employee discharged away from the home terminal shall be provided the fastest available transportation to the home terminal at the Employer's expense.

## ARTICLE 16.

## SEPARABILITY AND SAVINGS CLAUSE

If any Article or Section of this Agreement or of any Supplements or Riders thereto, should be held invalid by operation of law or by any tribunal of competent jurisdiction, or if compliance with or enforcement of any Article or Section should be restrained by such tribunal pending the final determination as to its validity, the remainder of this Agreement and of any Supplement or Rider thereto, or the

## UNITED STATES DISTRICT COURT
## FOR THE STATE OF RHODE ISLAND

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands corporation,<br><br>v.<br><br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | Case No.: 04-324-L |

## AMENDED CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served a copy of the **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY ADJUDICATION; SEPARATE STATEMENT OF UNDISPUTED FACTS AND AFFIDAVITS OF JOHN LOMBARDI AND MICHAEL PERREAULT** on the persons listed below and in the method listed below as follows:

BY FIRST CLASS MAIL ON 1/30/2006 AND VIA HAND DELIVERY ON 1/31/2006 TO:
Mark C. Hadden, Esq.
Law Offices of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, RI 02903

BY FIRST-CLASS MAIL ON 1/30/2006:
Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee
15281 Normandie Avenue
Irvine, CA 92604

Date: February 9, 2006

Matthew J. Leonard