UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | |
| V. | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,* Defendants. | |

**AFFIDAVIT OF MICHAEL MIRANDA**

I, Michael Miranda, hereby depose and state under oath as follows:

1. I am the President and sole shareholder of North Atlantic Transport Company of Rhode Island ("NATCO");

2. I am the President and sole shareholder of North Atlantic Distribution, Inc. ("NORAD");

3. I have personal knowledge of the facts contained within this affidavit;

4. I submit this affidavit in support of Plaintiffs' Motion for Summary Judgment;

5. NATCO and Teamsters Local Union No. 430 ("Local 430") were parties to a 280-page collective bargaining agreement for the period beginning June 1, 1999 through May 31, 2003 which contained the following provision:

> ARTICLE 15.
>
> SEPARATION OF EMPLOYMENT
>
> (a) Upon discharge or upon permanent terminal closing, the Employer shall pay all wages, including vacation

> pay, in no more than seventy-two (72) hours, excluding Saturdays, Sundays and holidays, due to the employee at the time of discharge or permanent terminal closing. Failure to pay within seventy-two (72) hours of discharge shall subject the Employer to pay liquidated damages in the amount of eight (8) hours pay for each day of delay.

6. On October 26, 2001, NATCO largely ceased operations at its York, Pennsylvania terminal due to lack of business;

7. A few months after closing its York, Pennsylvania terminal, NATCO terminated its Rhode Island operations due to lack of business;

8. On June 9, 2005, I was advised for the very first time that Local 430 was seeking to enforce the default judgment which it obtained against NATCO in Civil Action No. 02-1461 in the United States District Court for the Middle District of Pennsylvania, against NORAD and possibly against me based upon the "single employer" doctrine. Attached hereto as "Exhibit A" is a true, fair and accurate copy of the correspondence that my attorneys received from Local 430 with said allegations;

9. On June 9, 2005, Local 430 advised NORAD and me that the judgment in Civil Action No. 02-1461 had grown to in excess of $1,810,586.30, exclusive of interest (see attached "Exhibit A");

10. On August 12, 2005, NORAD issued a check to Local 430 in the amount of $30,000 which represented payment of all amounts due to Local 430 from NATCO, excluding liquidated damages and on August 22, 2005, NORAD issued payment in the amount of $12,931.25 to Local 430 which represented payment of all interest which was arguably due to Local 430, excluding interest on the "liquidated damages";

11. While I did not and do not believe that NORAD nor am I responsible to satisfy any portion of the judgment entered in Civil Action No. 02-1461, NORAD tendered two checks to Local 430 amounting to $42,931.25 to satisfy all monies allegedly due to Local 430, excluding "liquidated damages," solely in an effort to stop the "liquidated damages" (which Local 430 asserts are accruing on a daily basis) from accruing any further;

12. Attached hereto as "Exhibit B" is a true, fair, and accurate copy of correspondence that my attorneys received from Local 430.

Michael Miranda

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me on this 10th day of February, 2006.

Notary Public
My Commission Expires: 3/27/06

TTLE MEDEIROS KINDE
BULMAN & WHITNEY PC

EXHIBIT A

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney *
Henry R. Kates *
George H. Rinaldi *
Scott K. Pomeroy
Matthew M. Riordan +
Joseph P. Quinn *
Adam J. Chandler *

John D. Deacon, Jr. *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

* Also admitted in Massachusetts

+ Admitted in New York and Connecticut only

June 9, 2005

**VIA FACSIMILE AND REGULAR MAIL**

William O'Gara, Esq.
Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

**RE: Teamsters Local Union No. 430 v. North Atlantic Transport**
**Case No. 1:02-CV-1461**

Dear Bill:

I am responding to your inquiry for a response from the Teamsters Union as to its position relative to settlement. As you know, the judgment was entered in the original amount of $516,815.59 plus liquidated damages of $1,529.28 per day. The judgment also accrues interest. As of June 10, 2005, the judgment is in the gross amount of $1,810,586.30, not including interest. At this stage based upon our current assessment that it is highly probable that we will be able to establish that NORAD/NATCO fall within the single employer doctrine, we are prepared to discount the claim for purposes of prompt settlement to fifty percent, i.e. $905,293.15. Please keep in mind the continued accrual of liquidated damages and the high probability that the Union's willingness to discount the claim is likely to lessen as we go further in developing our single employer claim case. From what we have seen to date, it would appear that Mr. Miranda, himself, may well be named in this action.

We will be proceeding with further discovery until and unless we are satisfied that the case is genuinely on the track to an appropriate resolution.
Very truly yours,

Christopher H. Little

cc: Ira H. Weinstock, Esq.

F:\MED\Teamsters\ltr O'Gara 060905.doc

-TTLE MEDEIROS KINDE-
BULMAN & WHITNEY PC

EXHIBIT B

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney
Henry R. Kates *
George H. Rinaldi *
Scott K. Pomeroy
Matthew M. Riordan *+
Andrew S. Ullucci *

John D. Deacon, Jr. *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

* Also admitted in Massachusetts

+ Also admitted in New Yo and Connecticut

JAN 1 0 2005

January 9, 2006

Max Wistow, Esq.
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903

**RE: North Atlantic Distribution Inc. and Michael Miranda v. Teamsters Local Union No 430
C.A. No. 05-348L**

Dear Mr. Wistow:

I write with respect to the health and welfare and pension fund contributions ("Fund Contributions") portion of the judgment entered against North Atlantic Transport ("NATCO") in Teamsters Local Union No. 430 v. North Atlantic Transport, Misc. 05-006L. After conferring with our client and reviewing further documentation, we are advising you that our client will not be pursuing recovery of $46,606.96, which represents the portion of the judgment for Fund Contributions.

Please contact me should you have any questions regarding this matter.

Very truly yours,

Matthew M. Riordan

cc: Christopher H. Little
Thomas J. McAndrew