UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

FILED
FEB 10 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA,
Plaintiffs,

V. C.A. NO: 05-348L

TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*
Defendants.

**STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56**

1. Michael Miranda is the President and sole shareholder of two corporations, North Atlantic Distribution, Inc. ("NORAD") and North Atlantic Transport Company of Rhode Island ("NATCO") (Miranda Aff. ¶¶1, 2 attached as "Exhibit A");

2. NATCO and Teamsters Local Union No. 430 were parties to a 280-page collective bargaining agreement ("CBA") for the period beginning June 1, 1999 through May 31, 2003 which contained the following provision:

ARTICLE 15.

SEPARATION OF EMPLOYMENT

(a) Upon discharge or upon permanent terminal closing, the Employer shall pay all wages, including vacation pay, in no more than seventy-two (72) hours, excluding Saturdays, Sundays and holidays, due to the employee at the time of discharge or permanent terminal closing. Failure to pay within seventy-two (72) hours of discharge shall subject the Employer to pay liquidated damages in the amount of eight (8) hours pay for each day of delay (Miranda Aff. ¶5).

3. On October 26, 2001, NATCO largely ceased operations at its York, Pennsylvania terminal due to lack of business at which time it no longer provided employment to Local 430's members (Miranda Aff. ¶6);

4. A few months after NATCO ceased operations at its York, Pennsylvania terminal, it ceased operations in Rhode Island due to lack of business (Miranda Aff. ¶7);

5. Local 430 filed a grievance against NATCO on November 9, 2001 which requested that its members be paid for earned wages, vacation time, sick time, personal days and liquidated damages pursuant to Article 15 of the parties' CBA (Defendants' Answer ¶13);

6. Local 430's grievance was submitted to an arbitration panel on May 22, 2002 at which time Local 430's claims were upheld by default due to NATCO's failure to appear at the arbitration and without any specific dollar amount of damages (Defendants' Answer ¶14);

7. On August 21, 2002, Local 430 filed an action against NATCO in the United States District Court for the Middle District of Pennsylvania (C.A. No. 02-1461) (the "Pennsylvania Action") to enforce the arbitration panel's decision (Defendants' Answer ¶15);

8. On February 24, 2003, Local 430 filed a Request for Default Judgment in Civil Action No. 02-1461 as a result of NATCO's failure to respond to Local 430's Complaint which sought $27,513.28 for vacation time, unused sick days, personal days and down time which were owed to ten of its members and $441,446.40 related to liquidated damages plus costs and attorney's fees (Defendants' Answer ¶16);

9. On February 28, 2003, judgment was entered in the Pennsylvania Action in favor of Local 430 and against NATCO in the amount of $516,815.59 as of February 14, 2003 plus the amount of $1,529.28 per day for liquidated damages until the claim is paid pursuant to Article 15 of the National Master Automobile Transporters Agreement (Defendants' Answer ¶17);

10. On January 7, 2005, the judgment entered in the Pennsylvania action was registered in the United States District Court for the District of Rhode Island (Misc. 05-006L) (Defendants' Answer ¶19);

11. On or about June 9, 2005, Local 430 advised NORAD and Miranda for the very first time that it was seeking to enforce the Default Judgment in the Pennsylvania Action against NORAD and possibly Miranda based upon the "single employer" doctrine and that the judgment had purportedly grown to in excess of $1,810,586.30 (Miranda Aff. ¶8);

12. Subsequently, NORAD tendered checks to Local 430 amounting to $42,931.25 to satisfy all monies allegedly due to Local 430 excluding liquidated damages, in an attempt to stop any further accrual of the liquidated damages while at the same time denying any liability (Miranda Aff. ¶10).

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow, Esq. (#0330)

Jeffrey A. Mega, Esq. (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 10TH day of February, 2006, to the following:

Christopher H. Little, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Statement of Undisputed Facts.doc