UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,* Defendants. | : | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION TO COMPEL A RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

This motion practice is unnecessary and wasteful of the time of counsel and the Court. Both of defendants memoranda completely omit the fact that plaintiffs suggested that defendants obtain additional time to respond to plaintiffs' outstanding discovery by entering into a Consent Order whereby Defendants would: 1) respond to plaintiffs' outstanding discovery on or before April 28, 2006; and 2) reserve their right to object to plaintiffs' interrogatories and requests for production of documents.

Plaintiffs propounded interrogatories and sent a request for production of documents to defendants on March 2, 2006. Defendants' answers and responses were due on Monday, April 3, 2006. The original closure for

discovery in this matter was April 28, 2006, pursuant to Judge Lagueux's pre-trial order entered on October 27, 2005.

Plaintiffs did, in fact, advise defendants that "if your motion [to extend the discovery deadline] is successful, I am more than willing to delay the time in which Local 430 can respond to the outstanding discovery," in correspondence sent from plaintiffs' attorneys to defendants' attorneys dated March 31, 2006. That correspondence did not specify whether the vehicle for additional time would be a Consent Order or a Stipulation.[1]

Defendants Motion to Enlarge Discovery up to and including June 27, 2006 was granted by Judge Lagueux on April 5, 2006. Defendants recently filed two memorandums which conclude that "despite their earlier representation, the plaintiffs refused to execute [a] stipulation," passing plaintiffs' discovery motions and extending the time for defendants to respond to the discovery requests. This categorization is inaccurate and incomplete.

Verbally and again in correspondence dated April 19, 2006, plaintiffs suggested that the parties enter into a Consent Order whereby defendants would provide their answers and responses to the outstanding discovery on or before April 28, 2006. See attached "Exhibit A." Plaintiffs explained that the purpose of a Consent Order as opposed to a stipulation as suggested by defendants but not agreed upon by the plaintiffs, was so that the plaintiffs

[1] Plaintiffs could not provide defendants with an extension without requiring defendants to seek an extension of the closure of discovery because it would have placed plaintiffs in the position of receiving Local 430's answers to interrogatories and responses to requests for production of documents on the same date that discovery closed pursuant to Judge Lagueux's Order. Of course, defendants' answers and production are likely to raise additional questions necessitating additional discovery.

would not have to begin the process of filing new motions to compel in the event that the defendants did not file their answers and responses by April 28, 2006. Most importantly, plaintiffs were agreeable to a provision in the Consent Order which would indicate that defendants preserved their rights to object to plaintiffs' interrogatories and requests for production of documents. It appears the defendants have not entered into such a Consent Order because they did not/do not intend to supply their answers and responses on or before April 28, 2006.

Plaintiffs will probably need to conduct additional discovery upon receipt of defendants answers and responses. With the close of discovery rapidly approaching (June 28, 2006), it is imperative that defendants be compelled to respond to the outstanding discovery, which was propounded 56 days ago, immediately.

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I caused a true copy of the within to be hand-delivered, on the 27th day of April, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903