WISTOW & BARYLICK
INCORPORATED
ATTORNEYS AT LAW
61 WEYBOSSET STREET
PROVIDENCE, RHODE ISLAND 02903

MAX WISTOW
JOHN P. BARYLICK
STEPHEN P. SHEEHAN
A. PETER LOVELEY
JEFFREY A. MEGA
MICHAEL J. STEVENSON

TELEPHONE
AREA CODE 401
831-2700

FAX
272-9752

E-MAIL
mail@wistbar.com

April 19, 2006

VIA FACSIMILE
521-3555

Christopher H. Little, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, PC
72 Pine Street
Providence, Rhode Island 02903

Re: North Atlantic Distribution, Inc. and Michael Miranda v. Teamsters Local Union No. 430, et al.
C.A. No: 05-348L

Dear Mr. Little:

I am in receipt of Defendants' Objection to Plaintiffs' Motion to Compel Answers to Interrogatories and Defendants' Objection to Plaintiffs' Motion to Compel Defendants to Respond to Plaintiffs' Request for Production of Documents.

It would be a shame to take up the Court's time with this matter. The Memoranda that you filed with the Court omit crucial information (i.e. that the plaintiffs suggested that Local 430 receive additional time to comply with the outstanding discovery by entering into a consent order whereby the defendants' preserved their rights to object to plaintiffs' interrogatories and requests for production of documents but agreed to provide their answers and responses on or before April 28, 2006). In addition, the time period which you are seeking through an extension (until April 28, 2006) is only nine days away and may run out by the time that Plaintiffs' Motion is heard.

The purpose of the consent order as opposed to a stipulation was so that the plaintiffs would not have to begin the process of filing a motion to compel in the event that the defendants did not file their answers and responses (with objections, if any) by April 28, 2006.

Christopher H. Little, Esq.
April 19, 2006

As you know, the closure for discovery is rapidly approaching (June 28, 2006). The only possible reason for the defendants' refusal to enter into such a consent order is that they do not intend to file their answers and responses by April 28, 2006. Based upon defendants' answers and responses, plaintiffs will probably need to conduct additional discovery and will only have two months to do so. Hence, a response by April 28th is critically important to us.

I reiterate our prior offer to resolve the pending Motions by entering into a consent order whereby the defendants file their answers and responses (with objections) on or before April 28, 2006. In addition, the consent order can specifically indicate that the defendants have not waived, in any manner, their right to object to any of plaintiffs' interrogatories or document requests.

If we cannot agree by the close of business tomorrow, we will have to make the Court aware of what seems to us to be dilatory tactics on your part.

Very truly yours,

Jeffrey A. Mega

JAM/dls

cc: Thomas McAndrew, Esq. (via facsimile)