**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | C.A. No. 05-348 L |

**DEFENDANTS' MOTION TO**
**COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37, Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle ("Defendants") hereby move to compel production of documents responsive to Defendants' requests addressed to Plaintiffs North Atlantic

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555

**Counsel for Defendants Teamsters Local Union No. 430; Teamsters Local Union No. 776; Daniel A. Virtue, in his capacity as President of Teamsters Local Union No. 776; and John L. Fogle, in his capacity as Secretary of Teamsters Local Union No. 776.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2006, I caused to be served by first class mail postage prepaid a copy of the within Motion to Compel Production of Documents to each

Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

One Turks Head Place, Suite 205
Providence, RI 02903

scott/A114/1364

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | ) | C.A. No. 05-348 L |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37, Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle ("Defendants") move to compel production of documents responsive to Defendants' requests addressed to Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda"). The responses filed by NORAD and Miranda are attached hereto as Exhibits A and B.

With respect to several requests, Plaintiffs have refused to produce any documents after interposing meritless objections. Plaintiffs' responses to other requests are clearly incomplete. Discovery is currently scheduled to close on June 27, 2006, and the requested documents are necessary for upcoming depositions.

Even where contracts have been provided, such as for customers Subaru and Isuzu, NATCO has produced none of the related correspondence that presumably exists.

NORAD's objections should be stricken, and the Court should compel production of all responsive documents.

**The Requests Addressed to Miranda**

As with NORAD's responses, Miranda objects to several of the requests addressed to him on the grounds that the requests seek documents that are irrelevant. *See* Exhibit B (responses 2–6). Like NORAD's relevancy objections, Miranda's objections are baseless because the documents sought are all relevant to the issues that Defendants must prove as part of their counterclaims.

Also the documents that Miranda actually produced appear to be incomplete. As to Request 1, for example, Miranda's tax returns are incomplete or incorrect in that there are gross discrepancies with respect to the income and/or losses reported on Miranda's K-1s and his Schedule Es. Many pages of the computer listings of NATCO's accounts receivable were produced with numbers blacked-out. Specifically, documents bates numbered 2723–30, 2813–36, 1769–91, and 3388–89 are illegible. In addition, the documentation for inter-company transactions between NATCO and NORAD is incomplete because it does not include any documentation of weekly payroll charges made to NORAD on NATCO's books.

Miranda's objections should be stricken, and the Court should compel production of all responsive documents.

Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Providence, RI 02903

scott/A114/1362