UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA,
Plaintiffs,

v.

C.A. NO: 05-348L

TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*
Defendants.

**PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO MICHAEL MIRANDA**

**Request Number 1**:

The first page of your federal tax returns and any accompanying forms 4797 and/or schedules E.

**Response Number 1**:

Refer to the documents attached hereto and marked as Bates Stamp Numbers 1 through 14.

**Request Number 2:**

All K-1 forms received by you or your immediate family from North Atlantic Transport Company of Rhode Island ("NATCO") and/or North Atlantic Distribution, Inc. ("NORAD").

**Response Number 2**:

Plaintiff objects to the portion of Request No. 2 which seeks all K-1 forms received by Michael Miranda or his immediate family from NORAD, as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26 (b)(1). The only relevance of this information is the relationship between NORAD and Michael Miranda and

his immediate family. Plaintiff is not asserting an objection regarding the production of all K-1 forms received by Michael Miranda or his immediate family from NATCO which are attached hereto and marked as Bates Stamp Numbers 15 through 29.

**Request Number 3**:

All documents concerning any bonuses, management fees, dividends, salary or other income you have received from NORAD and/or NATCO, including, but not limited to, any W-2 or 1099 forms.

**Response Number 3**:

Plaintiff objects to the production of all documents concerning any bonuses, management fees, dividends, salary or other income that has been received from NORAD as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26 (b)(1). The only relevance of this information is the relationship between NORAD and Michael Miranda. Plaintiff is not asserting an objection to the W-2 forms which are attached hereto and marked as Bates Stamp Numbers 30 through 35.

**Request Number 4:**

All documents concerning any money lent to you or any member of your immediate family, including money lent without interest, by NORAD or NATCO, including but not limited to, loan agreements, promissory notes, repayment schedules, and/or cancelled checks.

**Response Number 4**:

Plaintiff objects to the production of all documents concerning any money lent to Michael Miranda or any member of his immediate family including money lent without interest by NORAD as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26 (b)(1). The only relevance of this information is the relationship between NORAD and Michael Miranda and his immediate family. Plaintiff does not object to the portion of this request which seeks all documents concerning any money lent to Michael Miranda or any member of his immediate family by NATCO; however, no such documents exist.

**Request Number 5:**

All documents concerning any plasma screen TV's, computer equipment, appliances, motorcycles, Corvettes, Hummers, Jaguars, Mercedes, and/or

motor yachts paid for by NORAD or NATCO and used or operated by you or members of your immediate family.

**Response Number 5**:

Plaintiff objects to the portion of Request Number 5 which seeks all documents concerning any plasma screen TV's, computer equipment, appliances, motorcycles, Corvettes, Hummers, Jaguars, Mercedes, and/or motor yachts paid for by NORAD as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). The only relevance of this information is the relationship between NORAD and Michael Miranda and his immediate family members. Plaintiff is not asserting an objection to all documents concerning any plasma screen TV's, computer equipment, appliances, motorcycles, Corvettes, Hummers, Jaguars, Mercedes, and/or motor yachts paid for by NATCO; however, no such documents exist.

**Request Number 6**

All documents concerning any personal guarantee you have made for the obligations of NORAD or NATCO, including any personal guarantee of any bank loans, equipment leases or other credit.

**Response Number 6**:

Plaintiff objects to the production of all documents concerning any personal guarantee that Michael Miranda has made solely for the obligations of NORAD as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26 (b)(1). The only relevance of this information is the relationship between NORAD and Michael Miranda. Plaintiff does not object to the production of all documents concerning any personal guarantee that Michael Miranda has made for the obligations of NATCO. Refer to the documents which are attached to Plaintiff NORAD's Response to Defendants' First Request for Production of Documents and marked as Bates Stamp Numbers 176 through 1768.

Plaintiffs,
North Atlantic Distribution, Inc.
And Michael Miranda,
By their Attorneys,

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350
(401) 455-0882 (fax)

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within, postage-prepaid, on the 1ST day of February, 2006 to the following:

Christopher H. Little, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\Discovery\Plaintiffs Responses to 1st RFP Addressed to Mike Miranda.doc