LITTLE MEDEIROS KINDER
BULMAN & WHITNEY PC

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney *
Henry R. Kates *
George H. Rinaldi *
Scott K. Pomeroy
Matthew M. Riordan +
Joseph P. Quinn *
Adam J. Chandler *

John D. Deacon, Jr. *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

* Also admitted in Massachusetts

+ Admitted in New York and Connecticut only

April 14, 2006

Max Wistow, Esquire
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903

**RE: North Atlantic Distribution Inc. and Michael Miranda v. Teamsters Local Union No 430; C.A. No. 05-348L**

Dear Max:

We have reviewed carefully the documents that you produced in response to the requests for production which were directed to Mr. Miranda and to NORAD.

Respectfully, we disagree with your interpretation of your duty to respond to NORAD Request Nos. 1, 7, 8, 9 and 10. These document requests are relevant to the underlying single employer/alter ego issues.

As to NORAD Request No. 2, we are entitled, under our single employer claim, to have discovery on the issue of whether NORAD assumed some or all of the work of NATCO. As to NORAD Request No. 3, we are prepared to narrow that request to transfers by or to NATCO or any of the other related companies and to limit it to 2001 through 2004. But, we are, however, entitled to understand to what happened to NATCO's equipment.

As to NORAD Request No. 4, we are entitled to understand the money flow within the operations.

If we can resolve all other issues, we are prepared to defer from a motion relative to Requests 5 and 6. We do intend to press our Request No. 10 directed to NORAD. Getting the journal entries is key to an accounting assessment of the extent of transfers, management fees and inter-company allocations of expenses or income.

As to NORAD Request No. 11, we are entitled to review the information pertaining to improvements to the real estate.

As to certain other requests to which you did not object, the documents that you produced are inadequate or incomplete.

In response to NORAD Request No. 2, you assert that you provided all NATCO contracts and related correspondence. While we do have the Suburu and Isuzu contracts, we do not have anything with VW. NATCO billed over $500,000 to VW in 2001 alone. It does not seem credible to us that that work was done without a single piece of correspondence or a contract. As for Suburu and Isuzu, we have contracts, but no correspondence.

As to Mr. Miranda's tax returns, the following information is incomplete or incorrect:

- There is a 1999 K-1 from NATCO to Miranda showing ordinary income of $45,934 (Bates 000015). However, the Schedule E for 1999 lists income from NATCO as -0- (Bates 000003).

- There is a 2002 K-1 from NATCO to Miranda showing a loss of $435,111 (Bates 000024). However, Miranda's Schedule E for 2002 lists only NORAD (Bates 000010). Where is the NATCO K-1 loss reported on Miranda's tax return? Note that Miranda claimed A $101,000 Schedule C loss for that year.

- In 2003, there is a K-1 from NATCO to Miranda showing a $134,000 loss (Bates 000026). However, Miranda's Schedule E (Bates 000012) shows a $43,000 loss from NATCO. (Note that the Schedule E for 2003 does not show any income or loss from either MAP or VSG, although both of those corporate tax returns showed activity and a loss for 2003).

- In 2004, the K-1 from NATCO to Miranda shows a loss of $87,164 (Bates 000028), however, Miranda's Schedule E shows a loss from NATCO of only $27,000.

You did provide computer listings of activity in NATCO's accounts receivable from NORAD, MAP and VSG. However, a number of the copies appear to have been marked with highlighter before being copied and a substantial number of the figures are blacked out and illegible. Specifically, the following Bates numbers are not legible:

| | |
|---|---|
| A/R – NORAD | Bates Nos. 2723-2730 |
| A/R – MAP | Bates Nos. 2813-2836 |
| A/R – VSG | Bates Nos. 1769-1791 |
| Entertainment | Bates Nos. 3388-3389 |

The documentation for inter-company transactions between NATCO and NORAD is incomplete because it does not include any documentation of weekly payroll charges made to NORAD on NATCO's books.

Would you be so kind as to review your responses again and get back to us. We would obviously like to work this out, if we can do so, without any court intervention.

Thank you.

Very truly yours,

Christopher H. Little

CHL:mib

cc: Thomas McAndrew, Esquire