UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.<br>AND MICHAEL MIRANDA,<br>Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430,<br>TEAMSTERS LOCAL UNION NO. 776,<br>DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776*<br>AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*<br>Defendants. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Now come Plaintiffs North Atlantic Distribution, Inc. and Michael Miranda hereby objecting to Defendants' Motion to Compel Production of Documents which was filed on May 4, 2006. Plaintiffs submit a Memorandum of Law in Support of Plaintiffs' Objection to Defendants' Motion to Compel Production of Documents contemporaneously herewith.

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 19th day of May, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Plfs' Obj to Defs' MTC Production of Docs.doc

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,* Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda") object to Defendants' Teamsters Local No. 430, Teamsters Local Union No. 776, Daniel A. Virtue and John L. Fogle (collectively as "Local 430") Motion to Compel Production of Documents which was filed with this Court on May 4, 2006. On February 1, 2006, Plaintiffs responded to Defendants' Request for Production of Documents by producing 3,641 pages of documentation[1] while simultaneously interposing valid objections to certain

[1] In addition to the 3,641 pages provided by Plaintiffs in the case at bar, Defendants previously received approximately 19,000 pages of documentation in response to a subpoena which Defendants issued in a related case pending with this Court (C.A. No. 05-006L). See attached "Exhibit A." The defendant in that case, North Atlantic Transport Company of Rhode Island ("NATCO"), is the sister company of the Plaintiff in this case, North Atlantic Distribution, Inc. Michael Miranda is the sole shareholder of both corporations. Importantly, NATCO is not a party to the within action.

requests and/or portions of requests issued by Local 430 which are outside of the scope permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## I. FACTS

Local 430 and NATCO were parties to a collective bargaining agreement whereby Local 430 provided truck drivers who operated out of NATCO's York, Pennsylvania terminal. On February 28, 2003, Local 430 obtained a default judgment solely against NATCO in the United States District Court for the Middle District of Pennsylvania (the "Pennsylvania Action") in the amount of $516,815.59 as of February 14, 2003 plus $1,529.28 per day for "liquidated damages until the claim is paid pursuant to Article 15 of the National Master Automobile Transporters Agreement." The judgment entered in the Pennsylvania Action was registered in this Court (Misc. 05-006L) on January 7, 2005. On June 9, 2005, Local 430 advised NORAD and Miranda, for the very first time, that it was seeking to enforce the default judgment in the Pennsylvania Action (previously obtained solely against NATCO) against NORAD and possibly Miranda based upon the "single employer" doctrine.[2]

On August 16, 2005, Plaintiffs filed the within Complaint for Declaratory Judgment which seeks, among other things, a declaration regarding whether NORAD and/or Miranda are responsible to satisfy in who or in part, the judgment entered against NATCO in the Pennsylvania Action. Local 430 filed an answer which asserted three counterclaims against NORAD and/or Miranda on September 30, 2005, requesting that this Court declare that NORAD and/or

---

[2] In addition, Local 430 advised NORAD and Miranda that the judgment had purportedly grown to in excess of $1,810,586.30, exclusive of interest, as of June 9, 2005.

Miranda are alter egos and /or constituted a single employer of NATCO and that Miranda and/or NORAD are liable to satisfy the judgment entered in the Pennsylvania Action.

On December 30, 2005 Local 430 sent requests for production of documents to Miranda and NORAD. See attached "Exhibits A & B." NORAD and Miranda responded to the requests on February 1, 2006 by producing a combined total of 3,641 pages of documentation. See Plaintiffs' Responses to Defendants' First Request for Production of Documents Addressed to North Atlantic Distribution, Inc. attached hereto as "Exhibit C" and Plaintiffs' Responses to Defendants' First Request for Production of Documents Addressed to Michael Miranda attached hereto as "Exhibit D."

## II. ARGUMENT

### A. The Requests Addressed To NORAD

Local 430 seeks to impose liability against Plaintiffs upon a judgment obtained solely against NATCO based upon the alter ego doctrine (federal and corporate) and the single employer doctrine. Plaintiffs' acknowledge that defendant's have every right to obtain (and have in fact obtained): 1. all NATCO documents which are in the possession, custody and control of NORAD and/or Miranda (which have been requested in discovery); and 2. documents of NORAD, Miranda and/or other affiliated entities **which relate to NATCO** (which have been requested in discovery). What NORAD and Miranda have objected to and have refused to produce are documents of NORAD and/or Miranda, which have nothing to do with their relationship with NATCO.

Assuming, arguendo, that Miranda was the alter ego of NORAD (or vice versa) and/or that Miranda and NORAD were single employers, (which NORAD and Miranda steadfastly deny) this would have no relevance to the existing case which turns solely upon Miranda and NORAD's relationship with NATCO. In other words, it is the activities and connections between Miranda/NORAD on the one hand, and NATCO on the other that will be the basis of liability and not those between NORAD and Miranda.

For instance, Request no. 6 seeks "All documents concerning any personal use by Michael Miranda or any member of his immediate family of any motor vehicles purchased or leased, in whole or in part, by NORAD or NATCO." NORAD's response indicates that no documents exist pertaining to NATCO but objects to that portion of the request which seeks documents related to whether NORAD leased vehicles used by Miranda or any member of his immediate family. Similarly, Request no. 8 seeks "all documents concerning the purchase by NORAD or NATCO of any yacht." Again, NORAD's response indicates that no documents exist pertaining to NATCO but objects to that portion of the request which seeks documents related to whether NORAD purchased any yacht. Whether NORAD leased vehicles or purchased a yacht is not relevant to Local 430's alter ego or single employer claims.

Other requests follow a similar pattern (documents pertaining to NATCO, if any, were produced but documents of NORAD which do not relate to NATCO were objected to and were not produced) and are equally outside the scope of Rule 26 not being relevant to the claim or defense of any party: Request no. 1 –

"money loaned or advanced by NORAD or NATCO to Michael Miranda or any member of his immediate family"; Request no. 3 - "all documents concerning any purchase, sale, lease or ownership transfer by or to NORAD or NATCO of physical assets"; Request no. 6 – "all documents concerning any ownership interest NATCO, NORAD, or Michael Miranda or his immediate family has or had in MJM Auto Transport LLC, Boston Port Services, or NORAD Collision Center"; Request no. 9 – "all documents concerning the travel and entertainment expenses incurred by Michael Miranda and any members of his immediate family, paid for by NORAD or NATCO"; Request no. 10 – "the general journal listing all journal entries made to the general ledger of NORAD & NATCO"[3]; and Request no. 11 – "all documents concerning any construction, repair, or improvements made to real property and paid for by NATCO or NORAD."

With regard to request nos. 4 and 5, NORAD produced its responsive documentation (in addition to documents in its possession, control and/or custody which belong to NATCO), contrary to Local 430's assertion. Request no. 4 seeks "all documents concerning any money lent, with or without interest to NORAD or NATCO," and Request no. 5 seeks "all documents concerning the allocation of expenses among and between NORAD, NATCO, North Atlantic Auto Auction, Northeast Stevedoring, MidAtlantic Processing Incorporated and/or Vehicle Services Group of RI, Inc." With regard to Request no. 4, NORAD actually provided hundreds of pages of documentation consisting of

[3] Through the subpoena issued to NATCO, Local 430 has already obtained NORAD's general ledger.

loans which were made jointly to NORAD, NATCO and other entities. What NORAD objected to and refused to produce were any loans made exclusively to NORAD. Similarly, NORAD's response to Request no. 5 included 1,618 pages and specifically states, "Plaintiff is not asserting an objection regarding the production of all documents concerning the allocation of expenses among and between NATCO and any of the other entities identified in Request No. 5."

With regard to Request no. 2, Local 430 alleges that the production appears to be incomplete highlighting the fact that NATCO billed approximately $500,000 to Volkswagen in the year 2001. However, Plaintiffs indicated and continue to indicate that they are not in possession, custody or control of any contracts or agreements or any correspondence concerning such contracts or agreements that NATCO had with Volkswagen. Local 430 can inquire regarding NATCO's invoicing to Volkswagen at one of its upcoming scheduled depositions.

B. The Requests Addressed To Miranda

Similarly, Local 430's requests to Miranda attempt to obtain information which is not relevant to the claim or defense of any party. Miranda's responses provided all documentation in his possession, custody or control, (which was requested) which related in any way to NATCO. Miranda objected to and refused to produce documentation related to his relationship with NORAD and other companies as that documentation has no bearing upon whether NATCO's existence as a separate and distinct corporate entity should be disregarded by virtue of the alter ego and/or single employer doctrines.

The documentation provided by Miranda is complete. Local 430 can inquire into what it perceives as "gross discrepancies with respect to the income and/or losses reported on Miranda's K-1s and his Schedule Es," at its upcoming deposition(s). Perhaps it misunderstands the applicable accounting principles. In any event, the documentation provided is complete.

Finally, Local 430's last two concerns have been addressed. Plaintiff has produced legible copies of documents previously bates stamped as 2723-30, 2813-36, 1769-91, and 3388-89. In addition, documents reflecting weekly payroll charges made to NORAD on NATCO's books have been produced in the form of supplemental discovery.

## III. CONCLUSION

Plaintiffs respectfully request that Local 430's Motion to Compel Production of Documents be denied.

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 19 day of May, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Memo of Law in Support of Plfs' Obj to Defs' MTC Production of Docs.doc