UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC.
AND MICHAEL MIRANDA,
Plaintiffs,

v. C.A. No. 05-348L

TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776*
AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*
Defendants.

DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO MICHAEL MIRANDA

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776, and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776, (hereinafter collectively "Defendants" or "Teamsters"), hereby demand that Plaintiff Michael Miranda (hereinafter "Miranda" or "Plaintiff"), produce the documents described below, for inspection and copying, at the offices of Little Medeiros Kinder Bulman & Whitney, PC,

72 Pine Street, Providence, RI 02903 on February 1, 2006 at 10:00 O'clock in the forenoon.

**Definitions and Instructions**

In responding to these document requests, produce all responsive documents that are within the scope of Federal Rules of Civil Procedure 26 and 34 which are in your possession, custody, or control, including documents in the possession of your corporate officers, affiliates, parents, and subsidiaries, as well as your attorneys, their investigators, and all other persons acting in your behalf. All documents produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in this request.

If any documents are withheld from production on a claim of privilege, or on any other grounds, the claim shall be made expressly and shall be supported by a description of the nature of the documents withheld that is sufficient to enable the party issuing this subpoena to contest the claim.

The following definitions and rules of construction shall apply to these requests for production of documents:

(a) The terms "documents" and "documentation" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Federal Rules of Civil Procedure 34(a) and 45, including, without limitation, e-mails and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(b) The terms "you" and "your" shall mean yourself and all other persons acting or purporting to act on your behalf.

(c) The term "concerning" means, in the broadest sense, comprising, including, relating to, referring to, discussing, describing, evidencing, or constituting in any way.

(d) The term "communication" means the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise. Both oral communications and communications by document are within the meaning of this term unless it is otherwise modified.

(e) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(f) The terms "any" and "all" shall each be construed to mean any or all as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(g) The use of the singular form of any word includes the plural and vice versa.

(h) Unless otherwise stated in the requests for production, these document requests cover the period of time from **January 1, 1999** up to the date of your response to them and are continuing, to the extent Rule 26(e) requires. In the event that any information or any documents come to your attention, possession, custody, or control subsequent to the filing of your responses to these document requests, which materials or information are responsive to any document request, but which were not included in your initial response thereto, please furnish said additional materials to attorneys for defendants as soon as possible.

**Requests for Production**

1. The first page of your federal tax returns and any accompanying forms 4797 and/or schedules E.

2. All K-1 forms received by you or your immediate family from North Atlantic Transport Company of Rhode Island ("NATCO") and/or North Atlantic Distribution, Inc. ("NORAD").

3. All documents concerning any bonuses, management fees, dividends, salary or other

income you have received from NORAD and/or NATCO, including, but not limited to, any W-2 or 1099 forms.

4. All documents concerning any money lent to you or any member of your immediate family, including money lent without interest, by NORAD or NATCO, including but not limited to, loan agreements, promissory notes, repayment schedules, and/or cancelled checks.

5. All documents concerning any plasma screen TV's, computer equipment, appliances, motorcycles, Corvettes, Hummers, Jaguars, Mercedes, and/or motor yachts paid for by NORAD or NATCO and used or operated by you or members of your immediate family.

6. All documents concerning any personal guarantee you have made for the obligations of NORAD or NATCO, including any personal guarantee of any bank loans, equipment leases or other credit.

Defendants,

TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE *in his capacity as*
*President of Teamsters Local Union No. 776*
AND JOHN L. FOGLE *in his capacity as*
*Secretary of Teamsters Local Union No. 776,*

By their attorneys

Christopher H. Little (#1789)
Matthew M. Riordan (#7205)

Little Medeiros Kinder
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 521-3555 (Facsimile)

Certification

I certify that a true copy of the within document was sent postage-prepaid on the 30th day of December, 2005 to:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place
Suite. 205
Providence, RI 02903

Wendy R Novak