UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA,
Plaintiffs,

v.

C.A. NO: 05-348L

TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*
Defendants.

**PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO NORTH ATLANTIC DISTRIBUTION, INC.**

**Request Number 1**:

All Documents concerning any money loaned or advanced by North Atlantic Distribution, Inc. ("NORAD") or North Atlantic Transport Company of Rhode Island ("NATCO") to Michael Miranda or any member of his immediate family.

**Response Number 1:**

Plaintiff objects to the portion of Request No. 1 which seeks all documents concerning any money loaned or advanced by NORAD to Michael Miranda or any member of his immediate family as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). The only possible relevance of this information is the relationship between NORAD and Michael Miranda. Plaintiff is not asserting an objection regarding the production of all documents concerning any money loaned or advanced by NATCO to Michael Miranda or any member of his immediate family; however, no such documents exist.

**Request Number 2:**

All contracts or agreements, and any correspondence concerning such contracts or agreements, that NORAD or NATCO had with Subaru, Isuzu,

Volkswagon, Saab, and/or any other automobile manufacturer, importer, dealer, or distributor.

**Response Number 2:**

Plaintiff objects to the portion of Request No. 2 which seeks all contracts or agreements, and any correspondence concerning such contracts or agreements, that NORAD had with Subaru, Isuzu, Volkswagon, Saab, and/or any other automobile manufacturer, importer, dealer, or distributor as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Plaintiff is not asserting an objection regarding the production of all contracts or agreements, and any correspondence concerning such contracts or agreements, that NATCO had with Subaru, Isuzu, Volkswagon, Saab, and/or any other automobile manufacturer, importer, dealer, or distributor, which are attached hereto and marked as Bates Stamp Numbers 1 through 121.

**Request Number 3**:

All documents concerning any purchase, sale, lease or ownership transfer by or to NORAD or NATCO of physical assets, including but not limited to: heavy equipment, cranes, fork lifts, shipping containers, trucks, trailers, cars, furniture and office equipment.

**Response Number 3:**

Plaintiff objects to the portion of Request No. 3 which seeks all documents concerning any purchase, sale, lease or ownership transfer by or to NORAD of physical assets, including but limited to: heavy equipment, cranes, fork lifts, shipping containers, trucks, trailers, cars, furniture and office equipment as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Plaintiff is not asserting an objection regarding the production of all documents concerning any purchase, sale, lease or ownership transfer by or to NATCO of physical assets, (including but not limited to: heavy equipment, cranes, fork lifts, shipping containers, trucks, trailers, cars, furniture and office equipment) which are attached hereto and marked as Bates Stamp Numbers 122 through 175.

**Request Number 4:**

All documents concerning any money lent, with or without interest, to NORAD or NATCO, including any loans, credit agreements, financing agreements, credit or loan applications, security agreements, promissory notes, and guarantees.

**Response Number 4:**

Plaintiff objects to the portion of Request No. 4 which seeks all documents concerning any money lent with or without interest solely to NORAD including any loans, credit agreements, financing agreements, credit or loan applications, security agreements, promissory notes and guarantees as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Plaintiff is not asserting an objection regarding the production of all documents concerning any money lent with or without interest to NATCO including any loans, credit agreements, financing agreements, credit or loan applications, security agreements, promissory notes, and guarantees which are attached hereto and marked as Bates Stamp Numbers 176 through 1768.

**Request Number 5:**

All documents concerning the allocation of expenses among and between NORAD, NATCO, North Atlantic Auto Auction, Northeast Stevedoring, North Atlantic Transport Company of Rhode Island, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc., including but not limited to the allocation of insurance costs, lease costs, payroll, employee benefits, travel and other expenses.

**Response Number 5:**

Plaintiff objects to the portion of Request No. 5 which seeks all documents concerning the allocation of expenses among and between NORAD, North Atlantic Auto Auction, Northeast Stevedoring, MidAtlantic Processing Incorporated and/or Vehicle Services Group of RI, Inc. as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Plaintiff is not asserting an objection regarding the production of all documents concerning the allocation of expenses among and between NATCO and any of the other entities identified in Request No. 5 which are attached hereto and marked as Bates Stamp Numbers 1769 through 3387.

**Request Number 6:**

All documents concerning any ownership interest NATCO, NORAD, or Michael Miranda or his immediate family has or had in MJM Auto Transport LLC, Boston Port Services, or Norad Collision Center.

**Response Number 6:**

Plaintiff objects to the portion of Request No. 6 which seeks all documents concerning any ownership interest NORAD or Michael Miranda or his

immediate family has or had in MJM Auto Transport, LLC, Boston Port Services, or Norad Collision Center as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Plaintiff is not asserting an objection regarding the production of all documents concerning any ownership interest NATCO had in MJM Auto Transport, LLC, Boston Port Services, or Norad Collision Center; however, no such documents exist.

**Request Number 7:**

All documents concerning any personal use by Michael Miranda or any member of his immediate family of any motor vehicles purchased or leased, in whole or in part, by NORAD or NATCO.

**Response Number 7:**

Plaintiff objects to the portion of Request No. 7 which seeks all documents concerning any personal use by Michael Miranda or any member of his immediate family of any motor vehicles purchased or leased, in whole or in part, by NORAD as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). The only possible relevance of this information is the relationship between NORAD and Michael Miranda. Plaintiff is not asserting an objection regarding the production of all documents concerning any personal use by Michael Miranda or any member of his immediate family of any motor vehicles purchased or leased, in whole or in part, by NATCO; however, no such documents exist.

**Request Number 8:**

All documents concerning the purchase by NORAD or NATCO of any yacht, including but not limited to the purchase of any Sea Ray or Viking yacht from Bassett Boat Company.

**Response Number 8:**

Plaintiff objects to the portion of Request No. 8 which seeks all documents concerning the purchase by NORAD of any yacht, including but not limited to the purchase of any Sea Ray or Viking yacht from Bassett Boat Company as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). The only possible relevance of this information is the relationship between NORAD and Michael Miranda. Plaintiff is not asserting an objection regarding the production of all documents concerning the purchase by NATCO of any yacht, including but not limited to the purchase of any Sea Ray or Viking yacht from Bassett Boat Company; however, no such documents exist.

**Request Number 9:**

All documents concerning the travel and entertainment expenses incurred by Michael Miranda and any members of his immediate family, paid for by NORAD or NATCO, including but not limited to tickets to New England Patriot Football games, restaurant expenses, and travel to Hawaii.

**Response Number 9:**

Plaintiff objects to the portion of Request No. 9 which seeks all documents concerning the travel and entertainment expenses incurred by Michael Miranda and any members of his immediate family, paid for by NORAD, including but not limited to tickets to New England Patriot Football games, restaurant expenses, and travel to Hawaii. The only possible relevance of this information is the relationship between NORAD and Michael Miranda. Plaintiff is not asserting an objection regarding the production of all documents concerning the travel and entertainment expenses incurred by Michael Miranda and any members of his immediate family, paid for by NATCO, (including but not limited to tickets to New England Patriot Football games, restaurant expenses, and travel to Hawaii) which are attached hereto and marked as Bates Stamp Numbers 3388 through 3410.

**Request Number 10:**

The general journal listing all journal entries made to the general ledger of NORAD & NATCO.

**Response Number 10:**

Plaintiff objects to the portion of Request No. 10 which seeks the general journal listing all journal entries made to the general ledger of NORAD as this documentation is not relevant to the claim or defense of any party and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Plaintiff is not asserting an objection regarding the production of the general journal listing all journal entries made to the general ledger of NATCO which are attached hereto and marked as Bates Stamp Numbers 3411 through 3607.

**Request Number 11:**

All documents concerning any construction, repair, or improvements made to real property and paid for by NATCO or NORAD.

**Response Number 11:**

Plaintiff objects to the portion of Request No. 11 which seeks all documents concerning any construction, repair, or improvements made to real property

and paid for by NORAD as this documentation is not relevant to this claim or defense of any party, and as such is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Plaintiff is not asserting an objection regarding the production of all documents concerning any construction, repair, or improvements made to real property and paid for by NATCO; however, no such documents exist.

Plaintiffs,
North Atlantic Distribution, Inc.
And Michael Miranda,
By their Attorneys,

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350
(401) 455-0882 (fax)

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within, postage-prepaid, on the 1st day of February, 2006 to the following:

Christopher H. Little, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

Jeffrey A. Meyer

F:\Miranda, Mike (NORAD) #6523\Discovery\Plaintiffs Responses to 1st RFP Addressed to NORAD.doc