UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC.
AND MICHAEL MIRANDA,
Plaintiffs,

V. C.A. NO: 05-348L

TEAMSTERS LOCAL UNION NO. 430,
TEAMSTERS LOCAL UNION NO. 776,
DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776*
AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*
Defendants.

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PROVIDE MORE RESPONSIVE RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Now come the Plaintiffs requesting an Order from this Honorable Court compelling Defendants to Provide More Responsive Responses to Plaintiffs' First Request for Production of Documents to Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776 and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776 which were served by the Plaintiffs on March 2, 2006. Plaintiffs submit a Memorandum of Law in Support of Plaintiffs' Motion to Compel Defendants to Provide More Responsive Responses to Plaintiffs' First Request for Production of Documents contemporaneously herewith.

Plaintiffs,

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 19th day of May, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Plaintiffs' MTC Defendants to Provide More Responsive Responses to Plaintiffs' First RFP.doc

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,* Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PROVIDE MORE RESPONSIVE RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda") respectfully request an Order compelling Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776 and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776 (collectively, "Local 430") to provide more responsive responses to Plaintiffs' First Request for Production of Documents to Local 430.

## I. FACTS

On March 2, 2006, Plaintiffs forwarded Plaintiffs' First Request for Production of Documents to Local 430 which contained seven requests. See attached "Exhibit A." On or about May 4, 2006, Plaintiffs received Defendants'

Response to Plaintiffs' First Request for Production as well as a DVD containing 22,876 pages of documentation (which consists of 7 boxes when printed). See attached "Exhibit B." Each of Local 430's seven responses indicates that "Defendants will produce all non-privileged documents responsive to this request," without identifying which of the 22,876 pages of documentation supplied to Plaintiffs it is relying upon as its response to the seven different requests. Plaintiffs are thus put in the position of searching for a needle in a haystack. In addition, Local 430 asserts general objections of attorney-client privilege and/or work product doctrine which it incorporates into each of its seven responses, but fails to provide a privilege log contrary to the specific instructions contained in Plaintiffs' First Request for Production of Documents.

On the same date that Local 430 provided its response to Plaintiffs' Request for Production, Local 430 provided Defendants' Response to Plaintiffs' First Set of Interrogatories.[1] Three of the seven requests contained in Plaintiffs' First Request for Production are parallel to three interrogatories which were propounded by Plaintiffs as follows:

**Request No. 1**: All documents which support your contention, in whole or in part, that "NATCO, NORAD, and Miranda constitute a single employer for purposes of the CBA here at issue."

**Interrogatory No. 1**: State all facts upon which you base your contention that, "NATCO, NORAD and Miranda constitute a single employer for the

---

[1] Plaintiffs have also filed a separate Motion to Compel Local 430 to Provide More Responsive Answers to Interrogatories which is a separate and independent Motion. However, Local 430's answers to three interrogatories which are virtually identical to three requests for production of documents, reference in excess of 19,000 documents (per response). To the extent that Local 430 attempted to incorporate its answers to interrogatories into its response to Plaintiffs' First Request for Production of Documents (or will attempt to do so in the future), its response is still inadequate, as will be discussed herein.

purposes of the CBA here at issue," as set forth in paragraph No. 13 of Defendants' Counterclaims.

**Request No. 2**: All documents which support your contention, in whole or in part, that "under the Federal Labor Law, Miranda, NATCO and NORAD are all alter egos of one another for purposes of the CBA and arbitration award here at issue."

**Interrogatory No. 4**: State all facts upon which you base your contention that "under the federal labor law, Miranda, NATCO, and NORAD are all alter egos of one another for purposes of the CBA and arbitration award here at issue," as set forth in Paragraph No. 17 of Defendants' Counterclaims.

**Request No. 3**: All documents which support your contention, in whole or in part, that "Miranda is an alter ego of NATCO as that doctrine has developed under corporate law."

**Interrogatory No. 12**: State all facts upon which you base your contention that "Miranda is also an alter ego of NATCO as that doctrine has developed under corporate law" as stated in paragraph No. 25 of Defendants' Counterclaims.

Defendants' Answer to Interrogatory No. 1 directs Plaintiffs to 19,301 pages of the 22,876 pages of documentation provided by Local 430. Local 430's Answer to Interrogatory No. 4 directs Plaintiffs to in excess of 19,139 pages of documentation.[2] With regard to Interrogatory No. 12, Local 430 has directed Plaintiffs to 19,110 pages of documentation. To the extent that Local 430 seeks to incorporate its answers to interrogatories into its responses to Plaintiffs' Request for Production of Documents (or will attempt to do so in the future), its response is still inadequate.

---

[2] A portion of Local 430's response appears to be a typographical error as it refers Plaintiffs to documents T16020-1649. Therefore, it is unclear exactly how many documents Local 430 is relying upon in its answer to Interrogatory No. 4.

## II. ARGUMENT

Plaintiffs' Motion addresses three issues. First, Local 430's assertion of the work product doctrine (in each of its seven "responses") must be stricken because none of the documents provided were prepared in anticipation of litigation. Furthermore, to the extent that Local 430's attorneys' process of identifying responsive documents reveals "opinion" work product, the First Circuit has ruled in these circumstances, that disclosure is required. Second, Local 430 must be compelled to separately respond to each of the seven requests contained in Plaintiffs' Request for Production of Documents by identifying precisely which documents it is relying upon in response to each individual request. Finally, Local 430 must be ordered to respond to the individual requests by identifying only the responsive documentation as opposed to referring plaintiffs to in excess of 19,000 pages of documents as its response to each request (as it has already done in its Answers to Plaintiffs' Interrogatories).

### A. Local 430's Assertion Of The Work Product Doctrine Must Be Overruled

Defendants' Response to Plaintiffs' First Request for Production includes a general objection which is incorporated into each of the seven responses which indicates that "Defendants object to this set of requests for production to the extent that any request seeks any trial preparation materials or any information or documents protected by the attorney/client privilege or the work product doctrine." By asserting the work product doctrine, Local 430 is indicating that it is not required to identify the specific documents responsive

to Plaintiffs' seven requests because by doing so, it's attorneys' mental impressions will be revealed. However, the First Circuit Court of Appeals has dismissed this very argument and required the disclosure of "opinion" work product where the disclosure merely accelerates that which will be disclosed later on. The information sought by Plaintiffs will be utilized by Local 430 during the course of trial, therefore, disclosure is required.

In San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007 (1st Cir. 1988), the First Circuit Court of Appeals considered whether the work product doctrine prohibited a magistrate from requiring "parties taking depositions to identify, five days beforehand, the exhibits which they intended to utilize at deposition." Id. at 1009. In San Juan Dupont Plaza Hotel Fire Litigation, "Plaintiffs' representatives complained that such a paradigm, if sanctioned, would require disclosure of attorney work product." Id. The First Circuit Court of Appeals began by ruling that "not every item which may reveal some inkling of lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product. Were the doctrine to sweep so massively, the exception would hungrily swallow-up the rule." Id. at 1015. The Court ruled further that "some materials do not merit heightened protection because, despite the revelations they contain as to an attorney's thought processes, the lawyer has had no justifiable expectation that the mental impressions revealed by the materials will remain private." The First Circuit ruled that the key factor in determining whether "opinion" work product is protected or not is whether the information will probably come to light during the course of trial:

> To a certain extent, discovery responses can be viewed through the same glass. The Civil Rules illustrate this proposition by allowing litigants regularly to gain revelatory information from their opponents in certain circumstances. For example, Fed.R.Civ. P. 33(b) permits a party to serve interrogatories which require the opposing party, in framing an answer, to render an opinion or spell out a contention that relates to the application of law to fact; Fed.R.Civ.P. 36(a) validates requests for admissions that relate to opinions of divers[e] kinds; Fed.R.Civ.P. 26(b)(4) enables a resourceful litigant to obtain important insights into opposing counsel's opinions and legal theories, providing, inter alia, for disclosure of the identity of expert witnesses and production of the "substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Id. **The key factor distinguishing such materials from protected opinion work product is that, even absent compelled disclosure, the information will probably come to light during the course of trial, if not before. The rules do not compel the disclosure of matters which would likely remain inviolate in the bosom of the lodge; they merely accelerate disclosure of matters that would probably be revealed in due course.** As to materials of the latter ilk, the attorney – though he has invested his ratiocinatory capital – has a relatively low expectation of ultimate privacy; indeed, precisely the reverse is often true. When framing, say, a response to a contention interrogatory, the lawyer – far from anticipating that the inferences gleanable from his preparation will remain the darkest of secrets – knows that the inferences will become common knowledge among those connected with the litigation. In real-world terms, the better the lawyer, the more he is likely to seek, whether or not *sotto voce,* to raise and advance his theory of the case through the answer.

Id. Local 430 must be compelled to respond separately to all seven requests contained within Plaintiffs' First Request for Production by identifying which documents that it is relying upon as to each request. This disclosure merely accelerates that which will be revealed in due course at trial. The case at bar is

indistinguishable from San Juan Dupont Plaza Hotel Fire Litigation, therefore, Local 430 cannot be allowed to assert the work product doctrine as a means to evade its obligations under Rule 34.

B. Local 430 Must Respond To Each Particular Request

Local 430 has simply provided Plaintiffs with a disk with 22,877 pages of Bates stamped documents. Apart from the Bates stamp numbers, Local 430 has neither indexed nor otherwise categorized its response to correspond to the seven requests contained in Plaintiffs' First Request for Production of Documents.

Rule 34(b) of the Federal Rules of Civil Procedure clearly provides that, "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or **shall organize and label them to correspond with the categories in the request**." (Emphasis added). The advisory committee's note (1980) indicates that this requirement was added in 1980 because "[i]t is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance." Fed. R. Civ. P. 34(b) advisory committee's note (1980). That is exactly what Defendants have done here.

Citing to Fed. R. Civ. P. 34(b), the U.S. District Court for the Western District of North Carolina in T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449 (W.D.N.C. 1991) required a defendant to specifically categorize the documents that it produced in response a plaintiff's request for production. Specifically, the defendant produced a number of documents

"numbered M0000001 to M0000789 . . . in no apparent order and . . . not labeled as responsive to any particular request." Id. at 456. Indeed, the court found that "the documents were produced in a box in no discernable order." Id. In holding that Federal Rule 34 requires more of an organized response, the court observed that "**the Defendant obviously has the ability to inform Plaintiff which of the produced documents respond to particular requests for production** . . . ." Id. (Emphasis added). Accordingly, the court required "Defendant to organize the documents [which were produced] in a manner clearly indicating which of these documents respond to Plaintiff's specific requests for production." Id.

Clearly Local 430's production of in excess of 22,000 pages of documentation (more than 22 times the amount produced in T.N. Taube Corp., supra) without indicating which of the documents respond to Plaintiffs' seven specific requests for production is inadequate and does not comply with Rule 34(b) of the Federal Rules of Civil Procedure.

C. Assuming Local 430 Wishes To Incorporate Its Answers To Interrogatories Into Its Responses To Plaintiffs' Request For Production, The Interrogatory Answers Are Insufficient

Assuming that at oral argument (or in response to this Motion) Local 430 refers this Court to its answers to Interrogatory Nos. 1, 4 and 12 as its response to Request Nos. 1, 2 and 3, those responses are deficient[3] because the responses simply direct Plaintiffs to in excess of 19,000 pages of the 22,000 pages of documents which Local 430 produced in this matter. Local 430

[3] This still leaves four requests of the seven which do not have a corresponding interrogatory.

should be required to identify the specific documents upon which it relies in response to each of Plaintiffs' seven requests. It must not be allowed to mix unresponsive documents with responsive documents as it has done in its answers to interrogatories. For instance, Plaintiffs' First Request seeks all documents which support Local 430's contention as set forth in its counterclaim that NATCO, NORAD and Miranda constitute a single employer for purposes of the CBA here at issue. Local 430's response to Interrogatory No. 1 directs Plaintiffs to 19,301 pages of documentation which cannot possibly all be relevant to that issue. To establish the lack of relevance, Plaintiffs have selected some sample documents which are attached hereto as Exhibits C, D and E. It seems patent to Plaintiffs that these documents cannot reasonably be relied upon by Local 430 in support of its contention that NATCO, NORAD and Miranda constitute a single employer for purposes of the CBA here at issue. Exhibit C is ten pages relating to personal automobiles leased by NORAD. Next, Exhibit D consists of several pages of invoices from Waste Management of Rhode Island to NORAD. Finally, Exhibit E contains invoices from McGovern Noel & Benik, Incorporated to NORAD. It is readily apparent from these three examples that Local 430 has simply referred Plaintiffs to in excess of 19,000 pages of documentation, much of which is irrelevant and unresponsive, in an effort to obscure which documents are, in fact, arguably relevant, instead of fulfilling its obligation to identify responsive documents to Plaintiffs' request.

## III. Conclusion

Plaintiffs respectfully request an Order from this Court compelling Local 430 to provide more responsive responses to Plaintiffs' First Request for Production of Documents.

Plaintiffs,

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 19th day of May, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Memo of Law in Support of Plaintiffs' MTC Defendants to Provide More Responsive Respones to Plaintiffs' First RFP.doc