UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | C.A. No. 05-348 L |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle ("Defendants") hereby respond to the First Request for Production propounded by Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda").

**General Objections**

Defendants object to this set of requests for production to the extent that any request seeks any trial preparation materials or any information or documents protected by the attorney-client privilege or the work product doctrine.

Defendants also object to this set of requests for production to the extent that Plaintiffs seek documents that are not within the possession, custody, or control of the Defendants. Defendants believe that many documents responsive to this set of requests for production are in

the possession of Plaintiffs or of North Atlantic Transport Co. of Rhode Island ("NATCO") but are not in the possession of Defendants. Defendants' efforts to uncover such materials through their own discovery of Plaintiffs and NATCO (collectively the "Miranda Entities") is ongoing. In accordance with the Federal Rules of Civil Procedure, Defendants will supplement their responses as necessary.

The foregoing general objections are deemed to be incorporated and made a part of each of the following individual responses.

**Requests**

**Request No. 1**

All documents which support your contention, in whole or in part, that "NATCO, NORAD, and Miranda constitute a single employer for purposes of the CBA here at issue."

**Response to Request No. 1**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Request No. 2**

All documents which support your contention, in whole or in part, that "under the Federal Labor Law, Miranda, NATCO and NORAD are all alter egos of one another for purposes of the CBA and arbitration award here at issue."

**Response to Request No. 2**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Request No. 3**

All documents which support your contention, in whole or in part, that "Miranda is an alter ego of NATCO as that doctrine has developed under corporate law."

**Response to Request No. 3**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Request No. 4**

All documents, executed or unexecuted, between NATCO and Local 430 which constituted the collective bargaining agreement between those parties for the period beginning January 1, 1999 through December 31, 2004.

**Response to Request No. 4**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Request No. 5**

All documents, executed or unexecuted, between NORAD and Local 430 which constituted the collective bargaining agreement between those parties for the period beginning January 1, 1999 through December 31, 2004.

**Response to Request No. 5**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Request No. 6**

All documents, executed or unexecuted, between Michael Miranda personally and Local 430 which constituted the collective bargaining agreement between those parties for the period beginning January 1, 1999 through December 31, 2004.

**Response to Request No. 6**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Request No. 7**

All documents that support Local 430's Answers to Interrogatories propounded by Plaintiffs.

**Response to Request No. 7**

Subject to and without waiving the foregoing general objections and subject to and without waiving the objections contained in Defendants' responses to Plaintiffs' First Set of Interrogatories, all of which are hereby made a part of this response and incorporated by reference, Defendants will produce all non-privileged documents responsive to this request.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

Tel: (401) 272-8080
Fax: (401) 521-3555

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4th, 2006, I caused to be served by first class mail, postage prepaid, a true copy of the within Response to Plaintiffs' First Request for Production to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

[signature]

scott/A114/1339