**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | ) | C.A. No. 05-348 L<br><br>**EMERGENCY/EXPEDITED RELIEF REQUESTED UNDER L.R. Cv. 9** |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rules 26(c), Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776, and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776 (collectively "Teamsters 430") move for a protective order to quash the Notice of Rule 30(b)(6) Deposition served on May 26, 2006 by Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda. Pursuant to Rules 26(c) and 37(a)(4), Teamsters 430 also seeks an award of its reasonable expenses in making this motion, including its attorneys' fees. In support of this

motion, Teamsters 430 relies upon the memorandum of law filed herewith and incorporated herein.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

Date: June 6, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2006, I served a copy of the within Motion for a Protective Order by hand delivery to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R. Novak

scott/A114/1400

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | ) | C.A. No. 05-348 L<br><br>**EMERGENCY/EXPEDITED RELIEF REQUESTED UNDER L.R. Cv. 9** |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rules 26(c), Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776, and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776 (collectively "Teamsters 430") move for a protective order with respect to the Notice of Rule 30(b)(6) Deposition served on May 26, 2006 by Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda. A copy of the Deposition Notice is attached hereto as Exhibit A. Counsel for Teamsters 430 certifies that they have attempted to confer in good faith with Plaintiffs' counsel to resolve this matter prior to filing this motion. *See* Exhibits B and C. Pursuant to Rules 26(c) and 37(a)(4), Teamsters 430 also seeks an award of its reasonable expenses in making this motion, including its attorneys' fees.

In violation of Rules 26 and 30, Plaintiffs' Deposition Notice improperly seeks to have Defendants designate a witness to testify to information that is well beyond the proper scope of discovery. First, the information sought is not "known or reasonably available" to Teamsters 430 because it concerns the intimate business and financial details of the operations of Plaintiffs' businesses. *See* Fed. R. Civ. P. 30(b)(6). Such facts can reasonably be determined by Teamsters 430 only through Teamsters 430's own discovery and investigation of the Plaintiffs' business operations, which is ongoing. Moreover, it is obvious from the tenor of Plaintiffs' Deposition Notice that they improperly seek to use Rule 30(b)(6) to elicit information that is protected by the attorney work-product doctrine. *See*, *e.g.*, S.E.C. v. Buntrock, 217 F.R.D. 441 (N.D. Ill. 2003). In addition, the Deposition Notice is unreasonably cumulative, duplicative, and burdensome in light of the fact that Teamsters 430 has already provided detailed, written responses to contention interrogatories that concern a nearly identical set of issues. *See* Fed. R. Civ. P. 26(b)(2). A copy of Teamster 430's interrogatory responses is attached hereto as Exhibit D. Finally, to the extent that there are any subject areas in the Deposition Notice that are permissible areas for deposition discovery, Plaintiffs gave Teamsters 430 an unreasonably short and inadequate time to identify and prepare a designee to testify.

Relief is necessary on an emergency/expedited basis because Plaintiffs have noticed the deposition for June 8, 2006.

**Argument and Analysis**

Under Rule of Civil Procedure 26(c), the Court "for good cause" may issue protective orders to limit or eliminate discovery requests that exceed the bounds of permissible discovery. R. Fed. Civ. P. 26(c). Here, there is good cause for the Court to order that the requested Rule 30(b)(6) deposition not be had because the Rule 30(b)(6) designations and testimony sought

amount to little more than an harassing attempt to depose opposing counsel to ascertain how Plaintiffs intend to marshal the facts, documents, and testimony in this case and discover the inferences that Plaintiffs believe might be drawn from that evidence.

Rule 30(b)(6) generally requires that a party receiving a deposition notice under the rule designate one or more officers, directors, or other persons to testify on its behalf regarding the subject areas identified in the deposition notice. However, that rule also provides that the party responding to the notice need only designate witnesses to testify to "matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Moreover, Rule 26 provides, in relevant part,

> The frequency or extent of use of the discovery methods otherwise permitted under these rules . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . .

Fed. R. Civ. P. 26(b)(2).

In addition to such limitations, the rules also place a heavy burden on parties that seek to discover the work-product of their opponents. Under Rule 26(b)(3), so-called "factual" or "ordinary" work-product information is available

> only upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of the party's case and that the party is unable without *undue hardship* to obtain the substantial equivalent of the materials by other means.

*Id.* (emphasis added). However, even where a substantial need and undue hardship are shown, the Court must still "protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.*; *See, e.g.*, In re San Juan DuPont Plaza Hotel Fire Lit., 859 F.2d 1007, 1014–15 (1st Cir. 1988)(distinguishing between the two categories of work product). Such "opinion" or

"core" work product enjoys an "almost absolute immunity" from disclosure. *See* In re Cedant Corp. Securities Lit., 343 F.3d 658, 663 (3d Cir. 2003); Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000).

Thus, the work-product doctrine "protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party." Maine v. Department of the Interior, 298 F.3d 60, 66 (1st Cir. 2002). "The rule facilitates zealous advocacy in the context of an adversarial system of justice by ensuring that the sweat of an attorney's brow is not appropriated by the opposing party." In re Grand Jury Subpoena, 274 F.3d 563, 574 (1st Cir. 2001)(citing Hickman v. Taylor, 329 U.S. 495, 511 (1947)). Courts have taken an especially critical view of efforts, like those of Plaintiffs here, to depose an opposing party regarding "facts" that the opponent has only learned though its own discovery or investigation of the party seeking the deposition. *See* F.T.C. v. U.S. Grant Resources, LLC, 2004 WL 1444951 (E.D. La. 2004); S.E.C. v. Buntrock, 217 F.R.D. 441, 445 (N.D. Ill. 2003); S.E.C. v. Rosenfeld, 1997 WL 576021 (S.D.N.Y. 1997); E.E.O.C. v. HBE Corp., 157 F.R.D. 465, 466 (E.D. Mo. 1994); S.E.C. v. Morelli, 143 F.R.D. 42, 46–47 (S.D.N.Y. 1992); N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85–86 (1987).

In Buntrock, for example, the Court found that a deposition notice—like the one at issue here—sought the "practical equivalent" of the deposition of opposing counsel. Buntrock involved a civil suit in which the SEC alleged that Buntrock had fraudulently manipulated WMI's stock price. In discovery, Buntrock noticed a Rule 30(b)(6) deposition to the SEC regarding, *inter alia*, the allegedly false and misleading statements in WMI's financial statements and reports and WMI's allegedly fraudulent accounting practices, including details of each alleged violation of GAAP and why and how GAAP was violated. All of the underlying

information, of course, had come to the SEC only through its investigation of Buntrock and WMI. In quashing the deposition, the Buntrock court first found that compliance with "the 30(b)(6) notice would necessarily involve the testimony of attorneys assigned to this case, or require those attorneys to prepare other witnesses to testify." *Id.* at 444. Either way, reasoned the court, the deposition, if allowed, "would include disclosure of SEC attorneys' legal and factual theories." *Id.* Thus, the court concluded the "discovery is intended to ascertain how the SEC intends to marshal its facts, documents, and testimonial evidence, and to discover the inferences the SEC believes can be drawn from that evidence." *Id.* at 445.

Relying on Shelton v. American Motors Corp., 805 F.2d 1223, 1327 (8th Cir. 1986), the Buntrock court next observed that depositions of opposing counsel are only permitted where the party seeking the deposition can show "(1) no other means exist to obtain the information; (2) the information sought is relevant and non-priveleged; and (3) the information sought is crucial to the preparation of the case." *Id.*, 217 F.R.D. at 445. However, the court found that Buntrock could not make any such showing: "Obviously, what Buntrock describes as 'facts' are not merely facts at all, but legal theories and explanations of those theories: the SEC's legal position in this case, and how it arrived at that position. He is certainly not entitled to that kind of discovery." *Id.* at 446.

Likewise, in F.T.C. v. U.S. Grant Resources, LLC, the court granted a protective order where the deposition notice, although framed in terms of facts, was simply an improper attempt to discover opposing counsel's thoughts and opinions. "[A] close reading," explained the court,

> reveals that defendants seek to discover the FTC's theories as to the underlying facts, the extent of the FTC's knowledge (how much it knows and how much it does not know) as a result of the investigative efforts of its attorneys, counsel's impressions regarding the significance of the facts, the nature of the FTC's work product, the FTC's legal position and how it arrived at that position. The defendants are not entitled to that kind of discovery.

2004 WL 1444951 at *10; *see also* S.E.C. v. Rosenfeld, 1997 WL 576021 (S.D.N.Y. 1997); E.E.O.C. v. HBE Corp., 157 F.R.D. 465, 466 (E.D. Mo. 1994); S.E.C. v. Morelli, 143 F.R.D. 42, 46–47 (S.D.N.Y. 1992).

Plaintiffs' requests here, at least superficially, appear to seek only factual information. However, like the noticing parties in Buntrock, U.S. Grant, and Rosenfeld, Plaintiffs are, in substance, seeking the core opinion work-product of Teamsters 430's counsel. This becomes obvious when the Court considers that the "facts" that Plaintiffs purportedly seek are *not* matters "known or reasonably available" to Teamsters 430, but instead concern numerous, specific details of the internal operations of and dealings between Miranda, NORAD, NATCO, and other Miranda-controlled entities. These are facts and details that Teamsters 430 can only come to know through its own discovery of NORAD's and NATCO's shared business expenses, shared customers, common assets, common control, and internal finances. Teamsters 430's discovery into these areas is ongoing, and Plaintiffs' refusal to produce additional responsive documents necessary for Teamster 430's investigation has spawned motion practice.

Thus, Plaintiffs are not truly seeking that Teamsters 430 provide them with discoverable information or "facts" concerning Plaintiffs' business operations and financial dealings. Rather, they seek a deposition to determine whether and to what extent Plaintiffs have learned of such facts as are already known to Plaintiffs—in essence, Plaintiffs seek opposing counsel's opinions, theories, and conclusions about how they will prove such matters at trial. There is simply no basis for Plaintiffs to demand access to such core work product.

Even to the extent that Plaintiffs seek ordinary or factual work-product as opposed to the opinions and theories of Teamsters 430's counsel, Plaintiffs have no substantial or compelling need for this deposition. To the extent Plaintiffs need factual discovery into the details of their

own financial and business dealings, they could simply call upon their own officers and employees directly. This would be more reasonable and more convenient than demanding that Teamsters 430 prepare a Rule 30(b)(6) witness with regard to such matters using the incomplete discovery that Teamsters 430 has, so far, obtained from Plaintiffs. Moreover, Teamsters 430 has already provided Plaintiffs with detailed answers to contention interrogatories that inquire into the same subjects as the Deposition Notice. *See* Exhibit D. In accordance with the rules, Teamsters 430 has answered Plaintiffs interrogatories to the extent it can, given the ongoing nature of discovery, and indicated that it will supplement its answers as and when Plaintiffs provide additional responsive materials.

In sum, there is no basis for Plaintiffs to demand that Teamsters 430 designate a Rule 30(b)(6) witness to testify on matters that are directly known to Plaintiffs but known to Teamsters 430 only through its discovery efforts in this case. Requiring such a designation would be unreasonable, unduly burdensome, and needlessly duplicative. Teamsters 430 has already provided detailed interrogatory answers concerning the discovery it has obtained so far. Moreover, counsel's thoughts, opinions, and theories as to the significance and evidence of such facts are not discoverable. Plaintiffs' May 26, 2006 Deposition Notice is nothing but an abusive

and harassing tactic that this Court should not condone. For the foregoing reasons, Teamsters 430 requests that this Court issue a protective order and quash Plaintiffs' Notice of Deposition.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

Date: June 6, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2006, I served a copy of the within Memorandum in Support of Defendants' Motion for a Protective Order by hand delivery to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R Novak

scott/A114/1401