UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.<br>AND MICHAEL MIRANDA,<br>Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430,<br>TEAMSTERS LOCAL UNION NO. 776,<br>DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776*<br>AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*<br>Defendants. | : | |

**AMENDED NOTICE TO TAKE DEPOSITION**

Deponent: Teamsters Local Union No. 430 through its successor Teamsters Local Union No. 776

Date: Monday, June 26, 2006

Time: 10:00 a.m.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Court Rules of Civil Procedure, the attorneys for plaintiffs in the above-captioned matter will take the deposition of the above-named organization which examination will continue from day to day until completed, the same to commence on the date and time above stated at the offices of **Wistow & Barylick Incorporated**, 61 Weybosset Street, Providence, Rhode Island, before a Notary Public duly commissioned in the State of Rhode Island. The deponent has been requested to serve and file, prior to the deposition, a written

designation which identifies one or more officers, directors, or managing agents, or other person who consent to testify on its behalf which shall set forth, for each person designated, the matters on which the person will testify with respect to the matters which are set forth in Exhibit A.

Plaintiffs,

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

# CERTIFICATION

I hereby certify that I hand-delivered a copy of the within, postage-prepaid, on the 6th day of June, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Daria L. Souza

# EXHIBIT A

1. All facts relied upon in support or your contention that "NATCO, NORAD and Miranda constitute a single employer for purposes of the CBA here at issue," as set forth in Paragraph No. 13 of Defendants' Counterclaims.

2. All facts in support of your contention that "The operations of NATCO, NORAD and Miranda were completely integrated. Business expenses, physical plant, customer relationships, equipment leases, and liability for corporate financing were all shared among the various entities," as set forth in Paragraph No. 14 of Local 430's counterclaims. This request includes, but is not limited to, the following:

   a. the date, nature and amount of each shared business expense and the identity of the parties that shared each expense;

   b. the date(s) and identities of parties that shared physical plant(s) as well as the address(es) of the shared plant(s);

   c. the identity of shared customers, the identity of individuals/companies that shared customers and the time period(s) that the customers were shared;

   d. the identity of the parties that were sharing customers, the time period that said customers were shared and whether or not the parties had written contracts with the shared customers;

   e. the parties, date(s) and nature of each shared equipment lease; and

   f. the parties, date(s) and nature of each agreement which called for shared liability of corporate financing.

3. All facts in support of your contention that "Miranda exercised centralized control over all operations of NATCO and NORAD, including but not limited to control of labor relations," as set forth in Paragraph No. 16 of Local 430's counterclaims.

4. All facts in support of your contention that "As the doctrine [the alter ego doctrine] has developed under the federal labor law, Miranda, NATCO and NORAD are all alter egos of one another for purposes of the CBA and arbitration award here at issue," as set forth in Paragraph No. 17 of Local 430's counterclaims.

5. All facts in support of your contention that "NATCO was wrongfully rendered insolvent without regard to outstanding obligations to its employees under the CBA," as set forth in Paragraph No. 18 of Local 430's counterclaims.

6. All facts in support of your contention that "Management and other expenses properly charged to other entities were allocated to NATCO, thereby rendering it insolvent," as set forth in Paragraph 18 of Local 430's counterclaims. This request includes, but is not limited to, the following:

   a. the date and amount of each management expense allocated to NATCO but properly charge[able] to other entities including the identity of the company/person that the expense should have been allocated to and the amount which should have been allocated to that company/person; and

   b. the identity, date and amount of every other expense allocated to NATCO but properly charge[able] to other entities including the identify of the company/person that the expense should have been allocated to and the amount which should have been allocated to that company/person.

7. All facts in support of your contention that "NATCO and NORAD have substantially identical business purposes," as set forth in Paragraph No. 20 of Local 430's counterclaims.

8. All facts in support of your contention that "Both entities prepare, distribute, or transport automobiles," as set forth in Paragraph No. 20 of Local 430's counterclaims. This request includes, but is not limited to, the following:

   a. the identity of the parties for which NORAD distributed and/or transported automobiles;

   b. the dates that NORAD distributed and/or transported automobiles including the point of origin and destination location and the company that received the automobiles; and

   c. the identity of the parties for which NATCO prepared automobiles.

9. All facts in support of your contention that "Both entities have the same address and were managed by the same staff from the same offices," as set forth in Paragraph No. 21 of Local 430's counterclaims.

10. All facts in support of your contention that "Expenses such as payroll, trucking supplies, truck maintenance, diesel fuel, health insurance, dental insurance, shop supplies, classified ads, legal fees, consulting and professional services, telephone bills, freight costs and office expenses were at all relevant times paid jointly by all employer entities without regard to which nominally separate entity actually incurred the expense," as set forth in Paragraph No. 21 of Local 430's counterclaims. This request includes, but is not limited to, the following:

    a. the dates and locations of business addresses that were shared by NATCO and NORAD;

    b. the relevant dates and identity of the individuals and departments that simultaneously managed NATCO and NORAD; and

    c. the identity, date and amount of each expense including but not limited to payroll, trucking supplies, truck maintenance, diesel fuel, health insurance, dental insurance, shop supplies, classified ads, legal fees, consulting and professional services, telephone bills, freight costs, and office expenses that were paid jointly by all employer entities without regard to which nominally separate entity actually incurred the expense.

11. All facts in support of your contention that "NATCO and NORAD share substantially identical equipment. In addition to using the same office space and office equipment, NATCO and NORAD have shared expenses for other equipment. Lease agreements for equipment establish that NATCO and NORAD, among other Miranda-owned entities, jointly entered into lease obligations and shared liability for leased heavy equipment, regardless of which nominally different entity actually used the equipment," as set forth in Paragraph No. 22 of Local 430's counterclaims. This request includes, but is not limited to, the following:

    a. the identity and date(s) of all equipment shared by NATCO and NORAD;

    b. the identity, date and amount of each expense that NATCO and NORAD shared for equipment; and

    c. the identity of all lease agreements for equipment which were jointly entered into by NATCO and NORAD and/or other Miranda-owned entities including but not limited to the date of each such agreement.

12. All facts in support of your contention that "NATCO and NORAD shared substantially identical customers. The vast majority of NATCO and NORAD's income came from the shared customers Volkswagen and Subaru. Additionally, substantial NATCO revenue came directly from NORAD and other Miranda-owned entities," as set forth in Paragraph No. 23 of Local 430's counterclaims. This request includes, but is not limited to, the following:

    a. the amount of annual income that NATCO received from Volkswagen for the years upon which defendants rely;

    b. the amount of annual income that NORAD received from Volkswagen for the years upon which defendants rely;

    c. the amount of annual income that NATCO received from Subaru for the years upon which defendants rely;

    d. the amount of annual income that NORAD received from Subaru for the years upon which defendants rely; and

    e. with regard to NATCO revenue which came directly from NORAD and other Miranda-owned entities, identify the individual/company that made such payment(s), the dates of the payments and the amount of the payments.

13. All facts in support of your contention that "In addition to his status as an employer and an alter go as those doctrines have developed under the federal labor law, Miranda is also an alter ego of NATCO as that doctrine has developed under corporate law," as set forth in Paragraph No. 25 of Local 430's counterclaims.

14. All facts in support of your contention that "NATCO was at all relevant times insufficiently capatalized for the business purposes it undertook, not least paying the wages of its employees. NATCO operated on capital provided by Miranda or other Miranda-owned entities, or capital provided by loans secured by other entities, including NORAD. NATCO did not pay corporate dividends or observe other corporate formalities," as set forth in Paragraph No. 27 of Local 430's counterclaims. This request includes, but is not limited to, the following:

    a. the identity of all corporate formalities that NATCO did not observe; and

    b. the date and amount of all capital that NATCO operated on which was provided by Miranda or other Miranda-owned entities.

15. All facts in support of your contention that "NATCO's funds were siphoned off by Miranda and other Miranda-owned entities through excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO," as set forth in Paragraph No. 28 of Local 430's counterclaims. This request includes, but is not limited to, the following:

    a. the date, amount and payee of all funds that were siphoned off by Miranda and other Miranda-owned entities; and

    b. the date, amount and payee of all excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO.

16. All facts related to the damages that Local 430 is seeking including the precise amount allegedly owed, the manner of calculating that amount, the identity of the individuals and/or entities that will be receiving the damages in the event that damages are awarded in this matter including the amounts that each individual and/or entity will receive.