UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | ) | C.A. No. 05-348 L |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PROVIDE MORE RESPONSIVE RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle (collectively "Teamsters 430") hereby oppose the motion of Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda") to provide more

responsive responses to Plaintiffs' first request for production of documents. In opposition to Plaintiffs' motion, Teamsters 430 relies on the memorandum of law filed herewith.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

Date: June 8, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June 2006, I served a copy of the within Opposition to Plaintiffs' Motion to Provide More Responsive Responses to Plaintiffs' First Request for Production of Documents by U.S. Mail to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy E Novak

scott/A114/1409

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | C.A. No. 05-348 L |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO PROVIDE MORE RESPONSIVE RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle (collectively "Teamsters 430") oppose the motion of Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda") to provide more responsive responses to Plaintiffs' first request for production of documents.

The written responses provided by Teamsters 430 to Plaintiffs' first request for production fully comply with Rule 34. The rule does not require that a party, in its written responses, explain or characterize how the various documents produced are relevant to the issues in a case or why they might be responsive to the opposing party's request. Rather, the rule simply provides, in relevant part,

> The party upon whom the request is served shall serve a written response . . . . The response shall state, with respect to each item or category, that inspection

> and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

Fed. R. Civ. P. 34(b); *see also* 8A Wright, Charles A. *et al.*, Federal Practice & Procedure: Civil 2d § 2213 ("The simplest response is one saying that the discovery sought by the request will be allowed at the time and place and in the manner specified by the request."). Here, Plaintiffs did not specify any special manner of production; they simply asked that Teamsters 430 "produce or make the following documents available." *See* Exhibit A to Plaintiffs' Supporting Memorandum at 1. Teamsters 430's written responses succinctly state its objections and, with respect to each request, state that all responsive, non-privileged documents will be produced. Rule 34 requires no more of a party's written responses.

The manner in which Teamsters 430 produced responsive documents also complies fully with Rule 34. The admittedly large volume of responsive documents is a function of the extreme breadth of the requests crafted by Plaintiffs, particularly Requests 1–3 and 7, and the inherent nature of the "single employer" and "alter ego" doctrines at issue in this case. *See*, *e.g.*, Penntech Papers, Inc. v. NLRB, 706 F.2d 18, 25 (1st Cir. 1983), *cert. denied*, 464 U.S. 892 (1983)(single employer); C.E.K. Indus. Mechanical Contractors, Inc. v. NLRB, 921 F.2d 350, 354 (1st Cir. 1990)(labor law alter ego); National Hotel Assocs. v. O. Ahlborg & Sons, Inc., 827 A.2d 646, 652–54 (R.I. 2003)(corporate law alter ego); *also cf.* Rule 34(a) (requiring a requesting party to describe requested categories of documents with "reasonable particularity").

In their memorandum, Plaintiffs try to create the misimpression that Teamsters 430 has deliberately provided a shuffled, disorganized mass of documents to make responsive documents harder to find. This is not what Teamsters 430 has done, and thus Plaintiffs' citation to T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449 (W.D.N.C. 1991), is inapposite. Teamsters 430 provided copies of the just over 22,000 responsive documents in PDF

format on a disk. The documents were organized on the disk into 194 separate PDF files, each containing either a single document or a closely related group of documents such as those from a single file folder. The filenames for each of these 194 files indicates which documents are contained in the file by bates range, and the majority of the filenames *also* include a short parenthetical description of the file's contents, such as:

- "Confidential #2723-2805 (NATCO accts recbl from Norad '99-'04)";
- "MAJ #3114-3138 (NATCO Fin Stmts '99 - '03)"; or
- "Tmstrs #1514 - 1973 (NATCO detail GL 2001)."

As is apparent from these representative examples, and the other filenames on the disk, a substantial number of the responsive documents are internal financial and business records pertaining to Plaintiffs or North Atlantic Transport Co. of Rhode Island ("NATCO"), a Miranda-controlled entity. Teamsters 430 obtained such materials though its discovery efforts in this case and the related C.A. No. 05-006L action which is also pending in this Court. Teamsters 430 has produced the documents it has uncovered in its investigation in substantially the same manner as they were produced to it. *See* Fed. R. Civ. P 34(b) ("A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize them to correspond with the categories of the request."). Given that nearly all of the documents originated from the Plaintiffs, NATCO, or their respective accountants, Plaintiffs are presumably at least as familiar with them as is Teamsters 430. Plaintiffs should be equally able to evaluate the relevance of their own financial and business records to the claims they initiated in this case. Thus, Plaintiffs' "needle-in-a-haystack" analogy is utterly disingenuous—they have requested that Teamsters 430 produce back to them Plaintiffs' own documents. To the extent Teamsters

430 has produced a haystack, it is a haystack of the Plaintiffs' (and their accountants') own making.

Notwithstanding the foregoing, Teamsters 430 has provided supplemental written responses to Plaintiffs' first request in which Teamsters 430 specifies with greater detail the categories of documents that it has produced in response to each of Plaintiffs' requests. In addition, Teamsters has supplemented its production by providing a detailed index of the documents produced. *See* Exhibits A and B, attached hereto. In light of this supplemental response, Plaintiffs' motion is now moot in addition to being meritless.

Finally, to the extent that Plaintiffs' reliance on In re San Juan DuPont Plaza Hotel Fire Lit., 859 F.2d 1007 (1st Cir. 1988), indicates that they want Teamsters 430 to identify, at this stage of discovery, the specific documents that Teamsters might seek to introduce as exhibits at any future deposition or at trial, their motion must be denied. First, Plaintiffs' first request contains no specific request for such materials. Even if they had specifically made such a request, the request would clearly be objectionable on attorney-work product grounds. Such disclosure may be ordered

> *only* upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of the party's case and that the party is unable without *undue hardship* to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3) (emphasis added); *see also* San Juan DuPont Plaza Hotel Fire Lit., 859

F.2d at 1014–15. Plaintiffs have made no showing of either "substantial need" or "undue hardship."

For the foregoing reasons, Plaintiffs' motion should be denied, and the Court should award Teamsters 430 its reasonable costs and attorneys fees in opposing the motion.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

Date: June 8, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June 2006, I served a copy of the within Memorandum in Opposition to Plaintiffs' Motion to Provide More Responsive Responses to Plaintiffs' First Request for Production of Documents by U.S. Mail to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R. Vlaak

scott/A114/1407