**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | ) | C.A. No. 05-348 L |

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle ("Defendants") hereby serve this supplemental response to the First Request for Production propounded by Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda").

Defendants incorporate herein the general and specific objections set forth in Defendants' initial response to Plaintiffs' first request for production of document.

**Requests**

**Request No. 1**

All documents which support your contention, in whole or in part, that "NATCO, NORAD, and Miranda constitute a single employer for purposes of the CBA here at issue."

**Response to Request No. 1**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Supplemental Response to Request No. 1**

Responding further, documents responsive to this request, already produced, include NATCO correspondence, contracts, and rates (Confidential 1–121); documents concerning NATCO fixed assets, leases, UCC filings, and loans (Confidential 122–1768); general ledger details and backup for NATCO inter-company accounts receivable from NORAD and other Miranda-controlled entities (Confidential 1769–3387); NATCO general ledger details for entertainment expenses and receipts for 1999–2004 (Confidential 3388–3410); NATCO general journal for 1999–2004 (Confidential 3411–3607); excerpts from Michael Miranda's tax returns for 1999–2004 (Confidential-Hand Stamped 1–35); NATCO detail general ledger for 2003 (MAJ 3074–3113); NATCO financial statements for 1999–2003 (MAJ 3114–3138); NATCO tax returns for 1999–2003 (MAJ 3139–3287); NATCO "payment applications detail" for 2000–2003 (MAJ 3288–3508); correspondence and documents concerning the National Master Auto Transporters Agreement (MAJ 3509–3557); NATCO trial balances for 1999–2003 (MAJ 3634–3665); documents concerning NATCO's allocations of NORAD expenses (MAJ 3665–3686); NATCO internal financial statements for 1999–2002 (T 1–18); selected NATCO federal and state tax returns and forms (T 19–181); NATCO detail general ledger for 1999–2002 (T 413–2092, T 9091); NORAD detail general ledger for 2000-2002 (T 2093–4440); VSG detail general ledger for 1999–2002 (T 4441–4701); MAP detail general ledger for 1999–2002 (T 4702–5224); selected documents concerning inter-company billings received from NATCO's attorneys (T 5225–9090); and various accounting workpapers, permanent file, and supporting documents received from Prescott Chantellier accounting firm (NORAD's accountants) (T 9724–15038, T 16020–16508).

**Request No. 2**

All documents which support your contention, in whole or in part, that "under the Federal Labor Law, Miranda, NATCO and NORAD are all alter egos of one another for purposes of the CBA and arbitration award here at issue."

**Response to Request No. 2**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Supplemental Response to Request No. 2**

Responding further, documents responsive to this request, already produced, include NATCO correspondence, contracts, and rates (Confidential 1–121); documents concerning NATCO fixed assets, leases, UCC filings, and loans (Confidential 122–1768); general ledger details and backup for NATCO inter-company accounts receivable from NORAD and other Miranda-controlled entities (Confidential 1769–3387); NATCO general ledger details for entertainment expenses and receipts for 1999–2004 (Confidential 3388–3410); NATCO general journal for 1999–2004 (Confidential 3411–3607); excerpts from Michael Miranda's tax returns for 1999–2004 (Confidential-Hand Stamped 1–35); NATCO detail general ledger for 2003 (MAJ 3074–3113); NATCO financial statements for 1999–2003 (MAJ 3114–3138); NATCO tax returns for 1999–2003 (MAJ 3139–3287); NATCO "payment applications detail" for 2000–2003 (MAJ 3288–3508); correspondence and documents concerning the National Master Auto Transporters Agreement (MAJ 3509–3557); NATCO trial balances for 1999–2003 (MAJ 3634–3665); documents concerning NATCO's allocations of NORAD expenses (MAJ 3665–3686); NATCO internal financial statements for 1999–2002 (T 1–18); selected NATCO federal and state tax returns and forms (T 19–181); NATCO detail general ledger for 1999–2002 (T 413–2092, T 9091); NORAD detail general ledger for 2000-2002 (T 2093–4440); VSG detail general

ledger for 1999–2002 (T 4441–4701); MAP detail general ledger for 1999–2002 (T 4702–5224); selected documents concerning inter-company billings received from NATCO's attorneys (T 5225–9090); and various accounting workpapers, permanent file, and supporting documents received from Prescott Chantellier accounting firm (NORAD's accountants) (T 9724–15038, T 16020–16508).

**Request No. 3**

All documents which support your contention, in whole or in part, that "Miranda is an alter ego of NATCO as that doctrine has developed under corporate law."

**Response to Request No. 3**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Supplemental Response to Request No. 3**

Responding further, documents responsive to this request, already produced, include NATCO correspondence, contracts, and rates (Confidential 1–121); documents concerning NATCO fixed assets, leases, UCC filings, and loans (Confidential 122–1768); general ledger details and backup for NATCO inter-company accounts receivable from NORAD and other Miranda-controlled entities (Confidential 1769–3387); NATCO general ledger details for entertainment expenses and receipts for 1999–2004 (Confidential 3388–3410); NATCO general journal for 1999–2004 (Confidential 3411–3607); excerpts from Michael Miranda's tax returns for 1999–2004 (Confidential-Hand Stamped 1–35); NATCO detail general ledger for 2003 (MAJ 3074–3113); NATCO financial statements for 1999–2003 (MAJ 3114–3138); NATCO tax returns for 1999–2003 (MAJ 3139–3287); NATCO "payment applications detail" for 2000–2003 (MAJ 3288–3508); correspondence and documents concerning the National Master Auto Transporters Agreement (MAJ 3509–3557); NATCO trial balances for 1999–2003 (MAJ 3634–

3665); documents concerning NATCO's allocations of NORAD expenses (MAJ 3665–3686); NATCO internal financial statements for 1999–2002 (T 1–18); selected NATCO federal and state tax returns and forms (T 19–181); NATCO detail general ledger for 1999–2002 (T 413–2092, T 9091); NORAD detail general ledger for 2000-2002 (T 2093–4440); VSG detail general ledger for 1999–2002 (T 4441–4701); MAP detail general ledger for 1999–2002 (T 4702–5224); selected documents concerning inter-company billings received from NATCO's attorneys (T 5225–9090); and various accounting workpapers, permanent file, and supporting documents received from Prescott Chantellier accounting firm (NORAD's accountants) (T 9724–15038, T 16020–16508).

**Request No. 4**

All documents, executed or unexecuted, between NATCO and Local 430 which constituted the collective bargaining agreement between those parties for the period beginning January 1, 1999 through December 31, 2004.

**Response to Request No. 4**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Supplemental Response to Request No. 4**

Responding further, documents responsive to this request, already produced, include correspondence and documents concerning the National Master Auto Transporters Agreement (MAJ 3509–3557); and correspondence and documents concerning the Teamsters pension and health rates (MAJ 3558–3583). In addition, a copy of the 280-page booklet containing the collective bargaining agreement bates stamped 000013–000158, originally produced as part of Plaintiffs' initial disclosures, is being produced herewith.

**Request No. 5**

All documents, executed or unexecuted, between NORAD and Local 430 which constituted the collective bargaining agreement between those parties for the period beginning January 1, 1999 through December 31, 2004.

**Response to Request No. 5**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Supplemental Response to Request No. 5**

See Defendants' Supplemental Response to Request No. 4, above.

**Request No. 6**

All documents, executed or unexecuted, between Michael Miranda personally and Local 430 which constituted the collective bargaining agreement between those parties for the period beginning January 1, 1999 through December 31, 2004.

**Response to Request No. 6**

Subject to and without waiving the foregoing general objections, Defendants will produce all non-privileged documents responsive to this request.

**Supplemental Response to Request No. 6**

See Defendants' Supplemental Response to Request No. 4, above.

**Request No. 7**

All documents that support Local 430's Answers to Interrogatories propounded by Plaintiffs.

**Response to Request No. 7**

Subject to and without waiving the foregoing general objections and subject to and without waiving the objections contained in Defendants' responses to Plaintiffs' First Set of Interrogatories, all of which are hereby made a part of this response and incorporated by reference, Defendants will produce all non-privileged documents responsive to this request.

**Supplemental Response to Request No. 7**

Responding further, the documents supporting Defendants' responses to Plaintiffs' First Set of Interrogatories are identified by bates number throughout Defendants' interrogatory

responses. The documents so identified have already been produced. Defendants reserve the right to supplement this response with any additional responsive documents that become available to Defendants as Defendants' ongoing discovery efforts in this case and Defendants' ongoing investigation of NATCO and Plaintiffs continue.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

Tel: (401) 272-8080
Fax: (401) 521-3555

Date: June 8, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8th, 2006, I caused to be served by first class mail, postage prepaid, a true copy of the within Supplemental Response to Plaintiffs' First Request for Production to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R Novak

scott/A114/1406