**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | ) | C.A. No. 05-348 L |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle (collectively "Teamsters 430") hereby oppose the motion of Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda") to compel more

responsive answers to Plaintiffs' first set of interrogatories. In opposition to Plaintiffs' motion Teamsters 430 relies on the memorandum of law filed herewith.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

Date: June 8, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June 2006, I served a copy of the within Opposition to Plaintiffs' Motion to Compel More Responsive Answers to Plaintiffs' First Set of Interrogatories by U.S. Mail to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy E. Novak

scott/A114/1408

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | ) | C.A. No. 05-348 L |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle (collectively "Teamsters 430") oppose the motion of Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda") to compel more responsive answers to Plaintiffs' first set of interrogatories.

Plaintiffs' motion should be denied because the interrogatories at issue are utterly improper and objectionable. Moreover, without waiving its multiple objections, Teamsters 430 has provided detailed factual responses based on the information that is reasonably available to it at this time.

Rule 33(a) requires a party, in answering interrogatories, to "furnish such information that is available to the party." Fed. R. Civ. P. 33(a). "Available" in this context means

information "that can be given without undue labor or expense." 8A Wright, Charles A. *et al.*, Federal Practice & Procedure: Civil 2d § 2174. Moreover,

> [A] party cannot ordinarily be forced to prepare its opponent's case. Consequently interrogatories that require a party to make extensive investigations, research, or compilation or evaluation of data for the opposing party are in many circumstances improper.
>
> Thus a party should provide relevant facts that are readily available to it but should not be required to enter upon independent research in order to acquire information merely to answer interrogatories. If the data is equally available to both parties, the party seeking the information should do its own research. Even if the data is in the possession of the interrogated party, its adversary cannot use interrogatories to evade the burden of compiling data at its own expense if the records are available for its inspection under Rule 34 or by consent of the interrogated party.

*Id.* (footnotes omitted).

In their motion to compel, Plaintiffs fault Teamsters 430 for providing insufficient details regarding facts and information that are reasonably available to Teamsters 430 only through its ongoing discovery and analysis of *Plaintiffs' own* internal financial and operational arrangements. For example, in Interrogatory 2, Plaintiffs seek the date, nature, and amount of each shared business expense between Miranda, NORAD, and North Atlantic Transport Co. of Rhode Island ("NATCO"), a Miranda-controlled entity. Plaintiffs' Interrogatories 2 and 7 seek the identities of NORAD's and NATCO's own customers and details regarding Plaintiffs' shipments of automobiles and the extent to which customers were shared between the two companies. Plaintiffs seek, in Interrogatory 5, the dates and amounts of all management fees and expenses allocated between NORAD and NATCO and to whom such fees or expenses should have been allocated. Plaintiffs seek the identities of NORAD and NATCO employees who were simultaneously managed by both companies. In their Interrogatory 8, Plaintiffs demand that Teamster 430 identify, by date and amount, all of the Plaintiffs' expenses "including but not

limited to for payroll, trucking supplies, truck maintenance, diesel fuel, heath insurance, dental insurance, shop supplies, classified ads, legal fees, consulting and professional services, telephone bills, freight costs, and office expenses . . . ." The same pattern continues throughout Plaintiffs' first set of interrogatories. As should be obvious, Plaintiffs' insistence that Teamsters 430 compile such detailed facts regarding Plaintiffs' own internal financial and business dealings is abusive and oppressive.

Nevertheless, in the interest of cooperating in discovery, Teamsters 430 has reasonably answered based on the incomplete discovery it has so far obtained from Miranda, NORAD, NATCO, and others including Plaintiffs' accountants. Discovery is incomplete, in part, because Plaintiffs have refused to produce highly relevant documents based on meritless relevance objections.[1] Incredibly, Plaintiffs refuse to produce the very documents most pertinent to the subject matter of the interrogatories they have propounded on Teamsters 430. Notwithstanding Plaintiffs' stonewalling, Teamsters 430 indicated in its interrogatory responses that, to the extent such matters are even properly discoverable from Teamsters 430, it will supplement its responses, as and when, additional information comes to light regarding the internal finances and operations of NORAD, NATCO, Miranda, and other Miranda-controlled entities.

In light of the fact that the information necessary to answer the interrogatories to the level of detail Plaintiffs apparently want is within the knowledge and control of the Plaintiffs themselves, but only available to Teamsters 430 though its discovery of Plaintiffs and others, Teamsters 430's responses and objections are entirely proper. *See, e.g.*, Hendler v. United States, 952 F.2d 1364 (Fed. Cir. 1991). The Hendler case involved a discovery dispute that is nearly identical to the one at issue here. During discovery in Hendler, the government issued

[1] Teamsters 430 has separately moved to compel production of the relevant documents.

contention interrogatories to Hendler seeking information about the government's own conduct on Hendler's property. To answer the government's interrogatories, Hender sought discovery and depositions of state and federal officials. Despite such efforts, the government was dissatisfied with Hendler's interrogatory responses and moved to dismiss for failure to comply with discovery. Reversing the lower court's dismissal, the Federal Circuit rejected the notion that interrogatories may be used in such a manner. As the circuit court explained, "The EPA, one must assume, is aware of what wells and support equipment it installed, the methods by which the excavation occurred, and the extent of ongoing intrusion on plaintiffs' property to monitor and maintain the wells." Id. at 1380. The court continued,

> For the Government to make requests which would require plaintiffs in turn to seek information from the Government itself, and then to seek dismissal with prejudice when the plaintiffs failed to supply the Government with information that the Government already had, seems a cruel joke.
>
> Whether funny or not, the Government's requests clearly exceed the bounds for which discovery is provided to litigants. . . . To use discovery as an alternative to its own preparation of a defense or to harass comes close to governmental abuse of the judicial process.

Id. at 1380–81 (citations omitted).

Teamsters 430's objections based on the work-product doctrine are also entirely proper. Contrary to Plaintiffs' contentions, the rules of civil procedure place a heavy burden on parties that seek to discover the work-product of their opponents. Under Rule 26(b)(3), so-called "factual" or "ordinary" work-product information is available

> *only* upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of the party's case and that the party is unable without *undue hardship* to obtain the substantial equivalent of the materials by other means.

*Id.* (emphasis added). However, even where a substantial need and undue hardship are shown, the Court must still "protect against the disclosure of the mental impressions, conclusions,

opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.*; *See, e.g.*, In re San Juan DuPont Plaza Hotel Fire Lit., 859 F.2d 1007, 1014–15 (1st Cir. 1988)(distinguishing between the two categories of work product). Such "opinion" or "core" work product enjoys an "almost absolute immunity" from disclosure. *See* In re Cedant Corp. Securities Lit., 343 F.3d 658, 663 (3d Cir. 2003); Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000).

Thus, the work-product doctrine "protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party." Maine v. Department of the Interior, 298 F.3d 60, 66 (1st Cir. 2002). "The rule facilitates zealous advocacy in the context of an adversarial system of justice by ensuring that the sweat of an attorney's brow is not appropriated by the opposing party." In re Grand Jury Subpoena, 274 F.3d 563, 574 (1st Cir. 2001)(citing Hickman v. Taylor, 329 U.S. 495, 511 (1947)).

In their memorandum, Plaintiffs have nowhere made the required showing of "substantial need" or "undue hardship" to compel Teamsters 430 to disclose any attorney work-product. Moreover, they have mischaracterized both the attorney work-product rule and the holding of San Juan DuPont Plaza Hotel Fire Lit., 859 F.2d at1007. In San Juan DuPont Plaza Hotel Fire Lit., the dispute arose out of the district court's case management order which required—in light of the literally thousands of parties, thousands of expected depositions, and millions of pages of documents produced—that *all* parties (plaintiffs and defendants alike) identify those documents that they intended to use as exhibits at any deposition five days before the deposition in question. *Id.* at 1009. In light of the extraordinary complexity of the discovery proceedings in the case, the First Circuit merely affirmed the district court's power under Rule 16 to require the disclosures as part of the case management order. The case did not involve one party's attempt, through

interrogatories or other discovery, to obtain the work product of other parties. Indeed, the First Circuit explained that the question of the scope of a district court's case management powers "is *materially different* from asking how the work product doctrine restricts a court's traditional power to compel discovery from Litigant A and cause the fruits to be delivered to Litigant B." Id. at 1013 (emphasis added). Citing Hickman v. Taylor, 329 U.S. 495 (1947) and other authorities, the First Circuit re-affirmed that under Rule 26(b)(3), one party may not compel the disclosure of even so-called "ordinary" or "factual" work product without making a showing of "substantial need" and "undue hardship." DuPont Plaza Hotel Fire Lit., 859 F.2d at 1014–15. The case does not stand for the proposition that a party may demand that its opponent disclose work-product and trial-preparation materials in interrogatory answers without meeting the rigorous Rule 26(b)(3) standard.

While Rule 33(c) does authorize contention interrogatories, there is noting about the rule that requires Teamsters 430 to undertake the type of extensive investigation that Plaintiffs' interrogatories seek when—as here—the underlying facts are available to Teamsters 430 only through its discovery of Plaintiffs but are directly within the knowledge and control of Plaintiffs. This is particularly so when—as here—the Plaintiffs themselves refuse to produce the very documents most relevant to Plaintiffs' own questions. Indeed, Rule 33(c) recognizes that answers to contention interrogatories may be dependent upon discovery that is incomplete and ongoing at the time the responses are due. The rule provides that "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Fed. R. Civ. P. 33(c).

Plaintiffs also take issue with Teamsters 430's citation to Rule 33(d). While perhaps articulated inartfully, the substance of Teamsters 430's reliance on the rule is based on the fact

that the documents that contain such factual details as the dates or other details of NORAD's and NATCO's internal expenses, inter-company loans, internal allocations of management fees, common employees, common customers, and so forth can, or should, be found in the business and financial records that Plaintiffs and NATCO, among others, have produced (or refused to produce) to Teamsters 430. As between Teamsters 430 and Plaintiffs, it is clearly less burdensome for Plaintiffs to compile the exhaustive lists that they seek given that Plaintiffs are presumably more familiar with their own internal records than is Teamsters 430. *See* 8A Wright, Charles A. *et al.*, Federal Practice & Procedure: Civil 2d § 2174 ("If the data is equally available to both parties, the party seeking the information should do its own research.")

In sum, Teamsters 430's objections are entirely proper and should be sustained. Without waiving these objections, Teamsters 430 has also acted reasonably to cooperate in discovery by providing detailed factual answers to Plaintiffs' absurd interrogatories. Notwithstanding such good faith on the part of Teamsters 430, Plaintiffs have compounded their abuse of the discovery process by moving to compel. For the foregoing reasons, Plaintiffs' motion to compel should be

denied, and the Court should award Teamsters 430, under Rule 37, its reasonable costs and attorneys fees in opposing Plaintiffs' meritless motion.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

Date: June 8, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June 2006, I served a copy of the within Memorandum in Opposition to Plaintiffs' Motion to Compel More Responsive Answers to Plainitffs' First Set of Interrogatories by U.S. Mail to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

scott/A114/1405