UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,* Defendants. | : | |

**PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

As an initial matter, Plaintiffs' Motion to Compel More Responsive Answers to Plaintiffs' First Set of Interrogatories should be granted by this Court because Defendants (hereinafter referred to collectively as "Local 430") filed their objection to Plaintiffs' motion out of time. Plaintiffs have been put in the position of receiving Local 430's objection on Friday, June 9, 2006 for a hearing which is scheduled to occur on Wednesday, June 14, 2006 at 10:00 a.m.[1] Local 430's out of time objection is not a mere technicality, but instead, places Plaintiffs in the position of having virtually no time to adequately respond to the issues raised in Local 430's Memorandum.

[1] Local 430 has scheduled depositions which are to take place this coming Tuesday, June 13, 2006, thereby eliminating one day which could be utilized to work on a reply.

Plaintiffs' Motion to Compel Defendants to Provide More Responsive Answers to Plaintiffs' First Set of Interrogatories was hand-delivered to Local 430 on May 19, 2006. Local Rule Cv 7(b)(1) specifically provides, "Any party opposing a motion shall file and serve an objection not later than 10 days after service of the motion." Without counting Saturdays, Sundays and the Memorial Day Holiday, Local 430 had up to and including Monday, June 5, 2006 to file their objection in this matter. Instead, Local 430 took an additional 3 days to prepare its objection, apparently hand-delivering it to the Court on June 8, 2006. Even more troublesome is the fact that instead of hand-delivering their objection to Plaintiffs' counsel on that same date (Thursday, June 8, 2006), Local 430's attorneys, (which are approximately 2 blocks away), placed their out of time objection in the mail. Local 430's messenger undoubtedly passed right by this building on the way to the Courthouse and could have hand-delivered Local 430's objection.

Local 430's continued insistence that it does not have to respond to contention interrogatories is contrary to Rule 33(c) of the Federal Rules of Civil Procedure. Furthermore, Local 430's continued insistence that Plaintiffs have the burden of showing that they have a "substantial need" for the discovery and that Plaintiffs are "unable without undue hardship" to obtain the equivalent elsewhere, is unfounded and contrary to case law directly within the First Circuit. In San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1016 (1st Cir. 1988) the First Circuit Court of Appeals explained that contention interrogatories are perfectly permissible even though they "require

the opposing party, in framing an answer, to render an opinion or spell out a contention that relates to the application of law to fact." Not surprisingly, other courts concur.

For instance, in U.S. v. J.M. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996) the United States District Court for the Middle District of North Carolina ruled, "Some inquiries are better answered through contention interrogatories wherein the client can have the assistance of the attorney in answering complicated questions involving legal issues." Similarly, in U.S. v. Boyce, 148 F.Supp. 2d 1069,1086 (S.D.Ca. 2001), the United States District Court for the Southern District of California ruled that contention interrogatories do not infringe upon work-product:

> The Boyces' argument that the Government was not entitled to discovery on this issue is meritless. **Under Rule 33(c), a party can serve an interrogatory the answer to which involves 'an opinion or contention that relates to fact or the application of law to fact.'** The Government's contention interrogatories are not directed to issues of 'pure law' that would infringe upon the attorney work-product doctrine as codified in Rule 26(b)(3). Rather, they seek the *facts* upon which the Boyces' relied for their defense to the Forms 4340. As such, the contention interrogatories were permissible and the Boyces were required to respond to them. (Emphasis added).

In Russo v. Abington Memorial Hospital Healthcare Plan, 1996 WL 165493 *2 (E.D.Pa.), the United States District Court for the Eastern District of Pennsylvania ruled that interrogatories are proper as long as they do not call for purely legal conclusions:

> First, Russo argues that U.S. Healthcare's contention interrogatories seek attorney work-product and hence

> are impermissible. Russo cites no authority in support of this proposition. The Advisory Notes to Rule 33 indicate that the rule was intended to permit a party to 'narrow and sharpen the issues' through interrogatories seeking the application of law to fact, but not to allow interrogatories seeking purely legal conclusions. **U.S. Healthcare's interrogatories do not call for purely legal conclusions, but for the facts underlying various claims of Russo's**, such as Russo's implicit claim that U.S. Healthcare owed a fiduciary duty to Eric Fountain. Russo may not assert a work-product privilege as to material which is within the intended scope of Rule 33 and which is not, in any event, directed purely at Russo's legal theories. (Emphasis added).

In Rusty Jones, Inc. v. Beatrice Co., 1990 WL 139145 *1 (N.D.Ill. 1990), the United States District Court for the Northern District of Illinois ruled that interrogatories simply requesting a party to identify all facts relevant to various allegations in a complaint were proper:

> Beatrice served Rusty Jones with a number of 'contention interrogatories' asking Rusty Jones to state all information which Rusty Jones 'believes supports' certain allegations in the complaint. Rusty Jones objected to the contention interrogatories, claiming that the answers would require 'that Rusty's counsel sought out of all the relevant facts those which they believe are particularly supportive of their case' and that **'this sorting out process is work-product, protected from disclosure.' The Court finds that defendant is not asking plaintiff to sort through all relevant information and identify the most relevant facts but instead is asking plaintiff to simply identify all the facts relevant to various allegations in the complaint**. Such interrogatories are expressly permitted by Fed. R. Civ. P. 33(b). (Emphasis added).

In D.B. King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 (D.C. 1987), the United States District Court for the District of Columbia ruled that contention interrogatories do not infringe upon work-product:

> There is also an **intimation by counsel for the plaintiffs that answering contention interrogatories somehow encroaches upon an attorney's work-product. The Magistrate summarily rejects this suggestion**, for in answering contention interrogatories the party is only giving the factual specifics which the party contends supports a claim, and this in no way impinges on the attorney's impressions or analysis as to how the attorney will endeavor to apply the law to the facts. If this elementary principal were not applicable, contention interrogatories would not exist. (Emphasis added).

Finally, in Convergent Tech. Securities Lit., 108 F.R.D. 328, 334 (N.D.Ca. 1985) the United States District Court for the Northern District of California ruled that contention interrogatories do not invade interests protected by the work-product doctrine:

> Plaintiffs also argue that defendants' contention interrogatories seek to invade interests protected by the work-product doctrine. This argument, on the surface, seems to raise troublesome issues. On closer examination, however, its persuasiveness seems to evaporate.

Local 430 continues to take the position that Plaintiffs' interrogatories are improper because Plaintiffs are seeking information related to Plaintiff's own financial and operational arrangements. This is the very purpose of contention interrogatories!

For example, in a medical malpractice case, plaintiffs invariably allege that a treating doctor was negligent. In response, contention interrogatories

are sent from the defendant doctor to the plaintiff requiring the plaintiff to identify what aspects of the doctor's treatments were negligent. Local 430 is asserting that the plaintiff does not have to respond to such an interrogatory and can instead advise the physician that he treated the individual and is therefore in a better position to know what aspects of his treatment were negligent and/or that defendants own records contain the necessary information. This reasoning is contrary to the Rules of Civil Procedure and in no way helps to narrow and identify the issues which will be tried.

Local 430 goes on to discuss the numerous interrogatories which are the subject of Plaintiffs' Motion to Compel, beginning with No. 2, but entirely misses Plaintiffs' point. For instance, Plaintiffs are not seeking the date, nature and amount of **each** shared business expense between Miranda, NORAD and NATCO, but rather, Plaintiffs are requesting that Local 430 identify which shared business expenses it is relying upon in support of its allegation that "the operations of NATCO, NORAD and Miranda were completely integrated," as set forth in Paragraph No. 14 of Local 430's counterclaims. Similarly, with regard to Interrogatory No. 5, Plaintiffs are not seeking the dates and amounts of all management fees, but instead are seeking the dates and amounts of allegedly "improper" management fees and other expenses upon which Local 430 is relying in support of its allegation that "management and other expenses properly chargable to other entities were allocated to NATCO," as set forth in Paragraph No. 18 of Local 430's counterclaims.

Finally, Local 430 asserts that it has done the best that it can because Plaintiffs have provided incomplete discovery. Plaintiffs disagree and assert that Local 430 has been provided with all requested documentation which is relevant to the claims and defenses that have been asserted in this action. Furthermore, even if Local 430 is entitled to additional documentation, a fact which Plaintiffs vigorously dispute, it has an obligation to respond now and to supplement its responses if and when additional documentation is received. Local 430 cannot be allowed to answer Plaintiffs' interrogatories by simply restating the bare allegations contained in its Counterclaims. In the case at bar, Plaintiffs have provided 3,641 pages of documentation. In addition, Local 430 was provided with approximately 19,000 pages of documentation in a related civil action (C.A. No. 05-006L), the registration in this Court of the judgment obtained against NATCO, much of which relates to the operations of NORAD and Miranda's personal financial information.

In conclusion Local 430 must respond to Plaintiffs' interrogatories so that the issues which will ultimately be tried in this matter are narrowed and clarified.

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 12th day of June, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Plfs' Reply to Def's Memo in Oppositon to P's MTC More Responsive Ans to P's 1st Set of INTS.doc