UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | |
| V. | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,* Defendants. | |

**PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL MORE RESPONSIVE RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

As an initial matter, Plaintiffs' Motion to Compel More Responsive Responses to Plaintiffs' First Request for Production of Documents should be granted by this Court because Defendants (hereinafter referred to collectively as "Local 430") filed their objection to Plaintiffs' motion out of time. Plaintiffs have been put in the position of receiving Local 430's objection on Friday, June 9, 2006 for a hearing which is scheduled to occur on Wednesday, June 14, 2006 at 10:00 a.m.[1] Local 430's out of time objection is not a mere technicality, but instead, places Plaintiffs in the position of having virtually no time to adequately respond to the issues raised in Local 430's Memorandum.

---

[1] Local 430 has scheduled depositions which are to take place this coming Tuesday, June 13, 200, thereby eliminating one day which could be utilized to work on a reply.

Plaintiffs Motion to Compel More Responsive Responses to Plaintiffs' First Request for Production of Documents was hand-delivered to Local 430 on May 19, 2006. Local Rule Cv 7(b)(1) specifically provides, "Any party opposing a motion shall file and serve an objection not later than 10 days after service of the motion." Without counting Saturdays, Sundays and the Memorial Day Holiday, Local 430 had up to and including Monday, June 5, 2006 to file their objection in this matter. Instead, Local 430 took an additional 3 days to prepare its objection, apparently hand-delivering it to the Court on June 8, 2006. Even more troublesome is the fact that instead of hand-delivering their objection to Plaintiffs' counsel on that same date (Thursday, June 8, 2006), Local 430's attorneys, (which are approximately 2 blocks away), placed their out of time objection in the mail. Local 430's messenger undoubtedly passed right by this building on the way to the Courthouse and could have hand-delivered Local 430's objection.

In the case at bar, Local 430 requested a voluminous amount of documentation in its request for the production of documents to Plaintiffs. In response, Plaintiffs produced 3,641 pages of documentation to Local 430. In a related civil action which is pending in this Court (C.A. 05-006L), the registration of the judgment obtained against NATCO, Local 430 issued a subpoena which also sought a voluminous amount of documentation. See attached "Exhibit A." In response to the subpoena, NATCO's prior attorneys are believed to have produced in excess of 19,000 pages of documentation to Local 430. Local 430's requests were extremely broad in contrast to Plaintiffs' requests to Local 430.

Local 430 has simply regurgitated virtually all of this documentation to Plaintiffs instead of supplying the specific documentation upon which it relies in the case at bar, in responding to Plaintiffs' Request for Production of Documents.

Local 430's response to Plaintiffs' Request for Production of Documents included the production of a DVD which contained 58 PDF files, not 194 files as indicated in Local 430's brief. It is very troublesome that Local 430 asserts that the files contained descriptions (i.e. NATCO Fin Stmts '99-'03). These descriptions were not provided. See attached "Exhibit B," which is printout of the DVD directory.[2]

Local 430 acknowledges that it "has produced the documents it has uncovered in its investigation in substantially the same manner as they were produced to it." However, Local 430 has an obligation to respond to each of Plaintiffs' requests by producing the documents which it relies upon as its response to each and every request. Again, Local 430 has attempted to cure its previously deficient response by filing a Supplemental Response to Plaintiffs' First Request for Production of Documents. However, its supplemental response is improper because Local 430 has directed Plaintiffs to thousands and thousands of pages of documentation as its response to each request **instead of referring Plaintiffs only to the relevant documents**. For example, Plaintiffs' requests sought all documents in support of Local 430's contention that NATCO, NORAD and Miranda constituted a single employer (Request No. 1), were alter

[2] Local 430 has attempted to cure this defect in its Supplemental Response to Plaintiffs' Request for Production of Documents by including an index which contains the descriptions of the files previously produced.

egos (Request No. 2) and were corporate alter egos (Request No. 3). Local 430 has referred Plaintiffs to 18,834 pages of documentation as its response to each of these requests, much of which it cannot possibly be relying upon. Local 430's response includes NORAD's entire general ledger for the years 2000, 2001 and 2002 instead of only producing the portions of the general ledger upon which it relies in support of its claims against Plaintiffs. It is readily apparent that Local 430 has merely regurgitated all of which it had been supplied in this action and the related action, instead of fulfilling its obligations.

Local 430's claim of work-product privilege is equally unimpressive. Plaintiffs do not have to make a showing of substantial need of the materials sought and that plaintiffs are unable without undue hardship to obtain the substantial equivalent elsewhere. If that were the case, Rule 34 of the Federal Rules of Civil Procedure would be rendered obsolete. Whenever a party requested production from another party, the responding attorney would fail to identify the documents that his or her client relied upon because to do so would be work-product.

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 12th day of June, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

Daria L Souza
______________________________

F:\Miranda, Mike (NORAD) #6523\PLEADINGS\US DISTRICT CT\Plfs' Reply to Def's Memo in Oppositon to P's MTC More Responsive Responses to P's 1st RFP.doc