AO 88 (Rev. 1/94) Subpoena in a Civil Case

TRUE COPY ATTEST
THOMAS NOURY
P.O. BOX 114026
NORTH PROVIDENCE, RI 02911
3/4/05

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

TEAMSTERS LOCAL UNION NO. 430

V.

NORTH ATLANTIC TRANSPORT

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Misc. 05-006L

TO: Custodian of Records
North Atlantic Transport
100 Tidal Drive
North Kingstown, RI 02852

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Little Medeiros Kinder Bulman & Whitney, PC<br>72 Pine Street, Providence, RI 02903 | April 7, 2005 - 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher H. Little, Little Medeiros Kinder Bulman & Whitney PC
72 Pine Street, Providence, RI 02903 Telephone: (401) 272-8080

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________
DATE SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SCHEDULE A

To: Custodian of Records
North Atlantic Transport
100 Tidal Drive
North Kingstown, RI 02852

Pursuant to Federal Rules of Procedure 34 and 45, you are commanded to produce for inspection and copying the documents requested below at 10:00 a.m. on April 7, 2005, at the offices of Little Medeiros Kinder Bulman & Whitney, P.C., 72 Pine Street, Providence, RI 02903.

**Definitions and Instructions**

In responding to these document requests, produce all responsive documents that are within the scope of Federal Rules of Civil Procedure 26(b), 34, and 45 which are in your possession, custody, or control, including documents in the possession of your attorneys, their investigators, and all other persons acting in your behalf. All documents produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in this request.

If any documents are withheld from production on a claim of privilege, or on any other grounds, the claim shall be made expressly and shall be supported by a description of the nature of the documents withheld that is sufficient to enable the party issuing this subpoena to contest the claim.

The following definitions and rules of construction shall apply to these requests for production of documents:

(a) The terms "documents" and "documentation" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Federal Rules of Civil Procedure 34(a) and 45, including, without limitation, e-mails and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(b) The term "concerning" means, in the broadest sense, including, relating to, referring to, discussing, describing, evidencing, or constituting in any way.

(c) The term "communication" means the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise. Both oral communications and communications by document are within the meaning of this term unless it is otherwise modified.

(d) The term "Judgment Debtor" refers to North Atlantic Transport and "Judgment Creditor" refers to Teamsters Local Union No. 430. Where applicable, "Judgment Debtor" also refers to North Atlantic Transport's current and former officers, directors, agents, employees, shareholders, partners, members, trustees, predecessors, successors, corporate parents, subsidiaries, and affiliates.

(e) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(f) The terms "any" and "all" shall each be construed to mean any or all as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(g) The use of the singular form of any word includes the plural and vice versa.

(h) Unless otherwise stated in the requests for production, the relevant time period for each document request is June 1, 1999 to the present.

**Requests for Production**

1. All documents concerning assets of any kind in which the Judgment Debtor has any rights or interest of any kind.

2. All documents concerning any interest of the Judgment Debtor in any real property.

3. All documents concerning any lease agreements of real property between the Judgment Debtor and any other party.

4. All documents concerning any equipment, including but not limited to, heavy equipment, earth moving equipment, cranes, fork lifts, shipping containers, trucks, cars, and office equipment, owned, leased, or used by the Judgment Debtor.

5. All documents concerning bank accounts opened, held, or utilized by the Judgment Debtor.

6. All documents concerning all bank statements concerning all bank accounts opened, held, or utilized by the Judgment Debtor.

7. All checkbooks used by the Judgment Debtor.

8. All ledgers produced or used by the Judgment Debtor.

9. All balance sheets produced or used by the Judgment Debtor.

10. All annual, quarterly, and monthly financial statements concerning the Judgment Debtor.

11. All tax returns, both federal and state, drafted or filed by or on behalf of the Judgment Debtor.

12. All documents concerning any filings required of the Judgment Debtor by the Securities and Exchange Commission.

13. All documents concerning any invoices produced by the judgment debtor, including but not limited to any invoices for services rendered or goods sold by the Judgment Debtor to any other party.

14. All documents concerning any promissory notes payable to the Judgment Debtor.

15. All documents concerning payment of invoices or other debts owed to the Judgment Debtor, including but not limited to any receipts produced or issued by the Judgment Debtor.

16. All documents concerning agreements between the Judgment Debtor and any labor organization, including but not limited to any collective bargaining agreements.

17. All documents concerning payroll records of the Judgment Debtor, including but not limited to documents concerning amounts paid to employees of the judgment debtor and contributions made by employees or on their behalf to any employee benefit plan.

18. All documents concerning payroll registers and/or paychecks issued to employees by the Judgment Debtor.

19. All documents concerning all payroll taxes paid by the Judgment Debtor.

20. All documents concerning agreements between the Judgment Debtor and any other party for whom the Judgment Debtor performed services, including but not limited to any contracts with any clients or customers.

21. All documents concerning agreements between the Judgment Debtor and any vendors to the Judgment Debtor.

22. All documents concerning the identity of the officers, directors, board members, and shareholders of the Judgment Debtor.

23. All documents concerning any dividends or other payments made to any shareholders of the Judgment Debtor.

24. All documents concerning any transfers to, forgiveness of the debts of, or other transactions between, the Judgment Debtor and any officers, directors, board members, or shareholders of the Judgment Debtor.

25. All documents concerning any other corporations or business entities for which any of the Judgment Debtor's officers, directors, board

members or shareholders serve as officers, directors, board members, employees, or consultants.

26. All documents concerning any ownership relationship, including but not limited to, any affiliate, parent, or subsidiary relationship, between the Judgment Debtor and any other person, corporation, partnership, or other entity.

27. All documents concerning any relationship or transactions between the Judgment Debtor and any of the following entities: NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, North Atlantic Transport Company of Rhode Island, MidAtlantic Processing Incorporated, Vehicle Services Group of RI, Inc., Miranda Associates, or Miranda Associates, L.P.

28. All documents concerning any communications between the Judgment Debtor and any of the following entities: NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, North Atlantic Transport Company of Rhode Island, MidAtlantic Processing Incorporated, Vehicle Services Group of RI, Inc., Miranda Associates, or Miranda Associates, L.P.

29. All documents concerning the general ledgers of any of the following entities: NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, North Atlantic Transport Company of Rhode Island, MidAtlantic Processing Incorporated, Vehicle Services Group of RI, Inc., Miranda Associates, or Miranda Associates, L.P.

30. All documents concerning any audits of the Judgment Debtor, whether performed by the Judgment Debtor's personnel, external accountants, or any other party.

31. All documents concerning any meetings of the board of directors of the Judgment Debtor, including but not limited to all minutes,

transcripts, records of any votes, committee reports, or resolutions.

32. All documents concerning any lease agreements entered into by the Judgment Debtor or any of its parents, subsidiaries or affiliates, including, but not limited to, any lease agreements with the Rhode Island Economic Development Corporation or the Quonset Development Corporation.

33. All documents concerning judgments, debts or other obligations of the judgment debtor, including but not limited to any obligations which resulted in litigation or arbitration.

34. All documents concerning any payment or settlement of any judgments, debts or other obligations of the Judgment Debtor.

35. All documents concerning any forgiveness of any judgments, debts or other obligations of the Judgment Debtor.