UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

NORTH ATLANTIC DISTRIBUTION, INC. :
AND MICHAEL MIRANDA, :
Plaintiffs, :
:
V. : C.A. NO: 05-348L
:
TEAMSTERS LOCAL UNION NO. 430, :
TEAMSTERS LOCAL UNION NO. 776, :
DANIEL A. VIRTUE *in his capacity as* :
*President of Teamsters Local Union No. 776* :
AND JOHN L. FOGLE *in his capacity as* :
*Secretary of Teamsters Local Union No. 776,* :
Defendants. :

**SECOND AMENDED NOTICE TO TAKE DEPOSITION**

Deponent: Teamsters Local Union No. 430 through its successor Teamsters Local Union No. 776

Date: Tuesday, August 8, 2006

Time: 10:00 a.m.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Court Rules of Civil Procedure, the attorneys for plaintiffs in the above-captioned matter will take the deposition of the above-named organization which examination will continue from day to day until completed, the same to commence on the date and time above stated at the offices of **Wistow & Barylick Incorporated**, 61 Weybosset Street, Providence, Rhode Island, before a Notary Public duly commissioned in the State of Rhode Island. The deponent has been requested to serve and file, prior to the deposition, a written

designation which identifies one or more officers, directors, or managing agents, or other person who consent to testify on its behalf which shall set forth, for each person designated, the matters on which the person will testify with respect to the matters which are set forth in Exhibit A.

Plaintiffs,

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow (#0330)

Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the within, postage-prepaid, on the 17th day of July, 2006, to the following:

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Daria C Sousa

# EXHIBIT A

1. All facts relied upon in support or your contention that "NATCO, NORAD and Miranda constitute a single employer for purposes of the CBA here at issue," as set forth in Paragraph No. 13 of Defendants' Counterclaims.

2. All facts in support of your contention that "The operations of NATCO, NORAD and Miranda were completely integrated. Business expenses, physical plant, customer relationships, equipment leases, and liability for corporate financing were all shared among the various entities," as set forth in Paragraph No. 14 of Local 430's counterclaims. This request includes, but is not limited to, the following:

   a. the date, nature and amount of each shared business expense and the identity of the parties that shared each expense;

   b. the date(s) and identities of parties that shared physical plant(s) as well as the address(es) of the shared plant(s);

   c. the identity of shared customers, the identity of individuals/companies that shared customers and the time period(s) that the customers were shared;

   d. the identity of the parties that were sharing customers, the time period that said customers were shared and whether or not the parties had written contracts with the shared customers;

   e. the parties, date(s) and nature of each shared equipment lease; and

   f. the parties, date(s) and nature of each agreement which called for shared liability of corporate financing.

3. All facts in support of your contention that "Miranda exercised centralized control over all operations of NATCO and NORAD, including but not limited to control of labor relations," as set forth in Paragraph No. 16 of Local 430's counterclaims.

4. All facts in support of your contention that "As the doctrine [the alter ego doctrine] has developed under the federal labor law, Miranda, NATCO and NORAD are all alter egos of one another for purposes of the CBA and arbitration award here at issue," as set forth in Paragraph No. 17 of Local 430's counterclaims.

5. All facts in support of your contention that "NATCO was wrongfully rendered insolvent without regard to outstanding obligations to its employees under the CBA," as set forth in Paragraph No. 18 of Local 430's counterclaims.

6. All facts in support of your contention that "Management and other expenses properly charged to other entities were allocated to NATCO, thereby rendering it insolvent," as set forth in Paragraph 18 of Local 430's counterclaims. This request includes, but is not limited to, the following:

   a. the date and amount of each management expense allocated to NATCO but properly charge[able] to other entities including the identity of the company/person that the expense should have been allocated to and the amount which should have been allocated to that company/person; and

   b. the identity, date and amount of every other expense allocated to NATCO but properly charge[able] to other entities including the identify of the company/person that the expense should have been allocated to and the amount which should have been allocated to that company/person.

7. All facts in support of your contention that "NATCO and NORAD have substantially identical business purposes," as set forth in Paragraph No. 20 of Local 430's counterclaims.

8. All facts in support of your contention that "Both entities prepare, distribute, or transport automobiles," as set forth in Paragraph No. 20 of Local 430's counterclaims. This request includes, but is not limited to, the following:

   a. the identity of the parties for which NORAD distributed and/or transported automobiles;

   b. the dates that NORAD distributed and/or transported automobiles including the point of origin and destination location and the company that received the automobiles; and

   c. the identity of the parties for which NATCO prepared automobiles.

9. All facts in support of your contention that "Both entities have the same address and were managed by the same staff from the same offices," as set forth in Paragraph No. 21 of Local 430's counterclaims.

10. All facts in support of your contention that "Expenses such as payroll, trucking supplies, truck maintenance, diesel fuel, health insurance, dental insurance, shop supplies, classified ads, legal fees, consulting and professional services, telephone bills, freight costs and office expenses were at all relevant times paid jointly by all employer entities without regard to which nominally separate entity actually incurred the expense," as set forth in Paragraph No. 21 of Local 430's counterclaims. This request includes, but is not limited to, the following:

a. the dates and locations of business addresses that were shared by NATCO and NORAD;

b. the relevant dates and identity of the individuals and departments that simultaneously managed NATCO and NORAD; and

c. the identity, date and amount of each expense including but not limited to payroll, trucking supplies, truck maintenance, diesel fuel, health insurance, dental insurance, shop supplies, classified ads, legal fees, consulting and professional services, telephone bills, freight costs, and office expenses that were paid jointly by all employer entities without regard to which nominally separate entity actually incurred the expense.

11. All facts in support of your contention that "NATCO and NORAD share substantially identical equipment. In addition to using the same office space and office equipment, NATCO and NORAD have shared expenses for other equipment. Lease agreements for equipment establish that NATCO and NORAD, among other Miranda-owned entities, jointly entered into lease obligations and shared liability for leased heavy equipment, regardless of which nominally different entity actually used the equipment," as set forth in Paragraph No. 22 of Local 430's counterclaims. This request includes, but is not limited to, the following:

a. the identity and date(s) of all equipment shared by NATCO and NORAD;

b. the identity, date and amount of each expense that NATCO and NORAD shared for equipment; and

c. the identity of all lease agreements for equipment which were jointly entered into by NATCO and NORAD and/or other Miranda-owned entities including but not limited to the date of each such agreement.

12. All facts in support of your contention that "NATCO and NORAD shared substantially identical customers. The vast majority of NATCO and NORAD's income came from the shared customers Volkswagen and Subaru. Additionally, substantial NATCO revenue came directly from NORAD and other Miranda-owned entities," as set forth in Paragraph No. 23 of Local 430's counterclaims. This request includes, but is not limited to, the following:

    a. the amount of annual income that NATCO received from Volkswagen for the years upon which defendants rely;

    b. the amount of annual income that NORAD received from Volkswagen for the years upon which defendants rely;

    c. the amount of annual income that NATCO received from Subaru for the years upon which defendants rely;

    d. the amount of annual income that NORAD received from Subaru for the years upon which defendants rely; and

    e. with regard to NATCO revenue which came directly from NORAD and other Miranda-owned entities, identify the individual/company that made such payment(s), the dates of the payments and the amount of the payments.

13. All facts in support of your contention that "In addition to his status as an employer and an alter go as those doctrines have developed under the federal labor law, Miranda is also an alter ego of NATCO as that doctrine has developed under corporate law," as set forth in Paragraph No. 25 of Local 430's counterclaims.

14. All facts in support of your contention that "NATCO was at all relevant times insufficiently capatalized for the business purposes it undertook, not least paying the wages of its employees. NATCO operated on capital provided by Miranda or other Miranda-owned entities, or capital provided by loans secured by other entities, including NORAD. NATCO did not pay corporate dividends or observe other corporate formalities," as set forth in Paragraph No. 27 of Local 430's counterclaims. This request includes, but is not limited to, the following:

    a. the identity of all corporate formalities that NATCO did not observe; and

    b. the date and amount of all capital that NATCO operated on which was provided by Miranda or other Miranda-owned entities.

15. All facts in support of your contention that "NATCO's funds were siphoned off by Miranda and other Miranda-owned entities through excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO," as set forth in Paragraph No. 28 of Local 430's counterclaims. This request includes, but is not limited to, the following:

    a. the date, amount and payee of all funds that were siphoned off by Miranda and other Miranda-owned entities; and

    b. the date, amount and payee of all excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO.

16. All facts related to the damages that Local 430 is seeking including the precise amount allegedly owed, the manner of calculating that amount, the identity of the individuals and/or entities that will be receiving the damages in the event that damages are awarded in this matter including the amounts that each individual and/or entity will receive.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,

Plaintiffs,

v.

TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,

Defendants.

C.A. No. 05-348 L

**NOTICE OF DEPOSITION**

TO: Michael Miranda
c/o Max Wistow, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Allied Court Reporting
115 Phenix Ave.
Cranston, RI 02910

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30 Defendants will take the deposition before a notary public, or some other officer authorized by law to take depositions, of Michael Miranda. The deposition will commence on August 4, 2006 at 10:00 a.m. at the offices of Little Medeiros Kinder Bulman & Whitney, P.C., 72 Pine Street,

5th Floor, Providence, RI 02903, or on a lawfully adjourned date, and shall continue from day to day until concluded. The testimony shall be recorded by stenographic means. You are invited to attend and take such part as is appropriate under law.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Scott K. Pomeroy

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

Dated: 17 July 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2006, I served the within Notice of Deposition by hand delivery to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R. Novak

scott/A114/1452

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA, | ) | |
| Plaintiffs, | ) | C.A. No. 05-348 L |
| v. | ) | |
| TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776, | ) | |
| Defendants. | ) | |

**NOTICE OF RULE 30(b)(6) DEPOSITION**

TO: Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Allied Court Reporting
115 Phenix Ave.
Cranston, RI 02910

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) Defendants will take the deposition before a notary public, or some other officer authorized by law to take depositions, of Plaintiff North Atlantic Distribution, Inc. ("NORAD"), a party in this case. NORAD is required to designate one or more officers, directors, agents, or other persons with the most knowledge to testify on its behalf regarding the issues and topics set forth in the attached Schedule A. The deposition or depositions will commence on August 3, 2006 at 10:00

a.m. at the offices of Little Medeiros Kinder Bulman & Whitney, P.C., 72 Pine Street, 5th Floor, Providence, RI 02903, or on a lawfully adjourned date, and shall continue from day to day until concluded. The testimony shall be recorded by stenographic means. You are invited to attend and take such part as is appropriate under law.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

Dated: 17 July 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of July 2006, I served the within Notice of Rule 30(b)(6) Deposition by hand delivery to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R Novak

scott/A114/1450

**Schedule A**
**Subjects For Examination**

For the period January 1, 1999, to the present:

1. The nature and extent of any interrelation or integration between the operations of NORAD and those of North Atlantic Transport Company of Rhode Island, Inc. ("NATCO").

2. Details regarding the nature and extent of NORAD's various business lines and the relationship between those lines and the business lines of NATCO, Vehicle Services Group of Rhode Island, Inc. ("VSG"), and MidAtlantic Processing, Inc. ("MAP").

3. Details regarding the nature of NORAD's operations at each location where it does or has done any part of its business including without limitation details regarding what equipment or facilities are used at each location and what employees are employed at each location.

4. Details regarding the nature of services NORAD performs for each of its customers and what facilities, locations, and employees it uses to perform such work.

5. Details regarding any use of NORAD's business equipment, assets, facilities, employees, or other business resources to perform any work for or in conjunction with NATCO, VSG, or MAP.

6. Details regarding any shared business operations between NORAD, NATCO, VSG, or MAP including but not limited to processing of payroll, tracking inventory, communications with customers, billing, accounting, purchasing, leasing of trucks or other equipment, customer relations, credit, financing, and other business tasks.

7. Details regarding all business of any kind that NORAD transacted with NATCO, VSG, or MAP.

8. All statements or representations to customers, employees, the public, any regulatory authority, or any other persons regarding the existence or nature of the relationship between NORAD, NATCO, VSG, or MAP.

9. Details regarding any transfer of managers, supervisors, or other employees between NORAD, NATCO, VSG, or MAP.

10. Any and all training for NORAD employees and details regarding whether such training was shared or available to employees of NATCO, VSG, or MAP.

11. Details regarding all credit or financial transactions between NORAD, NATCO, VSG, or MAP, including but not limited to any inter-company borrowing, any transfers of cash, the sharing of any business or non-business expenses between or among the companies, and the nature and substantiation of all so-called "management fees" exchanged between the companies.

12. Details regarding which employees are or were responsible for NORAD's internal bookkeeping and accounting and the extent of their involvement in bookkeeping or accounting tasks for NATCO, VSG, or MAP.

13. Details regarding any joint insurance policies or sharing or allocation of insurance premiums or coverage between or among NORAD, NATCO, VSG, or MAP.

14. Details regarding any joint loans or sharing or allocation of bank accounts, loan payments, or loan proceeds between or among NORAD, NATCO, VSG, or MAP.

15. All details regarding any shared or common management between NORAD and NATCO.

16. The identities and business roles of all officers, directors, managers, supervisors, and employees of NORAD, including but not limited to details regarding chain of command and the scope of each manager's or supervisor's authority and area(s) of responsibility.

17. Details regarding internal NORAD decision-making and communications regarding the management and supervision of all employees and of all business operations including but not limited to production, sales, marketing, accounting, and other operations.

18. All details regarding any shared or centralized control over labor or employee matters at NORAD and NATCO.

19. Details regarding NORAD's policies and decisions regarding interviewing, hiring, promotions, employee discipline, drug testing, vacations, layoffs, terminations and other employee or personnel matters.

20. Details regarding NORAD's policies and decisions regarding wages, hours, benefits, working conditions, safety, and other labor matters.

21. Details regarding NORAD's policies and decisions regarding union matters.

22. Details regarding the nature and extent of common ownership of NORAD and NATCO.

23. Details regarding any portion or aspect of NATCO's business (including but not limited to NATCO's operations, contracts, leases, loans, employees, assets, equipment, inventory, customers, and suppliers) that was transferred to or undertaken by NORAD before, after, or near the time that NATCO ceased operations.

24. Details regarding any transfer of NORAD funds or assets to Michael Miranda or members of his family and any use of NORAD funds or assets for the personal benefit of Michael Miranda or his family.

25. Details regarding any transfer or commingling of funds or assets by or between NORAD, NATCO, VSG, or MAP and any use of the funds or assets of any one of these companies for the benefit of one of the others.

26. Details regarding NORAD's director and shareholder meetings, resolutions, and adherence and/or non-adherence to any corporate formalities.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | ) | C.A. No. 05-348 L |

**NOTICE OF RECORD KEEPER DEPOSITION**

TO: Keeper of Records
Subaru of New England, Inc.
95 Morse Street
Norwood, MA 02062

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45 Defendants will take the deposition before a notary public, or some other officer authorized by law to take depositions, of the Keeper of Records for Subaru of New England, Inc. ("SNE"), a witness in this case. SNE's Keeper of Records is required to produce and permit inspection and copying of the documents or objects set forth in the attached Schedule A. The deposition or depositions will commence on July 28, 2006 at 2:00 p.m. at the offices of Anderson & Kreiger,

43 Thorndike Street, Cambridge, MA 02141, or on a lawfully adjourned date, and shall continue from day to day until concluded. The testimony shall be recorded by stenographic means. You are invited to attend and take such part as is appropriate under law. A subpoena will be served.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July 2006, I served the within Notice of Record Keeper Deposition by hand delivery to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R Novak

scott/A114/1457

**Schedule A: Requests 1–8**

1. All documents constituting any contract or agreement between Subaru of New England, Inc. ("SNE") and North Atlantic Transport Company of Rhode Island, Inc. ("NATCO") executed or in effect at any time from January 1, 1999 to the present.

2. For the time period January 1, 1999 to the present, any and all correspondence, emails, and other documents of any kind exchanged between SNE and NATCO concerning the negotiation of the terms or conditions of any and all contracts or agreements between SNE and NATCO or concerning any modification, change, amendment, extension, or termination of any such contracts or agreements.

3. For the time period January 1, 1999 to the present, any and all correspondence, emails, reports, memoranda, and other documents of any kind that concern or discuss the reasons that any contracts or agreements between SNE and NATCO were modified, changed, amended, extended, or terminated.

4. All documents constituting any contract or agreement between SNE and North Atlantic Distribution, Inc. ("NORAD") executed or in effect at any time from January 1, 1999 to the present.

5. For the time period January 1, 1999 to the present, any and all correspondence, emails, and other documents of any kind exchanged between SNE and NORAD concerning the negotiation of the terms or conditions of any and all contracts or agreements between SNE and NORAD or concerning any modification, change, amendment, extension, or termination of any such contracts or agreements.

6. For the time period January 1, 1999 to the present, any and all correspondence, emails, reports, memoranda, and other documents of any kind that concern or discuss the reasons that any contracts or agreements between SNE and NORAD were modified, changed, amended, extended, or terminated.

7. For the time period January 1, 1999 to the present, any and all correspondence, emails, and other documents of any kind that concern or discuss the nature of the relationship or interrelationship between NATCO and NORAD.

8. For the time period January 1, 1999 to the present, any and all correspondence, emails, and other documents of any kind that concern or discuss any coordination or integration of the communications, operations, management, or finances of NATCO and NORAD.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,<br><br>Defendants. | C.A. No. 05-348 L |

**NOTICE OF RECORD KEEPER DEPOSITION**

TO: Keeper of Records
Boston Port Service, Inc.
95 Morse Street
Norwood, MA 02062

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45 Defendants will take the deposition before a notary public, or some other officer authorized by law to take depositions, of the Keeper of Records for Boston Port Service, Inc. ("BPS"), a witness in this case. BPS's Keeper of Records is required to produce and permit inspection and copying of the documents or objects set forth in the attached Schedule A. The deposition or depositions will commence on July 28, 2006 at 2:00 p.m. at the offices of Anderson & Kreiger,

43 Thorndike Street, Cambridge, MA 02141, or on a lawfully adjourned date, and shall continue from day to day until concluded. The testimony shall be recorded by stenographic means. You are invited to attend and take such part as is appropriate under law. A subpoena will be served.

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

(401) 272-8080
Fax (401) 521-3555

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July 2006, I served the within Notice of Record Keeper Deposition by hand delivery to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R Novak

scott/A114/1458

**Schedule A: Requests 1–8**

1. All documents constituting any contract or agreement between Boston Port Service, Inc. ("BPS") and North Atlantic Transport Company of Rhode Island, Inc. ("NATCO") executed or in effect at any time from January 1, 1999 to the present.

2. For the time period January 1, 1999 to the present, any and all correspondence, emails, and other documents of any kind exchanged between BPS and NATCO concerning the negotiation of the terms or conditions of any and all contracts or agreements between BPS and NATCO or concerning any modification, change, amendment, extension, or termination of any such contracts or agreements.

3. For the time period January 1, 1999 to the present, any and all correspondence, emails, reports, memoranda, and other documents of any kind that concern or discuss the reasons that any contracts or agreements between BPS and NATCO were modified, changed, amended, extended, or terminated.

4. All documents constituting any contract or agreement between BPS and North Atlantic Distribution, Inc. ("NORAD") executed or in effect at any time from January 1, 1999 to the present.

5. For the time period January 1, 1999 to the present, any and all correspondence, emails, and other documents of any kind exchanged between BPS and NORAD concerning the negotiation of the terms or conditions of any and all contracts or agreements between BPS and NORAD or concerning any modification, change, amendment, extension, or termination of any such contracts or agreements.

6. For the time period January 1, 1999 to the present, any and all correspondence, emails, reports, memoranda, and other documents of any kind that concern or discuss the reasons that any contracts or agreements between BPS and NORAD were modified, changed, amended, extended, or terminated.

7. For the time period January 1, 1999 to the present, any and all correspondence, emails, and other documents of any kind that concern or discuss the nature of the relationship or interrelationship between NATCO and NORAD.

8. For the time period January 1, 1999 to the present, any and all correspondence, emails, and other documents of any kind that concern or discuss any coordination or integration of the communications, operations, management, or finances of NATCO and NORAD.