# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,* Defendants. | : | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE IN HIS CAPACITY AS PRESIDENT OF TEAMSTERS LOCAL UNION NO. 776 AND JOHN L. FOGLE IN HIS CAPACITY AS SECRETARY OF TEAMSTERS LOCAL UNION NO. 776**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiffs propound the following interrogatories to defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue in his capacity as President of Teamsters Local Union No. 776 and John L. Fogle in his capacity as Secretary of Teamsters Local Union No. 776 (collectively "Local 430") in the above-referenced action, to be answered separately and fully under oath and in writing within thirty (30) days from the date of service hereof.

## Definitions and Instructions

"Identify" an oral communication shall mean to describe it by speaker, the person(s) spoken to, the date, the place of communication, and the substance of the oral communication with particularity.

"Identify" an act shall mean to describe the act, including the place, date, and time of its occurrence, and the person, persons or entities that engaged in the act.

"Identify" a document shall mean to describe that document by date, author, address, general subject matter, present custodian and location.

"Person" shall mean and include natural persons, corporations, trusts, partnerships, ventures, governmental or public quasi-public entities, citizens, groups or associations, and any other form of organization or association.

"Document" shall mean the original and any non-identical copy of every written, printed, recorded, graphic or photographic matter or sound reduction, including but not limited to correspondence, telegrams, other written communications, contracts, agreements, diaries, memoranda, logs, notes, analyses, reports, charts, forms, brochures, bulletins, work papers, calendars, tape recordings, drawings, catalogues, interviews, affidavits, transcripts, photographs, drawings, blueprints and any other similar matter. Handwritten notations of any kind on any copy of a document render it non-identical.

The singular shall be deemed to include plural and vice versa. The feminine shall be deemed to include the masculine and vice versa. The word "and" shall be deemed to include the disjunctive "or" and vice versa.

Privileged Information

As to any requested information that defendant claims is privileged or protected from discovery under Rule 26(b) of the Federal Rules of Civil Procedure, if the information is contained in a document, identify the document by date, author, address, general subject matter, present custodian and location, and set forth in detail the facts upon which defendant bases its claim; if the information is not contained in a document, identify the information by general subject matter in sufficient detail to enable plaintiff to determine if the asserted privilege is applicable.

**Interrogatory No. 1**

State all facts upon which you base your contention that, "NATCO, NORAD and Miranda constitute a single employer for the purposes of the CBA here at issue," as set forth in paragraph No. 13 of Defendants' Counterclaims.

**Interrogatory No. 2**

Paragraph No. 14 of Defendants' Counterclaims contains the following allegation:

> The operations of NATCO, NORAD and Miranda were completely integrated. Business expenses, physical plant, customer relationships, equipment leases, and liability for corporate financing were all shared among the various entities.

State all facts upon which the allegations contained in paragraph No. 14 are based, including but not limited to:

a. the date, nature and amount of each shared business expense and the identity of the parties that shared each expense;
b. the date(s) and identities of parties that shared physical plant(s) as well as the address(es) of the shared plant(s);
c. the identity of shared customers, the identity of individuals/companies that shared customers and the time period(s) that the customers were shared;

d. the identity of the parties that were sharing customers, the time period that said customers were shared and whether or not the parties had written contracts with the shared customers;

e. the parties, date(s) and nature of each shared equipment lease; and,

f. the parties, date(s) and nature of each agreement which called for shared liability of corporate financing.

**Interrogatory No. 3**

Paragraph No. 16 of Defendants' Counterclaims contains the following allegation:

> Miranda exercised centralized control over all operations of NATCO and NORAD, including but not limited to control of labor relations.

State all facts upon which the allegations contained in paragraph No. 16 are based, including but not limited to the identity of all operations that Miranda exercised centralized control over and the time period that such control was exercised.

**Interrogatory No. 4**

State all facts upon which you base your contention that "under the federal labor law, Miranda, NATCO, and NORAD are all alter egos of one another for purposes of the CBA and arbitration award here at issue," as set forth in Paragraph No. 17 of Defendants' Counterclaims.

**Interrogatory No. 5**

Paragraph No. 18 of Defendants' Counterclaims contains the following allegation:

> NATCO was wrongfully rendered insolvent without regard to outstanding obligations to its employees under the CBA and that management and other expenses properly charged to other entities were allocated to NATCO, thereby rendering it insolvent.

State all facts upon which the allegations contained in paragraph No. 18 are based, including but not limited to:

a. the date and amount of each management expense allocated to NATCO but properly charge[able] to other entities including the identity of the company/person that the expense should have been allocated to and the amount which should have been allocated to that company/person; and

b. the identity, date and amount of every other expense allocated to NATCO but properly charge[able] to other entities including the identify of the company/person that the expense should have been allocated to and the amount which should have been allocated to that company/person.

**Interrogatory No. 6**

State all facts upon which you base your contention that "NATCO and NORAD have identical management" as set forth in paragraph No. 19 of Defendants' Counterclaims including but not limited to the following:

a. the name and title of each individual and/or company who/which constitutes identical management; and
b. the time period that each individual and/or company managed both NATCO and NORAD.

**Interrogatory No. 7**

Paragraph No. 20 of Defendants' Counterclaims contains the following allegation: "NATCO and NORAD have substantially identical business purposes. Both entities prepare, distribute, or transport automobiles." State all facts upon which the allegations contained in paragraph No. 20 are based, including but not limited to the following:

a. the identity of the parties for which NORAD distributed and/or transported automobiles;
b. the dates that NORAD distributed and/or transported automobiles including the point of origin and destination location and the company that received the automobiles; and
c. the identity of the parties for which NATCO prepared automobiles.

**Interrogatory No. 8**

Paragraph No. 21 of Defendants' Counterclaims contains the following allegation:

> NATCO and NORAD have substantially identical operations. Both entities have the same address and were managed by the same staff from the same offices. Expenses such as payroll, trucking supplies, truck maintenance, diesel fuel, health insurance, dental insurance, shop supplies, classified ads, legal fees, consulting and professional services, telephone bills, freight costs, and office expenses were at all relevant times paid jointly by all employer entities without regard to which nominally separate entity actually incurred the expense.

State all facts upon which the allegations contained in paragraph No. 21 are based, including but not limited to:

a. the dates and locations of business addresses that were shared by NATCO and NORAD;
b. the relevant dates and identity of the individuals and departments that simultaneously managed NATCO and NORAD; and
c. the identity, date and amount of each expense including but not limited to payroll, trucking supplies, truck maintenance, diesel fuel, health insurance, dental insurance, shop supplies, classified ads, legal fees, consulting and professional services, telephone bills, freight costs, and office expenses that were paid jointly by all employer entities without regard to which nominally separate entity actually incurred the expense.

**Interrogatory No. 9**

Paragraph No. 22 of Defendants' Counterclaims contains the following allegation:

> NATCO and NORAD share substantially identical equipment. In addition to using the same office space and office equipment, NATCO and NORAD have shared expenses for other equipment. Lease agreements for equipment establish that NATCO and NORAD, among other Miranda-owned entities, jointly entered into lease obligations and shared liability for leased heavy equipment, regardless of which nominally different entity actually used the equipment.

State all facts upon which the allegations contained in paragraph No. 22 are based, including but not limited to:

a. the identity and date(s) of all equipment shared by NATCO and NORAD;
b. the identity, date and amount of each expense that NATCO and NORAD shared for equipment; and
c. the identity of all lease agreements for equipment which were jointly entered into by NATCO and NORAD and/or other Miranda-owned entities including but not limited to the date of each such agreement.

**Interrogatory No. 10**

Paragraph No. 23 of Defendants' Counterclaims contains the following allegation:

NATCO and NORAD shared substantially identical customers. The vast majority of NATCO and NORAD's income came from the shared customers Volkswagen and Subaru. Additionally, substantial NATCO revenue came directly from NORAD and other Miranda-owned entities.

State all facts upon which the allegations contained in paragraph No. 23 are based, including but not limited to:

a. the amount of annual income that NATCO received from Volkswagen for the years upon which defendants rely;
b. the amount of annual income that NORAD received from Volkswagen for the years upon which defendants rely;
c. the amount of annual income that NATCO received from Subaru for the years upon which defendants rely;
d. the amount of annual income that NORAD received from Subaru for the years upon which defendants rely; and
e. with regard to NATCO revenue which came directly from NORAD and other Miranda-owned entities, identify the individual/company that made such payment(s), the dates of the payments and the amount of the payments.

**Interrogatory No. 11**

State all facts upon which you base your contention that "NATCO and NORAD share identical supervision" as stated in paragraph No. 24 of Defendants' Counterclaims, including but not limited to the individual(s) who performed said supervision and the subject matter that each individual supervised.

**Interrogatory No. 12**

State all facts upon which you base your contention that "Miranda is also an alter ego of NATCO as that doctrine has developed under corporate law" as stated in paragraph No. 25 of Defendants' Counterclaims.

**Interrogatory No. 13**

State all facts upon which you base your contention that, "Miranda controlled the operation of NATCO" as stated in paragraph No. 26 of Defendants' Counterclaims.

**Interrogatory No. 14**

Paragraph No. 27 of Defendants' Counterclaims contains the following allegation:

> NATCO was at all relevant times insufficiently capitalized for the business purpose it undertook, not least paying the wages of its employees. NATCO operated on capital provided by Miranda or other Miranda-owned entities, or capital provided by loans secured by other entities, including NORAD. NATCO did not pay corporate dividends or observe other corporate formalities.

State all facts upon which the allegations contained in paragraph No. 27 are based, including but not limited to:

a. the identity of all corporate formalities that NATCO did not observe; and
b. the date and amount of all capital that NATCO operated on which was provided by Miranda or other Miranda-owned entities.

**Interrogatory No. 15**

Paragraph No. 28 of Defendants' Counterclaims contains the following allegation:

> NATCO's funds were siphoned off by Miranda and other Miranda-owned entities through excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO.

State all facts upon which the allegations contained in paragraph No. 28 are based, including but not limited to:

a. the date, amount and payee of all funds that were siphoned off by Miranda and other Miranda-owned entities; and
b. the date, amount and payee of all excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO.

**Interrogatory No. 16**

Identify each person whom you intend to call as an expert witness, stating:

a. His/her name, or other means of identification, address and telephone number;

b. His/her profession or occupation, and the field in which he/she allegedly is an expert;

c. If he/she has had a formal education in his field and, if so, state:

i. The name and address of each school where he/she received special education or training in this field;

ii. The dates when he/she attended each school;

iii. The name and description of each degree he/she received, including the date when each was received, and the name of the school from which each was received; and

iv. The title, publisher and date of publication of any books, papers, articles, publications on subjects in his/her field that he/she has written within the preceding ten years.

d. Whether he/she is self-employed, employed by someone else or associated as a partner;

e. Each address where he/she practiced or was employed;

f. The dates he/she was with each employer, if any;

g. The type of duty they performed with each employer;

h. The subject matter on which he/she is expected to testify;

i. The substance of the facts on which he/she is expected to testify;

j. The substance of the opinions and/or conclusions to which each expert is expected to testify and give a summary of the grounds upon which each expert bases his/her opinion;

k. The identity of all such cases in which he/she testified during the last four (4) years, including the name of each case, the court, and docket number of each case, the names of the attorneys representing the principal parties in each case, and the date(s) of such testimony;

l. The amount of compensation to be paid for his/her work and efforts in connection with this action; and

m. A description and date of each written report prepared by him/her.

**Interrogatory No. 17**

With regard to the time(s), if any, that Local 430 or its agents or employees advised NORAD and/or Miranda that Local 430 was pursuing Miranda and/or NORAD to satisfy the financial responsibilities of NATCO including but not limited to the Judgment entered in C.A. 02-1461 in the United States District Court for the Middle District of Pennsylvania, identify:

a. the date of the communication;
b. the substance of the communication; and
c. the parties to said communication.

North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

Max Wistow, Esq. (#0330)

Jeffrey A. Mega, Esq. (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Ste. 205
Providence, RI 02903
(401) 455-0350 (Telephone)
(401) 455-0882 (Facsimile)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within, on the 2nd day of March, 2006, to the following:

Christopher H. Little, Esq.
Little Medeiros Kinder Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

F:\Miranda, Mike (NORAD) #6523\Discovery\1st set of INTS to Local 430.doc