# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC., and MICHAEL MIRANDA, Plaintiffs, | : | |
| v. | : | CA 05-348 L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE in his capacity as President of Teamsters Local Union No. 776, and JOHN L. FOGLE in his capacity as Secretary of Teamsters Local Union No. 776, Defendants. | : | |

**DECISION AND ORDER**
**RE MOTIONS**
**HEARD ON JUNE 14, 2006**

On June 14, 2006, the Court conducted a hearing on the four motions listed below:

1. Defendants' Motion to Compel Production of Documents (Document ("Doc.") #31) ("Defendants' Motion to Compel Production");

2. Defendants' Motion for a Protective Order (Doc. #39);

3. Plaintiffs' Motion to Compel Defendants[1] to Provide More Responsive Answers to Plaintiffs' First Set of Interrogatories (Doc. #34) ("Plaintiffs' Motion to Compel More Responsive Answers"); and

4. Plaintiffs' Motion to Compel Defendants to Provide More Responsive Responses to Plaintiffs' First Request for Production of Documents (Doc. #33) ("Plaintiffs' Motion to Compel More Responsive Responses") (collectively the "Motions").

Following the hearing, the Court took the Motions under advisement. After reviewing the memoranda, the relevant case law, and the pleadings, the Court makes the following rulings.

## I. Defendants' Motion to Compel Production

The Court finds that the documents sought by Defendants' Motion to Compel Production are relevant to Defendants' counterclaims. See Answer and Counterclaims (Doc. #3) at 8-15. The first and second counterclaims are based respectively on the "single employer," id. at 9-10, and "alter ego" doctrines of labor law, id. at 11, 13; see also C.E.K. Indus. Mech. Contractors, Inc. v. Nat'l Labor Relations Bd., 921 F.2d 350, 353-54 (1st Cir. 1990)(discussing single employer and alter ego doctrines); Penntech Papers, Inc. v. Nat'l Labor Relations Bd., 706 F.2d 18, 25 (1st Cir. 1983)("Single employer status ultimately **depends on all the circumstances of the case** and is marked by an absence of an arm's length relationship found among the unintegrated companies.")(internal quotation marks omitted)(bold added). The third counterclaim is based on the corporate "alter ego" doctrine. See Answer and Counterclaims at 13-14; see also Nat'l Hotel Assocs. v. O. Ahlborg & Sons, Inc., 827 A.2d 646, 653 (R.I. 2003)(stating that the "trial justice overlooked the defendants' conduct during the relevant time period, when Richard[,] the sole stockholder of CSI and president and sole stockholder of O. Ahlborg[,] was operating both entities as his personal fiefdoms"); id. at 653-54 (finding that "the evidence established that ... Richard dominated the affairs of all three entities—CSI, O. Ahlborg, and CPC—to an extraordinary degree"); UST Corp. v. Gen. Rd. Trucking Corp., 783 A.2d 931, 940 (R.I. 2001)(stating that "**the totality of circumstances**" determines whether a court should pierce the corporate veil)(bold added); Doe v. Gelineau, 732 A.2d 43, 48 (R.I. 1999)(noting that "the criteria for piercing the corporate veil of limited liability vary with **the particular circumstances of each case**")(bold added).

This Court agrees with Defendants that "Teamsters 430's

document requests are reasonably calculated to elicit evidence that is relevant to understanding the overall picture of each of the relevant business entities—including Miranda as an individual—as well as to understanding the degree of integration and the continuity in their operations, management, and finances." Reply Memorandum in Support of Defendants' Motion to Compel Production of Documents ("Reply Mem.") at 4. The Court also agrees that:

> Documents that show the extent to which Miranda loaned or guaranteed working capital for NORAD, NATCO, and the other companies he controlled are clearly relevant to the question of whether Miranda treated the companies as one integrated enterprise or without regard to their nominal corporate boundaries.
>
> Documents concerning Miranda's use of NORAD and NATCO assets for personal and family purposes are relevant because they tend to show the unity of interest between Miranda as an individual and his respective companies .... Miranda's use of corporate assets for travel and entertainment, to purchase or lease personal vehicles or a luxury yacht, or to fund personal loans to himself and other family members are matters that are ... relevant under Teamsters 430's third count which is based on the traditional corporate alter ego analysis. Such discovery pertains to issues of under-capitalization, dissipation of assets, [and] disregard of corporate formalities ....

Id. (citing Nat'l Hotel Assocs. v. O. Ahlborg & Sons, Inc., 827 A.2d at 652-54; UST Corp. v. Gen. Rd. Trucking Corp., 783 A.2d at 940-41; Heflin v. Koszela, 774 A.2d 25, 30 (R.I. 2001); Doe v. Gelineau, 732 A.2d at 48).

Accordingly, **Defendants' Motion to Compel Production is GRANTED to the extent that Plaintiffs' objections are overruled and Plaintiffs shall produce the documents requested for the five**

**year period from January 1, 2000, to January 1, 2005.**[1] Defendants' request for costs and attorneys' fees is denied as Plaintiffs' argument against production was not frivolous. Plaintiffs shall comply by July 12, 2006.[2]

**II. Defendants' Motion for a Protective Order**

At the June 14, 2006, hearing, counsel for Defendants indicated that Defendants were willing to provide an accountant as their Rule 30(b)(6) deponent to testify about the topics identified in the Notice to Take Deposition,[3] but Defendants first needed the discovery sought by Defendants' Motion to Compel Production. <u>See</u> Tape of 6/14/06 Hearing. Accordingly, **the Court GRANTS Defendants' Motion for a Protective Order to the extent that the Rule 30(b)(6) deposition shall not occur before August**

---

[1] Defendants' requests for production contain no limitation as to time. <u>See</u> Defendants' Motion to Compel Production of Documents (Doc. #31), Exhibit ("Ex.") A, B. As this omission could make compliance unduly burdensome, the Court limits production to a five year period.

If either Defendants or Plaintiffs believe the time period should be different, they should confer with each other relative to reaching an agreement as to the time period for which the documents will be produced. If the parties are unable to agree, either side may file a motion requesting a different time period. For the parties' guidance, the Court would be inclined to view favorably a request by Plaintiffs for a shorter but different period of time, view neutrally a request from either Plaintiffs or Defendants for a different five year period, and view unfavorably a request by Defendants for a longer time period.

Plaintiffs are advised that the July 12, 2006, date for compliance will not be extended. Therefore, they should begin to gather responsive documents immediately even though the precise parameters of the time period may be subsequently modified by agreement of the parties or by ruling of the Court.

[2] By separate order, the Court is extending the date for the close of pretrial discovery from June 27, 2006, to August 28, 2006, and the date for the filing of pretrial memoranda from July 25, 2006, to September 28, 2006. <u>See</u> Order Further Extending Pretrial Order Deadlines.

[3] A copy of the Notice to Take Deposition is attached as Exhibit A to the Memorandum in Support of Defendants' Motion for a Protective Order.

**7, 2006.** The Court finds that Plaintiffs will not be prejudiced by this delay because by separate order the Pretrial Order deadlines are being extended. Defendants' request for costs and attorneys' fees is denied because the Court has only delayed and not barred the taking of the deposition.

**III. Plaintiffs' Motion to Compel More Responsive Answers** and
**IV. Plaintiffs' Motion to Compel More Responsive Responses**

As Defendants failed to file timely objections to these two motions,[4] **Plaintiffs' Motion to Compel More Responsive Answers** and **Plaintiffs' Motion to Compel More Responsive Responses are GRANTED**.[5] Defendants shall comply by August 7, 2006.[6]

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
June 16, 2006

BY ORDER:

Deputy Clerk

---

[4] At the June 14, 2006, hearing counsel for Defendants suggested that the reason their objections were untimely was because Defendants had mistakenly allowed for the three additional days provided by Fed. R. Civ. P. 6(e) when service is made by mail and here the motions had been served on Defendants in person. However, even allowing the three additional days, Defendants' objections were due not later than June 8, 2006. They were not filed until June 9, 2006.

[5] As Plaintiffs' counsel indicated at the June 14, 2006, hearing that he was not pressing Plaintiffs' Motion to Compel More Responsive Answers as to interrogatories 2, 7, 8, and 9, Defendants need not provide a further response to those interrogatories.

[6] The Court selects this date to insure that Defendants have sufficient time to utilize the materials which Plaintiffs must provide them as a result of the granting of Defendants' Motion to Compel Production.