**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. | : | |
| AND MICHAEL MIRANDA | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | C.A. NO. 05-0348L |
| | : | |
| TEAMSTERS LOCAL UNION NO. 430, | : | |
| TEAMSTERS LOCAL UNION NO. 776, | : | |
| DANIEL A. VIRTUE in his capacity as | : | |
| President of Teamster Local Union No. 776 | : | |
| AND JOHN L. FOGLE in his capacity as | : | |
| Secretary of Teamsters Local Union 776, | : | |
| Defendants | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Defendants object to Plaintiff's Motion to Dismiss. Defendants' Memorandum of Law in support of the Objection is submitted herewith.

TEAMSTERS LOCAL UNION NO. 430, et. al.
By their attorneys,

_/s/ Christopher H. Little_______

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
Fax: (401) 521-3555
clittle@lmkbw.com
spomeroy@lmkbw.com

Dated: September 5, 2006

**CERTIFICATION**

I hereby certify that on September 5, 2006, a copy of the foregoing Defendants' Objection to Plaintiffs' Motion to Dismiss Defendant's Counterclaims was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

- **Thomas J. McAndrew**
  tmcandrew@tjmcandrewlaw.com
- **Jeffrey A. Mega**
  jmega@wistbar.com
- **Max Wistow**
  mwistow@wistbar.com jdean@wistbar.com

_/s/ Christopher H. Little_______

F:\MIB\Teamsters\No Atlantic v Teamsters 430\Defts Obj to Mot to Dismiss.doc

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA<br>Plaintiffs | : | |
| v. | : | C.A. NO. 05-0348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE in his capacity as President of Teamster Local Union No. 776 AND JOHN L. FOGLE in his capacity as Secretary of Teamsters Local Union 776,<br>Defendants | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Plaintiffs contend that the Defendants have failed to comply with this Court's Order dated June 16, and that such failure justifies the extraordinary remedy of dismissal of the counterclaims. As is discussed in detail below, Defendants have more than adequately complied with the discovery requests of Plaintiffs.

Plaintiffs originally sought in the motion, considered on June 14, 2006, an order compelling more responsive answers to interrogatories 2, 5, 7, 8, 9, 14 and 15. At hearing Plaintiffs stated that they did not intend to press the motion relative to interrogatories 2, 7, 8 and 9. Therefore, as Plaintiffs acknowledge in their memorandum, this motion concerns interrogatories 5, 15 and 17. (Plaintiffs' Memorandum of Law in Support of Motion to Dismiss Defendants' Counterclaims for Failure to Comply with Discovery Order, n. 2) Plaintiffs also acknowledge that the original response to 17 was never the subject of the motion or even heard before the Court; it is therefore wholly and totally inappropriate for

consideration as a basis for the current motion. The issues before this Court, at this time, thus are whether Defendants adequately responded to interrogatories 5 and 15. In accordance with the Court's order, on August 7, 2006, Defendants filed more responsive answers to interrogatories. A copy of Defendants' Supplemental Response is included behind Tab A.

On August 10, Plaintiffs' counsel advised that he felt that the responses to interrogatories 5, 15, 16 and 17 were incomplete or non-responsive (Tab B). On August 11, Defendants responded with two letters, both of which are attached behind Tab B, explaining how and why the responses to interrogatories 5 and 15 were as complete as Defendants could provide. Defendants offered, nonetheless, to discuss a resolution as to what additional documentation or information could be provided to respond to Plaintiffs' demand. By letter dated August 17, (Tab B) Plaintiffs rejected the offer to attempt to supplement, stating that they were filing their motion. Plaintiffs made it clear that they would file a motion and then decide if it required action by this Court.

Since Plaintiffs' motion was filed, Plaintiffs have conducted the Rule 30(b)(6) deposition of Defendants and also conducted the expert witness deposition of Lorraine Horton, Defendants' accounting expert. Behind Tab C is the deposition notice; Exhibit A includes the topics of the examination. These topics are identical to the interrogatory questions, including interrogatories 5 and 15. On August 22, a 20 page report from Lorraine Horton providing her accounting analysis was provided to Plaintiffs. A copy of that report is appended behind Tab D.

At the Rule 30(b)(6) deposition, extensive inquiry was propounded by Plaintiffs' counsel relevant to topics (6)(a) and (6)(b) which are identical to interrogatories 5(a) and 5(b). In addition to her testimony, and by agreement of the parties, Defendants agreed to prepare

supplemental affidavits to the deposition specifying in detail all relevant costs brought into issue by topics 6(a) and 6(b). Copies of Horton's affidavits (absent detailed backup) are included behind Tab E.[1]

Topic 15 (which is the same as interrogatory 15) overlaps with topic 6. Accordingly, the supplemental affidavits provide further response to this interrogatory as well. Topic 15(a) was not addressed by Plaintiffs in the Rule 30(b)(6) deposition. Apparently they concurred that the supplemental discovery response was adequate. It is clear from a review of the response to interrogatory 15(a) that it does in fact specify the parties from whom money was taken and how it was taken.[2] Extensive documentation and specific accounting records are noted.

**Interrogatory 17**

Even absent an order Defendants issued supplemental responses to the interrogatories. After receiving that supplementation, Plaintiffs asserted for the first time that they were entitled to a more responsive answer to interrogatory 17, which pertains to a letter appended as Exhibit E to their motion. As noted above, having not filed a motion to compel relative to the original answer, bringing the matter before the Court now in the form of a motion to dismiss for failure to reply to a non-existing order regarding this answer is wholly inappropriate.

---

1 Because there had been earlier disagreement by the parties as to the extent of which Defendants had provided Plaintiffs with evidence of shared expenses among the companies, Defendants did agree to produce additional documentation by August 28. On August 25, Defendants' witness, Horton, appeared at deposition ready to produce additional documents and to have them identified on the record. No inquiry was propounded by the Plaintiffs relevant to that issue. By the time Plaintiffs concluded their examination on August 29, Defendants offered the documents as exhibits to get them clearly on the record. Documentation of shared expenses was included in exhibits 4, 5, 6, and 7 of the Horton deposition. This supplements exhibits 4-1 and 4-2 which were exhibits to the Caputo deposition.

2 In asserting the need to take the 30(b)(6) deposition on topics which had been the subject matter on the interrogatories, Plaintiffs argued to this Court that their need for so doing was predicated on the fact that Defendants had failed to respond adequately to interrogatories. Yet, inexplicably when the 30(b)(6) witness appeared and was prepared to testify, no further inquiry was propounded on at least some of the issues now before this Court.

Defendants respectfully ask the Court also to consider this motion in context of the case. Here, Defendants seek to establish that Plaintiffs are liable to satisfy a judgment issued by the federal court in Pennsylvania under the National Labor Relations Act, and Rhode Island corporate alter ego doctrines. Information in Defendants' possession, custody and control has, with few exceptions, come solely from the records produced by Plaintiffs and his and its sister and related companies and their accountants and banks. Virtually all the accounting information has come from Plaintiffs. Certainly, Plaintiffs, who have engaged their own expert witness, are in a position, should they choose to do so, to conduct their own analysis of documents in support of an argument as to why they are not, among other things, single employers or alter egos. They are in a better position to do that than Defendants who must rely on documentation painfully provided in discovery.

Another relevant point is the status of this litigation. This Court's pre-trial order provides that all motions are to be filed within 10 days of closure of discovery, August 28, 2006. By the close of business on September 7, 2006, Defendants will have filed a motion for summary judgment on all claims setting forth those facts which they consider to be relevant for the Court's determination. Simply put, Defendants' claims will have to rise or fall on what they produce to the Court. They will have to submit material facts upon which they rely. None of those material facts will differ from what has already been articulated in the responses to discovery to date, including the expert witness reports.

In light of the responses submitted by Defendants on August 7, 2006 and even more so in light of what has ensued since Plaintiffs filed their motion, there is no basis for Plaintiffs to be pursuing their motion alleging that Defendants have failed to comply with discovery. By

no stretch of the imagination do Plaintiffs allege, much less support, why the draconian sanction of dismissal is warranted.

For the foregoing reasons, Defendants respectfully request that the motion be denied.

TEAMSTERS LOCAL UNION NO. 430, et. al.
By their attorneys,

_/s/ Christopher H. Little_______

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
Fax: (401) 521-3555
clittle@lmkbw.com
spomeroy@lmkbw.com

Dated: September 5, 2006

**CERTIFICATION**

I hereby certify that on September 5, 2006, a copy of the foregoing Defendants' Memorandum of Law in Support of Objection to Plaintiffs' Motion to Dismiss Defendant's Counterclaims was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

- **Thomas J. McAndrew**
  tmcandrew@tjmcandrewlaw.com
- **Jeffrey A. Mega**
  jmega@wistbar.com
- **Max Wistow**
  mwistow@wistbar.com jdean@wistbar.com

_/s/ Christopher H. Little_______

F:\MIB\Teamsters\No Atlantic v Teamsters 430\Memo in support of Defts Obj to Mot to Dismiss.doc