the Miranda Entities failed to respond. On December 4, 2002, Plaintiffs were put on notice when Teamsters 430 personally served a summons and complaint in the Pennsylvania action upon Keith Miranda at 100 Tidal Drive, North Kingstown, Rhode Island. NATCO and the Miranda Entities failed to answer the complaint. Plaintiffs were put on notice when NATCO received notice of the February 27, 2003 entry of default in the Pennsylvania action. Plaintiffs were put on notice when NATCO received notice of the February 28, 2003 default judgment in the Pennsylvania action.

As a single employer and alter egos, Plaintiffs were put on notice when Aldo Caputo and Gary Pannone were personally served with a writ of execution on the Pennsylvania default judgment. Caputo and Pannone were personally served on January 21, 2005. Plaintiffs were put on notice by subpoenas and discovery requests Teamsters 430 issued in connection with the case captioned Teamsters Local Union No. 430 v. North Atlantic Transport Co. of Rhode Island, United States District Court for the District of Rhode Island, Civil Action 05-006 L.

Plaintiffs were put on notice by the counterclaims asserted by Defendants in this action as well. In addition to the foregoing communications, there have been various additional communications between counsel at various times relating to Defendants' efforts to recover on the Pennsylvania default judgment.

Defendants reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

**Supplemental Response to Interrogatory No. 17.**

Answering further, Miranda testified at deposition that he became personally aware of the grievances near the time NATCO ceased operations in York, and that he discussed the matter with Aldo Caputo and legal counsel. Caputo informed Miranda that NATCO owed the money, but Miranda, on the advice of counsel, decided not to pay the obligation. Miranda was personally aware of the demand for arbitration, having learned of it from Caputo or counsel. On the advice of counsel, Miranda decided not to have NATCO defend or appear at the arbitration. Miranda was personally aware of the district court lawsuit in Pennsylvania, having learned of it from Caputo or counsel. On the advice of counsel, Miranda decided not to have NATCO defend or appear in that action.

As to Answers,

Kevin M. Cicak
Business Agent
Teamsters Local Union No. 776

STATE OF PENNSYLVANIA
COUNTY OF BERKS

Subscribed and sworn to before me this 3RD day of August, 2006.

Notary Public
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Sharon R. Long, Notary Public
Wyomissing Boro, Berks County
My Commission Expires Oct. 24, 2009
Member, Pennsylvania Association of Notaries

As to Objections,

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By their Attorneys,

Scott K. Pomeroy

Christopher H. Little (#1789)
clittle@lmkbw.com
Scott K. Pomeroy (#6044)
spomeroy@lmkbw.com
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

Tel: (401) 272-8080
Fax: (401) 521-3555

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7th, 2006, I caused to be served by hand delivery a true copy of the within Supplemental Responses to Interrogatories to each of the following:

Max Wistow, Esq.
Jeffrey A. Mega, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
One Turks Head Place, Suite 205
Providence, RI 02903

Wendy R. Novak

scott/A114/1465