WISTOW & BARYLICK
INCORPORATED
ATTORNEYS AT LAW
61 WEYBOSSET STREET
PROVIDENCE, RHODE ISLAND 02903

MAX WISTOW
JOHN P. BARYLICK
STEPHEN P. SHEEHAN
A. PETER LOVELEY
JEFFREY A. MEGA
MICHAEL J. STEVENSON
MICHAEL R. BOTTARO

TELEPHONE
AREA CODE 401
831-2700

FAX
272-9752

E-MAIL
mail@wistbar.com

August 10, 2006

VIA FACSIMILE - 521-3555
AND REGULAR MAIL

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
Little, Medeiros, Kinder,
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

Re: North Atlantic Distribution, Inc. v. Teamsters Local Union 430, et al.
C.A. No. 05-348L

Dear Mr. Little and Mr. Pomeroy:

I am writing as a follow-up to my telephone conversation with Mr. Little this morning. As I indicated, Plaintiffs will not be moving forward with the 30(b)(6) deposition of Local 430 (as I understand Local 430's designee for all issues will be Ms. Horton) tomorrow morning for two reasons. First, I have had an opportunity to review Defendants' Supplemental Responses to Interrogatories which were supplied to me on this past Monday afternoon. I believe that Local 430's Answers to Interrogatory Nos. 5, 15, 16 and 17 are incomplete and/or unresponsive and as such, do not comply with Judge Martin's June 16, 2006 Order. With regard to Interrogatory Nos. 5 and 15, Local 430 has not responded to the subparts. With regard to Interrogatory No. 16, Local 430 has not given a description and date of each written report prepared by Ms. Horton. I cannot imagine that she has not issued any written report regarding this case. With regard to Interrogatory No. 17, Local 430 has not provided a responsive answer. Please let me know (no later than tomorrow afternoon) if you intend to further supplement these four answers thereby alleviating the necessity of a motion.

Christopher H. Little, Esq.
Scott K. Pomeroy, Esq.
August 10, 2006

In addition, in the interests of efficiency, we intend to re-notice Local 430's 30(b)(6) deposition on a subsequent date so that we can also notice the deposition of Local 430's expert on that same date. As I understand, Ms. Horton will be the deponent in both cases. It is possible that we will be able to take both depositions on one date. With that in mind, I intend to serve two notices of deposition tomorrow (a second amended notice of 30(b)(6) deposition of Local 430 and a notice to depose Ms. Horton as Local 430's expert witness) scheduling both depositions for Monday, August 21, 2006 at 10:00 a.m. If you and/or Ms. Horton are unavailable on that date, we are happy to accommodate your schedules and can conduct the depositions on any date beginning Tuesday, August 22, 2006 through Saturday, August 26, 2006. Please let me know as soon as possible if you have a conflict on August 21, 2006 and provide me with a date which you and Ms. Horton will be available.

Finally, I believe that Rule 26(a)(2)(B) requires that your expert prepare and execute a written report which contains a complete statement of all opinions to be expressed and the basis and reasons therefore, etc. I am requesting that this report be provided to us as soon as possible but not later than three (3) days prior to Ms. Horton's deposition as Local 430's expert.

Very truly yours,

Jeffrey A. Mega

JAM/ni

cc: Thomas McAndrew, Esq. (via facsimile)

LITTLE MEDEIROS KINDER
BULMAN & WHITNEY PC

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney
Henry R. Kates *
George H. Rinaldi *
Scott K. Pomeroy *
Andrew S. Ullucci *
Laura J. Bottaro
Michael D. Williams *

John D. Deacon, Jr. *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

* Also admitted in Massachusetts

August 11, 2006

**Via Facsimile and U.S. Mail**

Jeffrey A. Mega, Esq.
Wistow & Barylick
61 Weybossett Street
Providence, RI 02903

**Re: North Atlantic Distribution, Inc. v. Teamsters Local Union No. 430**

Dear Jeff:

I am writing in response to your correspondence of yesterday, in which you assert with little elaboration that Defendants' responses to certain interrogatories are "incomplete and/or unresponsive."

Interrogatories 5 and 15 seek the factual basis of the allegations contained in paragraphs 18 and 28 of Defendants' counterclaims. Respectfully, we have provided the factual basis for these allegations. Where applicable, we have also identified specific documents produced by Plaintiffs and their accountants that support Defendants' contentions. The subparts of these two interrogatories, to which you refer, purport to require Defendants to provide detailed inventories—by date, amount, and description—of each and every expense or inter-company transaction of the Plaintiffs that might have a bearing on the respective issues. We have not undertaken the substantial expense that would surely be necessary to compile such analyses, nor do we intend to create such exhaustive lists in preparing our case because we do not believe that such an effort is necessary to proving our case. Indeed, we do not have in our possession, for Plaintiffs have not produced, all of the various receipts, records, and invoices that would even be necessary for such an exercise. Nevertheless, in the interest of avoiding unnecessary motion practice, I am willing to discuss with you what additional specific facts or information you believe should be set forth in a supplemental response to see if we reasonably can provide such information.

I believe Mr. Little has already addressed, under separate cover, the issue you raised with respect to Interrogatory 16.

With respect to Interrogatory 17, the interrogatory response provides Defendants' answer to the extent of the information available to Defendants as to the communications that occurred prior to the commencement of the 05-006 L matter. I note that Plaintiffs did not raise any issue of the alleged incompleteness of Defendants' initial response to Interrogatory 17 at the time of their motion to compel. Nevertheless, Defendants supplemented their response with information gleaned from the subsequent depositions. There were, of course, additional communications between the parties' respective counsel *after* the commencement of the 05-006L matter that were not specifically listed in the response—for example, the letter Mr. Little wrote to William O'Gara on June 9, 2005, and the telephone conversation that preceded it, in which Mr. O'Gara said that NATCO was insolvent. To the extent that you want Defendants to attempt to recount, in an interrogatory answer, all of the communications between the respective parties' counsel that transpired during the course the 05-006 L and 05-348 L lawsuits, I suppose we could supplement the response with such information. Please advise if this is what you are now seeking.

Sincerely,

Scott K. Pomeroy

Enclosures

cc: Christopher H. Little, Esq.
Thomas J. McAndrew, Esq.

scott/A114/1479

WISTOW & BARYLICK
INCORPORATED
ATTORNEYS AT LAW
61 WEYBOSSET STREET
PROVIDENCE, RHODE ISLAND 02903

MAX WISTOW
JOHN P. BARYLICK
STEPHEN P. SHEEHAN
A. PETER LOVELEY
JEFFREY A. MEGA
MICHAEL J. STEVENSON
MICHAEL R. BOTTARO

TELEPHONE
AREA CODE 401
831-2700

FAX
272-9752

E-MAIL
mail@wistbar.com

August 17, 2006

VIA FACSIMILE
521-3555

Scott K. Pomeroy, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

Re: North Atlantic Distribution, Inc. and Michael Miranda v. Teamsters Local Union No. 430, et al.
C.A. No: 05-348L

Dear Scott:

I am writing in response to correspondence that I received from you yesterday afternoon. As I understand, you are going to further supplement Local 430's responses to Interrogatory Nos. 5, 15 and 17. As you know, I believe that the information that Plaintiffs are seeking is covered by Judge Martin's order. I appreciate your willingness to supplement the three interrogatories without the necessity of requiring Plaintiffs' to file a Motion to Default Local 430. However, I intend to file a Motion to Default Local 430 this afternoon because of the uncertainty regarding whether your upcoming supplemental responses will fully respond to Plaintiffs' interrogatories and comply with Judge Martin's order combined with the fact that discovery closes in 11 days (you have proposed to provide supplemental answers on the last day of discovery). Hopefully, your upcoming responses will be responsive and we will not have to burden the Court with this matter, however, I cannot simply sit idle given the uncertainty and time restraints. I believe the interrogatories are self-explanatory however, if you have any questions, feel free to contact me.

Your correspondence simply indicates that Local 430 is prepared to provide Plaintiffs with all facts that Local 430 intends to rely upon as well as appropriate citations. Pursuant to the order entered by Judge Martin, Local 430 must provide supplemental answers which fully respond to Interrogatory Nos. 5 and 15, including the queries posed in subparts A and B of each

Scott K. Pomeroy, Esq.
August 17, 2006

interrogatory. The subparts not only require Local 430 to compile a list of items/transactions, but Local 430 is also required to identify, for instance, the company and/or person that the expense should have been allocated to and the amount that should have been allocated to that company/person. In addition, to the extent that Local 430's answers to interrogatories attempt to reference particular documents, such a response is inappropriate (as we previously argued at the hearing) and not in conformance with the order and interrogatories. Your prior attempts to reference documentation is particularly troublesome because many documents contain several entries and we are unable to identify which entries Local 430 relies upon.

I do not understand why you propose to provide this information by August 28, 2006. It is important for Plaintiffs to receive this information **prior to** the deposition of Local 430's expert, Ms. Horton, which is scheduled to take place on Friday, August 25, 2006. In addition, Local 430's 30(b)(6) designee is required to testify about this same information on Friday, August 25, 2006.

With regard to Ms. Parente, there is no question that she has been assisting us. Whether or not she will be a testifying expert and what she will testify to is wholly dependent upon Local 430's expert's report and Local 430's answers to interrogatories, some of which remain unresponsive. The reason that we first need this information is that we are unable to prove a negative to a certainty. Again, we intend to comply with Rule 26 which provides additional time for a "rebuttal" expert report if, in fact, Plaintiffs decide a testifying expert is necessary.

Finally, it is imperative that I immediately receive copies of **all** of the documentation that was recently cited in Local 430's supplemental answers and/or responses. I believe that some documentation has not been provided to date as I outlined in prior correspondence to you. If you are relying upon documentation which has not been supplied to plaintiffs, you are jeopardizing our ability to defend this matter and to take a thorough deposition(s) of Ms. Horton. I would appreciate hearing from you no later than Monday, August 21, 2006 on this issue.

Very truly yours,

Jeffrey A. Mega

JAM/dls