UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC.<br>AND MICHAEL MIRANDA,<br>Plaintiffs, | : | |
| V. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430,<br>TEAMSTERS LOCAL UNION NO. 776,<br>DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776*<br>AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776,*<br>Defendants. | : | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Plaintiffs submit this reply in response to Defendants' Objection To Plaintiffs' Motion To Dismiss Defendants' Counterclaims which was filed with this Court on September 5, 2006. In violation of this Court's June 16, 2006 order compelling Defendants (collectively as "Local 430") to provide more responsive answers to interrogatories propounded by Plaintiffs back on March 2, 2006, Local 430 continues to play a shell game by providing incomplete and unresponsive answers apparently in an attempt to gain the improper advantage of surprise at trial. Plaintiffs have and continue to press Local 430 to provide responsive answers to interrogatory nos. 5 and 15, quoted below, because a full and complete response to those two interrogatories is essential to the proper preparation of Plaintiffs' defense (i.e. it is impossible to prove a negative

to a certainty – in this case Plaintiffs are defending against counterclaims of alter ego, single employer and/or piercing the corporate veil):

**Interrogatory No. 5**

Paragraph No. 18 of Defendants' Counterclaims contains the following allegation:

> NATCO was wrongfully rendered insolvent without regard to outstanding obligations to its employees under the CBA and that management and other expenses properly charged to other entities were allocated to NATCO, thereby rendering it insolvent.

State all facts upon which the allegations contained in paragraph No. 18 are based, including but not limited to:

a. the date and amount of each management expense allocated to NATCO but properly charge[able] to other entities including the identity of the company/person that the expense should have been allocated to and the amount which should have been allocated to that company/person; and
b. the identity, date and amount of every other expense allocated to NATCO but properly charge[able] to other entities including the identity of the company/person that the expense should have been allocated to and the amount which should have been allocated to that company/person.

**Interrogatory No. 15**

Paragraph No. 28 of Defendants' Counterclaims contains the following allegation:

> NATCO's funds were siphoned off by Miranda and other Miranda-owned entities through excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO.

State all facts upon which the allegations contained in paragraph No. 28 are based, including but not limited to:

a. the date, amount and payee of all funds that were siphoned off by Miranda and other Miranda-owned entities; and

b. the date, amount and payee of all excessive management fees, consulting fees, and other expenses wrongfully charged to NATCO.

These interrogatories are identical to two areas of inquiry which were part of Plaintiffs' 30(b)(6) notice of deposition to Local 430 (Exhibit A – nos. 6 and 15). Unfortunately, Plaintiffs have been unable to obtain complete and responsive answers in either format.[1]

As a preliminary matter, Local 430 attempts to besmirch Plaintiffs' by indicating that Plaintiffs made it clear that they would (as characterized by defendants) "file a motion and then decide if it required action by this Court," when faced with defendants' offer to purportedly "discuss a resolution as to what additional documentation or information could be provided to respond to Plaintiffs' demand." (for responsive interrogatory answers). Memorandum in Support of Defendants' Objection to Plaintiffs Motion to Dismiss Defendants' Counterclaims p. 4 (hereinafter, "Local 430's Memo."). It is unfortunate that Local 430 does not put Plaintiffs' Motion To Dismiss Defendants' Counterclaims For Failure to Comply With Discovery Order (hereinafter "Plaintiffs' Motion to Dismiss") in the proper context and even more unfortunate that Plaintiffs' must waste the Courts time defending their decision to file the within motion as opposed to focusing on the merits of this matter. The reality is that on August 16, 2006 (12 days prior to the close of

[1] The 30(b)(6) deposition will be discussed herein only because Local 430 has provided some information in that format and has referenced the information that was provided at the 30(b)(6) deposition as part of Defendants' Objection to Plaintiffs' Motion to Dismiss Defendants' Counterclaims.

discovery), Local 430 ambiguously notified Plaintiffs, “While we do not agree with your characterization of Defendants’ supplemental responses, we are prepared to provide you with all facts we intend to rely on nonetheless,” by August 28, 2006 (the last day of discovery). See attached “Exhibit A.” Given the uncertainty of the responses and the time constraints involved, Plaintiffs notified Local 430 that a motion to dismiss would be filed and that “hopefully, your upcoming responses will be responsive and we will not have to burden the Court with this matter, however, I cannot simply sit idle given the uncertainty and time restraints.” See attached “Exhibit B.”

While Local 430 supplemented its answers to interrogatories on August 7, 2006, it has not supplemented its interrogatory answers subsequent to the filing of Plaintiffs’ Motion to Dismiss.[2] Instead, Local 430 alleges that it has complied by referring this Court to the following discovery which occurred and/or was supplied after Plaintiffs’ Motion to Dismiss was filed: 1. Local 430’s expert report; 2. the 30(b)(6) deposition of Local 430 as well as two affidavits which were submitted by Local 430’s 30(b)(6) designee in response to an agreement which was struck between Plaintiffs and Local 430 at the deposition; and 3. Local 430’s Motion for Summary Judgment which was filed on September 7, 2006.

[2] Plaintiffs rely upon Plaintiffs’ Memorandum of Law in Support of Motion To Dismiss Defendants’ Counterclaims for Failure to Comply with Discovery Order as to why Local 430’s August 7, 2006 supplemental answers to Plaintiffs’ interrogatories remain incomplete and unresponsive.

Local 430's expert, Lorraine Horton, supplied Plaintiffs with her report on August 22, 2006 (the "Expert Report" which is attached as an exhibit to Local 430's Memo.). The report does not even come close to providing the details necessary to answer Plaintiffs' interrogatory nos. 5 and/or 15 which are straightforward and simple. For example, under the section entitled "Other shared expenses," the report simply concludes that "all of the Miranda Entities paid expenses that were incurred by other entities." Expert Report p. 13. The report goes on to indicate, without any detail whatsoever, "There were also other shared expenses...that do not appear to have been booked or allocated between the Miranda Entities in any way..." Expert Report p. 14.

Next, Local 430 directs this Court to the deposition of Local 430's 30(b)(6) designee, Lorraine Horton, which began on August 25, 2006 and concluded on August 29, 2006. Local 430 is correct that extensive inquiry was propounded by Plaintiffs' counsel relevant to topics 6(a) and 6(b) which are identical to interrogatories 5(a) and 5(b), however, despite the fact that the deposition and areas of inquiry were known for months, Ms. Horton was unable and/or unwilling to provide responsive answers. For instance the following exchange occurred:

Q. All right. Now, let's go to number six on the request of the 30(b)(6). You have that. What I'm looking for now is the following, and I'm focusing on 6(b), and I would like to get, I'll read it into the record slowly, "Identify, date and amount of every other expense," that is other than management, as I understand that, right?

A. Yes.

Q. Every other expense allocated to NATCO, but properly chargeable to other entities, including the identity of the company or person the expense should have been allocated to and the amount which should have been allocated to that company or person, and what I'm really asking for right now is a complete listing of those, of each and every expense, the identify, the date, the amount, okay. Can you do that?

A. There are 28,000 pages of documents, there are four corporations, each of which has a detailed general ledger running hundreds of pages of fine print. It would be – it would take months of full-time work for anybody to answer that question in the kind of detail you're asking.

30(b)(6) depo. of Horton pp. 97-8. Instead of getting substantive, detailed answers, the deposition went on and on with Ms. Horton providing generalized conclusive allegations.

As an accommodation to Local 430 because Ms. Horton was unable to provide the necessary detail and in the interest of efficiency, Plaintiffs and Defendants entered into an agreement whereby Ms. Horton was to file two supplemental affidavits[3] attached to which she would append records and highlight the precise transactions that Local 430 was relying upon in support of its claims (as its answer to exhibit 6(b) of the 30(b)(6), which is identical to interrogatory 5(b)). At that point Plaintiffs believed that they had made all progress necessary to have a complete and accurate answer to interrogatory no. 5(b). However, it became readily apparent at the very end of the 30(b)(6) deposition that

[3] Ms. Horton indicated that there were two types of expenses – i.e. 1. those charged to NATCO that due to an absence of what she considered to be satisfactory documentation, she cannot opine whether the expenses may or may not be legitimate; and 2. those expenses which she believes have been improperly charged to NATCO.

Local 430 did not intend to be bound by the supplemental affidavits. At the direction of Local 430's attorneys, Ms. Horton produced five folders of documentation totaling 527 pages which were marked as exhibit nos. 4 through 7. When asked "what is this," by Plaintiffs' counsel, Local 430's counsel replied "this is in furtherance of communication that I had with Mr. Mega stating that we would provide all of the examples without need for a motion, so we provided them."[4] 30(b)(6) Depo. of Horton p. 243. The 527 pages of documentation is simply "raw material" (i.e. spreadsheets with numerous business entries) of which Plaintiffs have no way of determining which entries Local 430 is relying upon. Even more troublesome was Ms. Horton's response when asked "and are those the totality of the documents you relied on," to which she responded, "no...I relied on all 28,000 Bates documents." 30(b)(6) Depo. of Horton p. 256. Instead of being pinned down regarding the exact transactions and/or series of transactions that Local 430 is relying upon in support of the assertions contained directly in its counterclaims, Local 430 continues to be non-committal setting the stage to ambush Plaintiffs at trial.

Local 430 acknowledges that Exhibit A no. 15 (which is identical to interrogatory no. 15) of Plaintiffs' 30(b)(6) notice of deposition was not even addressed at the deposition. Local 430's Memo. p. 5. However, it

[4] Mr. Little was apparently referring to correspondence sent from Local 430's attorneys to Plaintiffs' attorneys dated August 16, 2005 regarding interrogatory nos. 5 and 15 which stated, "While we do not agree with your characterization of Defendants' supplemental responses, we are prepared to provide you with all facts we intend to rely on nonetheless."

erroneously asserts that Plaintiffs "apparently...concurred that the supplemental discovery response [30(b)(6) topic Exhibit A –no. 6(b)] was adequate." Id. Of course, Plaintiffs are in fact entitled to a response to interrogatory no. 15.

Finally, with regard to Local 430's Motion for Summary Judgment which was filed on September 7, 2006, it is absurd for Local 430 to assert that its "claims will have to rise or fall on what they produce to the Court." Local 430's Memo. p. 6. It is elementary that a party will not be limited per se to the contents of a Motion for Summary Judgment. Local 430's Memorandum in Support of Defendants' Motion for Summary Judgment alleges, "There are many instances in the accounting records of personal expenses for Miranda (or members of his immediate family) being paid by the Miranda-owned corporations." Memorandum in Support of Defendants' Motion for Summary Judgment, p. 21. The memorandum goes on to provide some specific examples which Local 430 is relying upon (i.e. the very detail that Plaintiffs' interrogatories require but which Local 430 has refused to provide):

> Examples include: a 1999 invoice for $18,000 for kitchen appliances, large landscaping equipment and nursery items purchased, auto insurance purchased for family members...

The time has passed for Local 430 to provide Plaintiffs with concrete and complete answers to interrogatory nos. 5 and 15[5] so that Plaintiffs have a fair opportunity to defend against Local 430's counterclaims. Local 430 has violated this Court's June 16, 2006 Order compelling the discovery currently sought by Plaintiffs. The remedy sought by Plaintiffs (i.e. the dismissal of the three counterclaims pending against Plaintiffs) is well within this Court's discretion as Local 430 has severely undermined Plaintiffs' ability to defend against the counterclaims in this matter.

[5] Plaintiffs also addressed Interrogatory No. 17 in their Motion to Dismiss. Plaintiffs requested and continue to request that this Court order Local 430 to provide a more responsive answer to this interrogatory.

Plaintiffs,
North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

/s/Max Wistow____________________
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

/s/ Jeffrey A.Mega________________
Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
jam@wistbar.com

/s/ Thomas J. McAndrew_________
Thomas J. McAndrew (#1001)
One Turks Head Place, Suite 205
Providence, RI 02903
(401) 455-0330 (Telephone)
(401) 455-0882 (Facsimile)
tmcandrew@tjmcandrewlaw.com

DATED: September 14, 2006

**CERTIFICATION**

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 14th day of September, 2006, to the following:

Christopher H. Little, Esq.
clittle@lmkbw.com

/s/Max Wistow____________________
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com