# EXHIBIT A

LITTLE MEDEIROS KINDER
BULMAN & WHITNEY PC

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney *
Henry R. Kates *
George H. Rinaldi *
Scott K. Pomeroy *
Andrew S. Ullucci *
Laura J. Bottaro
Michael D. Williams *

John D. Deacon, Jr. *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

* Also admitted in Massachusetts

August 16, 2006

**Via Facsimile and U.S. Mail**

Jeffrey A. Mega, Esq.
Wistow & Barylick
61 Weybossett Street
Providence, RI 02903

**Re: North Atlantic Distribution, Inc. v. Teamsters Local Union No. 430**

Dear Jeff:

I am writing in response to the several letters we received late yesterday afternoon and earlier today.

With respect to Interrogatories 5 and 15, I am writing to advise you that we will provide you with a statement of all of the facts that we are relying on for the allegations referenced by the interrogatories by August 28th along with appropriate citations. As I indicated earlier, we neither have the documents from Plaintiffs nor feel the need to undertake analyses beyond the facts that we expect to rely upon to prove our case. While we do not agree with your characterization of Defendants' supplemental responses, we are prepared to provide you with all facts we intend to rely on nonetheless.

With respect to Interrogatory 16, I am writing to confirm that Ms. Horton has not issued a written report. She has prepared various workpapers that we will make available to you at the time we provide you with a copy of her report. Can you please confirm whether you expect Ms. Parente to be a testifying expert, and if so, when we will receive a copy of her report.

We note that prior communications between the parties' current counsel were referenced in our initial response to Interrogatory 17, which was not a subject of your motion to compel. We understand your recent letter as a request that we include such communications that post-date the 05-006L and 05-348L actions in our response to Interrogatory 17, and we will supplement.

72 Pine Street Providence, RI 02903 (401) 272-8080 fax (401) 521-3555
43 Thorndike Street Cambridge, MA 02141 (617) 494-8070

www.lmkbw.com

In different letters you refer to some documents that may have been inadvertently omitted from our prior productions. The paralegal that is responsible for documents in this case is out of the office this week. We will double-check with her and get back to you early next week to ensure that we provide you with copies of the documents you cited.

You also take issue with the volume of documents that we have identified in our supplemental document responses. With respect to the single employer and alter ego theories in this case, we will be relying on all of the documents that we cited in our response, including those that were marked at the Aldo Caputo and Michael Miranda depositions. Indeed, that is why we marked them. While some of the deposition exhibits—*e.g.*, the loan closing documents—are quite voluminous, we believe that such documents and the transactions they evidence do support our contentions in this case.

With respect to our reliance on portions of the general ledger, we used our accountant's terminology to refer to only those portions of the very lengthy general ledger detail that we expect to rely on. From our description of specific accounts, your accounting expert should be able to discern which portions of the general ledger we have identified. We do not understand why you believe we must also provide specific bates numbers.

We trust that this resolves the issues that you have raised. We will be in touch with you early next week regarding copies of the specific additional documents that you requested. If after consulting with your accounting expert, she is in need of additional guidance as to the applicable portions of the general ledger we have identified, please advise us.

Sincerely,

Scott K. Pomeroy

cc: Christopher H. Little, Esq.
Thomas J. McAndrew, Esq.

scott/A1 14/1482

# EXHIBIT B

WISTOW & BARYLICK
INCORPORATED
ATTORNEYS AT LAW
61 WEYBOSSET STREET
PROVIDENCE, RHODE ISLAND 02903

MAX WISTOW
JOHN P. BARYLICK
STEPHEN P. SHEEHAN
A. PETER LOVELEY
JEFFREY A. MEGA
MICHAEL J. STEVENSON
MICHAEL R. BOTTARO

TELEPHONE
AREA CODE 401
831-2700

FAX
272-9752

E-MAIL
mail@wistbar.com

August 17, 2006

VIA FACSIMILE
521-3555

Scott K. Pomeroy, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903

Re: North Atlantic Distribution, Inc. and Michael Miranda v. Teamsters Local Union No. 430, et al.
C.A. No: 05-348L

Dear Scott:

I am writing in response to correspondence that I received from you yesterday afternoon. As I understand, you are going to further supplement Local 430's responses to Interrogatory Nos. 5, 15 and 17. As you know, I believe that the information that Plaintiffs are seeking is covered by Judge Martin's order. I appreciate your willingness to supplement the three interrogatories without the necessity of requiring Plaintiffs' to file a Motion to Default Local 430. However, I intend to file a Motion to Default Local 430 this afternoon because of the uncertainty regarding whether your upcoming supplemental responses will fully respond to Plaintiffs' interrogatories and comply with Judge Martin's order combined with the fact that discovery closes in 11 days (you have proposed to provide supplemental answers on the last day of discovery). Hopefully, your upcoming responses will be responsive and we will not have to burden the Court with this matter, however, I cannot simply sit idle given the uncertainty and time restraints. I believe the interrogatories are self-explanatory however, if you have any questions, feel free to contact me.

Your correspondence simply indicates that Local 430 is prepared to provide Plaintiffs with all facts that Local 430 intends to rely upon as well as appropriate citations. Pursuant to the order entered by Judge Martin, Local 430 must provide supplemental answers which fully respond to Interrogatory Nos. 5 and 15, including the queries posed in subparts A and B of each

Scott K. Pomeroy, Esq.
August 17, 2006

interrogatory. The subparts not only require Local 430 to compile a list of items/transactions, but Local 430 is also required to identify, for instance, the company and/or person that the expense should have been allocated to and the amount that should have been allocated to that company/person. In addition, to the extent that Local 430's answers to interrogatories attempt to reference particular documents, such a response is inappropriate (as we previously argued at the hearing) and not in conformance with the order and interrogatories. Your prior attempts to reference documentation is particularly troublesome because many documents contain several entries and we are unable to identify which entries Local 430 relies upon.

I do not understand why you propose to provide this information by August 28, 2006. It is important for Plaintiffs to receive this information **prior to** the deposition of Local 430's expert, Ms. Horton, which is scheduled to take place on Friday, August 25, 2006. In addition, Local 430's 30(b)(6) designee is required to testify about this same information on Friday, August 25, 2006.

With regard to Ms. Parente, there is no question that she has been assisting us. Whether or not she will be a testifying expert and what she will testify to is wholly dependent upon Local 430's expert's report and Local 430's answers to interrogatories, some of which remain unresponsive. The reason that we first need this information is that we are unable to prove a negative to a certainty. Again, we intend to comply with Rule 26 which provides additional time for a "rebuttal" expert report if, in fact, Plaintiffs decide a testifying expert is necessary.

Finally, it is imperative that I immediately receive copies of **all** of the documentation that was recently cited in Local 430's supplemental answers and/or responses. I believe that some documentation has not been provided to date as I outlined in prior correspondence to you. If you are relying upon documentation which has not been supplied to plaintiffs, you are jeopardizing our ability to defend this matter and to take a thorough deposition(s) of Ms. Horton. I would appreciate hearing from you no later than Monday, August 21, 2006 on this issue.

Very truly yours,

Jeffrey A. Mega

JAM/dls