# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NORTH ATLANTIC DISTRIBUTION, INC.; and MICHAEL MIRANDA,

Plaintiffs,

v.

TEAMSTERS LOCAL UNION NO. 430; TEAMSTERS LOCAL UNION NO. 776; DANIEL A. VIRTUE, in his Capacity as President of Teamsters Local Union No. 776; and JOHN L. FOGLE, in his Capacity as Secretary of Teamsters Local Union No. 776,

Defendants.

C.A. No. 05-348 L

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF PLAINTIFFS' EXPERT CATHERINE PARENTE, OR IN THE ALTERNATIVE, TO ALLOW DOCUMENT AND DEPOSITION DISCOVERY OF PLAINTIFFS' EXPERT CATHERINE PARENTE**

Defendants Teamsters Local Union No. 430, Teamsters Local Union No. 776, Daniel A. Virtue, and John L. Fogle (collectively "Local 430") move for an order precluding Plaintiffs North Atlantic Distribution, Inc. and Michael Miranda (collectively "Plaintiffs") from presenting at trial the report or other testimony of Catherine Parente, their expert witness, or in the alternative, an order requiring Plaintiffs to produce all of the documents and other materials that Ms. Parente considered or relied upon in forming the opinions contained in her report and to make Ms. Parente available for a deposition, if necessary, after this Court's disposition of the now pending motions for summary judgment.

There is good cause to allow this motion because Plaintiffs did not provide a copy of Ms. Parente's Rule 26(a)(2) report until four weeks after the court-ordered close of discovery. Even

if Ms. Parente's opinions and testimony are not excluded, Local 430 should nevertheless have an opportunity to understand and challenge the basis for Ms. Parente's opinions.

Under this Court's pretrial order, as modified, discovery closed in this case on August 28, 2006.[1] Although Local 430 requested that Plaintiffs provide a copy of Plaintiffs' expert report and make her available for a deposition prior to the close of discovery, Plaintiffs said at that time that they had not yet determined whether or not Ms. Parente would be a testifying expert. Subsequently, on September 22, 2006, Plaintiffs provided a copy of Ms. Parente's expert report, disclosing for the first time that Plaintiffs do intend to offer her as a testifying expert. Upon receiving Ms. Parente's report, Local 430 asked that Plaintiffs agree to provide copies of the documents that Ms. Parente considered or relied upon and to make her available for a deposition. However, on October 10th, Plaintiffs refused that request. In the event that this case is not resolved on summary judgment,[2] either the exclusion of Ms. Parente's opinions or the requested discovery and an opportunity to depose Ms. Parente will be necessary to ensure fairness and avoid surprise at trial.

Under the Rules of Civil Procedure, a party is required to disclose the identity of its testifying experts and provide a written report containing the expert's opinions and the basis for those opinions. *See* Fed. R. Civ. P. 26(a)(2)(A) and (B). According to the rules,

> These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is set to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by

---

[1] Under the pretrial order dated October 27, 2005, discovery was set to close on April 28, 2006. This discovery deadline was twice extended, ultimately to August 28, 2006, by this Court's order of June 16, 2006.

[2] Plaintiffs have until November 10, 2006, to file their papers in opposition to Local 430's pending motion for summary judgment.

> another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

Fed. R. Civ. P. 26(a)(2)(C). Rule 26 goes on to expressly authorize depositions of testifying experts, but only after the written report required under Rule 26(a)(2)(B) has been provided:

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

Rule 26(a)(4)(A). As the First Circuit has repeatedly explained, the purpose of the expert disclosure rules is "to facilitate a fair contest with the basic issues and facts disclosed to the fullest possible extent," and thereby "prevent unfair tactical advantage." Poulis-Minot v. Smith, 388 F.3d 354, 358 (1st Cir. 2004)(internal quotes omitted); Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001); Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992).

The Court's October 27, 2005 pretrial order set the date by which "all pretrial discovery" is to "be completed." Thus, under that order, as modified, the disclosure of all testifying experts, and their Rule 26(a)(2)(B) reports, should have been made on or before August 28, 2006. Plaintiffs' disclosure of their testifying expert was untimely because it was made four weeks after the court-ordered close of discovery.

In refusing to stipulate to a deposition or document discovery of Ms. Parente, Plaintiffs contend that their disclosure was timely because trial may still be more than ninety days away, or alternatively, because Ms. Parente's report is solely for rebuttal purposes. However, Plaintiffs' reliance on the ninety- and thirty-day deadlines set forth in Rule 26(a)(2)(C) is misplaced because such deadlines apply only "[i]n the absence of other directions from the court or stipulation . . . ." *Id.* Here, the Court has given other directions—specifically, that "all pretrial

discovery be completed" by August 28, 2006. Moreover, a review of Ms. Parente's 23-page, single-spaced report and its 51 pages of exhibits shows that the report is not intended "solely to contradict or rebut" Local 430's expert. *See* Exhibit A. Plaintiffs brought this suit seeking, in Count I of their Complaint, a declaratory judgment that they are not liable to Local 430 for the judgment debt of North Atlantic Transport Co. of Rhode Island ("NATCO") under labor law's single employer doctrine or any other legal theory. Throughout her report, Ms. Parente offers opinions that are clearly intended to support Plaintiffs' claim for declaratory relief, and she concludes,

> The Companies, NORAD, NATCO, MAP and VSG, transacted business with each other and had commonalities. In my professional opinion, they were all operated as individual business entities. Also, in my professional opinion, the creditors of NATCO were not harmed by any activity noted by Ms. Horton in her report and affidavits.

Exhibit A at 23. As is obvious, Ms. Parente's expert conclusions relate directly to the substance of Plaintiffs' Count I, and thus her report cannot fairly be characterized as "solely" for rebuttal purposes.

Even assuming, *arguendo*, that Plaintiffs disclosed their expert and her report in a manner that was technically within the time required by Rule 26(a)(2)(C), Local 430 should nevertheless be allowed to conduct discovery to understand and challenge the opinions of Plaintiffs' expert. Prior to the close of discovery, Local 430 had requested the opportunity to depose Plaintiffs' expert, but Ms. Parente's report, whether timely or not, was not disclosed until after the close of discovery. In light of Rule 26(a)(4)(A), which forbids depositions until after the disclosure of a testifying expert's report, and the purpose of the expert discovery rules as repeatedly expressed by the First Circuit, *see*, *e.g.*, Poulis-Minot, 388 F.3d at 358, the Court should allow Local 430 the opportunity to review the documents and information that Ms. Parente considered or relied

upon and to depose her if Local 430 determines that a deposition is necessary after its review of such materials.

The discovery and deposition that Local 430 requests will not interfere with the Court's trial schedule. Pursuant to this Court's order of September 19, 2006, the parties' pretrial memoranda are currently due, if necessary, thirty days after the Court rules on the pending summary judgment motions. If, after its review of the documents and information Ms. Parente considered in preparing her report, Local 430 determines that a deposition of Ms. Parente is necessary, Local 430 anticipates that her deposition can be completed not later than seven days before pretrial memoranda are due, and, as such, the Court's trial schedule would not be affected.

For the foregoing reasons, Local 430 asks that the Court order that Ms. Parente's expert report and her testimony be excluded at trial, or in the alternative, Local 430 asks for an order that:

(1) Plaintiffs shall produce by November 30, 2006, copies of all of the documents and other materials that Ms. Parente considered or relied upon in forming the opinions contained her report; and

(2) Plaintiffs shall make Ms. Parente available for a deposition, if Local 430 so chooses, to be noticed and conducted after this Court's disposition of the pending motions for

summary judgment and completed not later than seven days prior to the due date for pretrial memoranda should the Court determine that this case needs to go to trial.

Respectfully submitted,

TEAMSTERS LOCAL UNION NO. 430;
TEAMSTERS LOCAL UNION NO. 776;
DANIEL A. VIRTUE, in his Capacity as
President of Teamsters Local Union No. 776;
and JOHN L. FOGLE, in his Capacity as
Secretary of Teamsters Local Union No. 776,

By Their Attorneys,

______________________________

Christopher H. Little (#1789)
Scott K. Pomeroy (#6044)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
Fax (401) 521-3555
Email: clittle@lmkbw.com,
spomeroy@lmkbw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this ____ day of October 2006, I caused a true copy of the within Memorandum in Support of Motion to Exclude the Report and Testimony of Plaintiffs' Expert Catherine Parente, or in the Alternative, to Allow Document and Deposition Discovery of Plaintiffs' Expert Catherine Parente to be filed electronically with the Court's CM/ECF system and thereby served upon each of the following via email:

Max Wistow, Esq. (mw@wistbar.com)
Jeffrey A. Mega, Esq. (jam@wistbar.com)
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Thomas J. McAndrew, Esq.
(tmcandrew@tjmcandrewlaw.com)
One Turks Head Place, Suite 205
Providence, RI 02903

_______________________________

scott/A114/1516