UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | : | |
| vs. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776*, Defendants. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION REGARDING EXPERT DISCOVERY**

Now come the plaintiffs North Atlantic Distribution, Inc. and Michael Miranda hereby objecting to Defendants' (collectively "Local 430") Motion for Leave to File Motion Regarding Expert Discovery. As grounds therefore, Plaintiffs assert that such a motion will be futile as is discussed in Plaintiffs' Memorandum of Law in Opposition to Local 430's Motion for Leave to File Motion Regarding Expert Discovery.

Plaintiffs,
North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

/s/Max Wistow
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

/s/ Jeffrey A.Mega
Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
jam@wistbar.com

/s/ Thomas J. McAndrew
Thomas J. McAndrew (#1001)
One Turks Head Place, Suite 205
Providence, RI 02903
(401) 455-0330 (Telephone)
(401) 455-0882 (Facsimile)
tmcandrew@tjmcandrewlaw.com

**CERTIFICATION**

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 19th day of October, 2006, to the following:

Christopher H. Little, Esq.
clittle@lmkbw.com

/s/Max Wistow___________________

Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC. AND MICHAEL MIRANDA, Plaintiffs, | : | |
| vs. | : | C.A. NO: 05-348L |
| TEAMSTERS LOCAL UNION NO. 430, TEAMSTERS LOCAL UNION NO. 776, DANIEL A. VIRTUE *in his capacity as President of Teamsters Local Union No. 776* AND JOHN L. FOGLE *in his capacity as Secretary of Teamsters Local Union No. 776*, Defendants. | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION REGARDING EXPERT DISCOVERY**

Plaintiffs North Atlantic Distribution, Inc. ("NORAD") and Michael Miranda ("Miranda") object to Defendants' (collectively "Local 430") Motion for Leave to File Motion Regarding Expert Discovery as such a motion is futile. Local 430's motion is in actuality a disguised attempt to circumvent this Court's order which closed discovery in this case on August 28, 2006. Local 430 seeks permission to file a motion with this Court which seeks to either exclude the report and testimony of Plaintiffs' expert Catherine Parente ("Parente") or in the alternative, allow document and deposition discovery of Parente despite the fact that discovery closed in this case on August 28, 2006. Pursuant to Judge Lagueux's pre-trial order, leave of Court is required for all motions filed more than 10 days

after the close of discovery. Local 430's attempted attack is two-fold:

1. Local 430 asserts that Parente's rebuttal report was not timely; and

2. Local 430 asserts that Parente's report is not solely rebuttal.

A cursory review of the facts reveals that Parente's expert report was timely filed, that her report is solely for rebuttal purposes and Local 430's failure to take Parente's deposition and document discovery prior to the Court ordered closure of discovery in the case at bar is ascribable solely to itself.

## I. FACTS

Briefly, this Court's original pre-trial order which was entered on October 27, 2005 did not address the issue of expert reports. See Exhibit A. The order did, however, state that all pre-trial discovery was to be completed by April 28, 2006. Id. On April 4, 2006, Local 430 filed a Consented to Motion to Extend Pre-Trial Order Deadline by Sixty Days (i.e. up to and including June 27, 2006). See Exhibit B. In that request, Local 430 represented that the only remaining discovery consisted of "some additional written discovery and a few depositions of key witnesses." Id. The close of discovery was extended a second time, to August 28, 2006, pursuant to a June 16, 2006 order entered by the Honorable Judge Martin. See Exhibit C.

In correspondence dated August 10, 2006, Plaintiffs' attorney notified Local 430's attorney that Plaintiffs believed that Rule 26(a)(2)(B)

required that Local 430's expert prepare and execute a written report and further requested that such report be provided as soon as possible as the deposition of Local 430's expert, Lorraine Horton ("Horton"), had previously been scheduled. See Exhibit D. In correspondence dated August 11, 2006, Local 430's attorney acknowledged that "**Judge Lagueux's pre-trial order, as amended, does not provide a date for expert disclosures**." See Exhibit E. Local 430's attorney's correspondence went on to indicate that "we assume that Ms. Horton's report is now due if she is to testify as an expert." Id. Finally, Local 430's attorneys indicated that "if Ms. Parente is engaged as an expert, we would expect the **same construction of Rule 26(a)(B)(2)** would be applied to Ms. Parente as you seek for Ms. Horton and that you will provide us with disclosures without need for a specific interrogatory or request therefore." Id. (Emphasis added). In correspondence dated August 11, 2006, Plaintiffs' attorney advised Local 430's attorney that Plaintiffs believed that Horton's expert report "is now due and it is actually possibly overdue if she is to testify as an expert in this matter." See Exhibit F. Finally, Plaintiffs' attorney advised Local 430's attorney that Plaintiffs "**intend to fully comply with Rule 26** as it relates to testifying experts." Id. (Emphasis added).

On August 22, 2006, only six days prior to the close of discovery in this matter, Local 430's expert report of Horton was forwarded to Plaintiffs. Tellingly, Local 430 makes no mention of this fact in its

proposed motion. Plaintiffs forwarded the "rebuttal report of Catherine M. Parente" to Local 430 on September 21, 2006, within the thirty-day time period prescribed in Rule 26(a)(2)(C). Finally on September 25, 2006, four days later, Local 430 entered into a consent order which acknowledged that discovery was closed in this case.[1] See Exhibit G.

## II. ARGUMENT

### A. Plaintiffs' Expert Report Was Filed In A Timely Manner

The pre-trial order in the case at bar did not address the issue of when expert reports were to be exchanged. Local 430's attorneys acknowledged that fact in their August 11, 2006 correspondence which indicates as follows:

> Judge Lagueux's pre-trial order, as amended, does not provide a date for expert disclosures.

See Exhibit E. In addition, all of the correspondence relating to expert report disclosures exchanged between the parties specifically reference Rule 26. Despite these flat-out admissions, Local 430's attorneys now want to ignore the expert disclosure timeframe set forth in Rule 26 of the Federal Rules of Civil Procedure Rule 26(a)(2)(C), which was followed by Plaintiffs, specifically indicates:

> [I[n the absence of other directions from the Court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, **if the evidence is intended solely**

[1] As recent as yesterday, Local 430 was updating its non-responsive answers to interrogatories in accordance with the consent order.

> **to contradict or rebut evidence on the same subject matter identified by another party under Paragraph 2(B), within 30 days after the disclosure made by the other party**.
> Fed. R. Civ. P. 26(a)(2)(C). (Emphasis added).

Local 430's argument that the pre-trial order entered in this case, which does not even address the timing of expert report disclosures, as opposed to Rule 26, which specifically addresses the time for expert report disclosures, is wrong and is inconsistent with the written position taken by the Union on August 11, 2006 as quoted above. If Local 430's revised interpretation were correct, it could (and did in this case) file their expert report just prior to the close of discovery, thereby providing Plaintiffs' expert with little or no time to prepare a rebuttal report.

In other words, if the Court were to adopt the Unions present argument, Plaintiffs would have had six (6) days to file a rebuttal report. If they filed on the day before closure, Plaintiffs would have had 1 day (the actual Parente report is 23 pages – single-spaced).

B. Plaintiffs' Report Is Exclusively A Rebuttal Report

Local 430's second argument is that Parente's report is not intended "solely to contradict or rebut" Local 430's expert. A cursory review of the two experts' reports reveals that Local 430's position is without merit.[2] First, it is notable that Plaintiffs are in essence

[2] Local 430 first made this allegation in correspondence to Plaintiffs on October 10, 2006. Plaintiffs sent correspondence which stated, "In an effort to resolve this issue without the Court's intervention, I am requesting that you point out which information you consider to be 'non-rebuttal.'" Instead of responding to Plaintiffs, Local 430 filed the present motion.

Defendants in the case at bar. Plaintiffs filed the within Complaint for Declaratory Judgment after being threatened that NORAD and possibly Miranda were being pursued to satisfy a judgment that Local 430 obtained solely against a third corporation, NATCO. Plaintiffs Complaint for Declaratory Judgment requests a declaration of Miranda and NORAD's rights including whether they are responsible to satisfy the default judgment obtained solely against NATCO in the United States District Court for the Middle District of Pennsylvania. It was the defendant, Local 430, that asserted three counterclaims against Plaintiffs which seek in excess of $2.4 million from Miranda and NORAD based upon the theories of single employer and/or alter ego liability. Local 430 carries the burden of proof for such counterclaims as Plaintiffs cannot be expected to prove a negative to a certainty. At most, as part of its prima facie case on the "alter ego" issue regarding declaratory judgment, Plaintiffs would introduce evidence of the existence of NATCO as a corporate entity, leaving it to the Union to establish the reasons that such separate corporate existence should be disregarded. Indeed, this is the very essence of the Unions' counterclaim.

A cursory review of the two experts' reports displays that Parente simply addresses the areas addressed by Horton in the same order as is addressed in Horton's report. For instance, Ms. Horton's report addresses the following subjects:

Integration of Miranda entities - p. 5
Indirect payment of officers employment earnings – p. 7

NATCO employees paid salaries and benefits by NORAD – p. 7
Informal sharing of employees – p. 7
General ledger accounts to track inter-company transactions – p. 8
Loans to Miranda – p. 8
Joint loans – p. 9
Joint leases of car hauling trucks and other equipment – p. 10
NORAD guarantee and payment of NATCO, VSG and MAP lease obligations – p. 12
NORAD's bad debt deductions and continued payment of other companies obligations – p. 12
Shared insurance policies – p. 12
NORAD's detailed general ledger of its accounts receivable from NATCO – p. 13
Other shared expenses – p. 13
Inter-company sales and interdependence on common customers – p. 16
Management fees – p. 17
Miranda's personal use of corporate assets – p. 18
Discretionary nature of income and expense allocations – p. 19
Redemption of Friedman shares under capitalization and allocation of consulting expense – p. 20
Continuity and inter-company transactions after cessation of NATCO, MAP and VSG operations – p. 20
Miranda's personal payment of corporate obligations – p. 20
NATCO's income in 2001 – p. 20
Communications with others as a single integrated enterprise – p. 20

Plaintiffs have enclosed the Table of Contents of Parente's expert report. See Exhibit H. A comparison of the Table of Contents of Parente's expert report as well as the headings identified in Horton's expert report reveals that Parente's report is, in fact, exclusively a rebuttal report and Local 430's assertion that it is not is without merit[3].

Local 430 only directs this Court to two sentences contained in Parente's report as proof of its assertion:

[3] Plaintiffs have not attached the expert reports as exhibits because the reports contain extremely sensitive and confidential information, which falls within the Stipulation and Protective Order entered by this Court on or about February 1, 2006. If the Court is inclined to review the reports, Plaintiffs are more than willing to file the expert reports under seal

> The companies, NORAD, NATCO, MAP and VSG transacted business with each other and had commonalities. In my professional opinion, they were all operated as individual business entities. Also, in my professional opinion, the creditors of NATCO were not harmed by any activity noted by Ms. Horton in her report and affidavits.

To be put in the proper context, however, it must be pointed out that the Parente expert report contains this assertion merely to rebut the following conclusion in the Horton expert report:

> From an accounting perspective, the Miranda entities – NORAD, NATCO, MAP and VSG – were all operated as divisions of a single integrated business which Miranda used for his own personal benefit.

The portion of Parente's report relied upon by Local 430 actually supports Plaintiffs' position that it is merely rebuttal, when put into the proper context.

C. Local 430's Problem Is Self-Inflicted

Local 430's proposed motion goes on to indicate that even if Plaintiffs' expert report was timely filed and was solely for the purposes of rebuttal, Local 430 should be allowed to take document and deposition discovery. Plaintiffs disagree because Local 430's present situation is 100% of its own making. As a result of the Consented to Motion to Extend Pre-Trial Order Deadlines by 60 Days which Local 430 filed on April 4, 2006, the Court extended discovery through June 28, 2006. Thereafter, a second extension resulted in the present August 28, 2006 closure date. Notwithstanding those facts, Local 430 did not file its

expert report until six days before the closure of discovery. All Local 430 had to do to ensure it would have received Plaintiffs' expert report prior to this Court's discovery closure deadline (and consequently the ability to depose Parente) was to file Local 430's expert report more than 30 days prior to the close of discovery). Plaintiffs would have been required to forward a rebuttal report within 30 days thereafter according to Rule 26. Instead, Local 430 chose not to do so causing its current problem.

## III. CONCLUSION

Plaintiffs respectfully request that Local 430's Motion for Leave to File Motion Regarding Expert Discovery be denied based upon the fact that such a motion would be futile.

Plaintiffs,
North Atlantic Distribution, Inc. and
Michael Miranda
By their Attorneys

/s/Max Wistow___________________
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com

/s/ Jeffrey A.Mega________________
Jeffrey A. Mega (#6441)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
jam@wistbar.com

/s/ Thomas J. McAndrew_________
Thomas J. McAndrew (#1001)
One Turks Head Place, Suite 205
Providence, RI 02903
(401) 455-0330 (Telephone)
(401) 455-0882 (Facsimile)
tmcandrew@tjmcandrewlaw.com

**CERTIFICATION**

I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 19th day of October, 2006, to the following:

Christopher H. Little, Esq.
clittle@lmkbw.com

/s/Max Wistow
Max Wistow (#0330)
Wistow & Barylick Incorporated
61 Weybosset St.
Providence, RI 02903
(401) 831-2700 (Telephone)
(401) 272-9752 (Facsimile)
mw@wistbar.com