# EXHIBIT E

LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney *
Henry R. Kates *
George H. Rinaldi *
Scott K. Pomeroy *
Andrew S. Ullucci *
Laura J. Bottaro
Michael D. Williams *

John D. Deacon, Jr. *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

* Also admitted in Massachusetts

August 11, 2006

**VIA FACSIMILE (272-9752)**

Jeffrey A. Mega, Esquire
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903

**RE: NORAD-NATCO/Teamsters 430**

Dear Mr. Mega:

I am writing in response to your letter of August 10, 2006, which was received just before 5:00 p.m. yesterday.

First, the Rule 30(b)(6) deposition was noticed originally for August 8. At the time that you noticed the deposition, you were aware, pursuant to Judge Martin's order, that the supplemental answers to interrogatories and response to request for production of documents were not due until August 7. At Max's request, we agreed to move the deposition to August 11, based upon the statement that you needed more time to review the discovery responses before taking Ms. Horton's deposition. You have now sought to move the deposition to yet another date. When you raised the issue with me during a telephone call yesterday, I advised you that I had prior depositions scheduled for August 22 and August 23 and I am out of the office for much of August 21 and August 24. Inasmuch as the deposition you wish to take will presumably take much of the day, I believe that the only date during the week of August 21 that we could be available is August 25. Due to other commitments, I am not willing to conduct a deposition on Saturday, August 26. I am also available, as is my witness, on August 18.

Your purported reasons for yet another delay are unsupported by the record. When we were before Judge Martin on June 14, Max argued strenuously that he needed an immediate 30(b)(6) deposition because of our alleged failure to provide adequate answers to interrogatories. In that hearing, we clearly indicated that Ms. Horton was an expert and would be our 30(b)(6) designee and Max agreed to accept her as the designee. Certainly not later than June 14, it was clear beyond a doubt that she was the expert on our behalf and would be testifying on behalf of

our client. Nonetheless, at the time you issued the 30(b)(6) deposition notice, you failed to notice her deposition as an expert.

Having said that, we are prepared to make Ms. Horton available for a deposition as an expert on August 18 or August 25. The deposition would be held on the same day as the 30(b)(6) deposition to be taken of Local 430.

In your letter, you requested pursuant to Rule 26(a)(B)(2) Ms. Horton's report. As we advised you in the answers to interrogatories, she has not prepared a report as of date. Until recently, we did not consider it likely that she would need to testify in this proceeding. In the interest of prudence, we have formally disclosed that she may offer opinion testimony.

We note that the rule to which you refer indicates that the disclosures of expert reports shall be made at the times and in the sequence directed by the Court. In absence of other directions from the Court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

Judge Lagueux's pre-trial order, as amended, does not provide a date for expert disclosures. His order, however, provides that after 10 days from close of discovery, the case is subject to being called for trial on 24-hour notice. In that light, we assume that Ms. Horton's report is now due if she is to testify as an expert. In this regard, we observe that you recently provided notice that Catherine Parente has been engaged as an expert on your behalf. Certainly, if Ms. Parente is engaged as an expert, we would expect that the same construction of Rule 26(a)(B)(2) would be applied to Ms. Parente as you seek for Ms. Horton and that you will provide us with disclosures without need for a specific interrogatory or request therefor. Should you fail to do so, we will object to any expert testimony by Ms. Parente.

Moreover, we also anticipate that you would make her available after our receipt of her disclosure for a deposition, should that, in our judgment, be considered necessary. In this light, we will be requesting Ms. Horton to prepare a report and we will provide it to you by August 22, 2006. If you believe that you are not prepared to accord a comparable interpretation of Rule 26(a)(B)(2), I suggest that you contact us in order that we can attempt to reach a stipulation, providing for reciprocal treatment of experts.

Jeffrey A. Mega, Esquire
August 11, 2006
Page 3

As to your views that the interrogatory responses remain incomplete, I anticipate that you will hear separately from Mr. Pomeroy in this regard.

Very truly yours,

Christopher H. Little

CHL:mib

cc: Scott K. Pomeroy, Esquire

F:\MIB\Teamsters\No Atlantic v Teamsters 410\ltr to Mega 081106.doc